James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Counsel for Lead Plaintiff Movant Brian E.*
*Bennett and Proposed Co-Lead Counsel for*
*the Putative Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant Brian E.*
*Bennett and Proposed Co-Lead Counsel for*
*the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,<br><br>Defendants. | Case No. 2:22-cv-00854-JXN-JBC<br><br>**BRIAN E. BENNETT'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant Brian E. Bennett ("Bennett") submits this memorandum of law in opposition to the five competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 19, 20, 21, 22, 23).

## I.    BENNETT SHOULD BE APPOINTED AS CO-LEAD PLAINTIFF TO REPRESENT THE SECTION 14(a) CLAIM

Six movants filed competing motions for appointment as lead plaintiff and approval of lead counsel. The motions were filed by Bennett (Dkt. No. 18);[1] the El Paso Firemen & Policemen's Pension Fund (the "El Paso Fund") (Dkt. No. 19); Shawn Yu ("Yu") (Dkt. No. 20); KNS Holdings LLC DBPP UA Jan. 1, 2016 ("KNS") (Dkt. No. 21); Jenny Ann Zeng, Tong Zhou, and ChunSheng Song (the "Zeng/Zhou/Song Group") (Dkt. No. 22); and Adam Sanchez ("Sanchez") (Dkt. No. 23).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") directs courts to appoint the "most adequate plaintiff" as lead plaintiff, and provides a rebuttable presumption that the most adequate plaintiff is the person or group of persons with the "largest financial interest in the relief sought by the class" who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In most cases, this process is relatively straight-forward because there is a single primary claim brought on behalf of a common class. This is not such a case. The complaint in this action alleges two distinct claims—one under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and one under Section 14(a) of the Exchange Act. Dkt. No. 1 ¶ 1. And the two claims are brought on behalf of two distinct classes. *Id.* It appears that all movants, except for

---

[1] Bennett's motion requested approval of Glancy Prongay & Murray LLP as Lead Counsel and Carella, Byrne, Cecchi, Olstein, Brody & Agnello, P.C. as Liaison Counsel for the putative class. *See* Dkt. No. 18. Bennett now seeks approval of the firms as Co-Lead Counsel.

Bennett, only have standing to assert the Section 10(b) claim, and therefore have a financial interest only in that claim. Bennett has standing for both claims. As such, the other movants would likely favor the Section 10(b) claim over the Section 14(a) claim. In such cases, courts have appointed co-lead plaintiffs to ensure that both classes are adequately protected.

Since Bennett is the only movant who has standing to pursue the Section 14(a) claim, he should be appointed co-lead plaintiff.

### A. This Action Alleges Distinct Claims on Behalf of Distinct Classes Under Section 10(b) and Section 14(a) of the Exchange Act

The Section 10(b) and Section 14(a) classes and claims are distinct, and do not overlap. The Section 10(b) class consists of "all persons or entities that purchased or otherwise acquired Butterfly securities between February 16, 2021 and November 15, 2021." Dkt. No. 1 ¶ 1. The Section 14(a) class consists of "all holders of Butterfly common stock as of the [January 15, 2021] record date for the special meeting of shareholders held on February 12, 2021 to consider approval of the merger between Longview and Butterfly . . . and entitled to vote on the [m]erger." *Id.* ¶¶ 1, 58. The Section 14(a) claim does not apply to any shares purchased after January 15, 2022, and the Section 10(b) claim does not apply to any shares purchased before February 16, 2022. As such, the claims do not overlap. Moreover, the elements of the claims are different:

> To state a claim for relief under section 10(b), a plaintiff must plead facts demonstrating that (1) the defendant made a materially false or misleading statement or omitted to state a material fact necessary to make a statement not misleading; (2) the defendant acted with scienter; and (3) the plaintiff's reliance on the defendant's misstatement caused him or her injury.
>
> . . .
>
> To state a claim under section 14(a), a plaintiff must aver that (1) a proxy statement contained a material misrepresentation or omission which (2) caused the plaintiff injury and (3) that the proxy solicitation itself, rather than the particular defect in the solicitation materials, was an essential link in the accomplishment of the transaction.

*California Pub. Employees' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143-44 (3d Cir. 2004).

Notably, "[i]n contrast to section 10(b) . . . scienter is not a necessary element in alleging a section 14(a) claim." *Id.* This difference alone is sufficient to warrant appointing a co-lead plaintiff to represent the non-scienter-based claim. *See Wang v. Athira Pharma, Inc.*, No. 21-cv-861, 2021 WL 4726458, at *3 (W.D. Wash. Oct. 5, 2021) (holding "a class member with standing to assert [non-scienter-based] claims should also be appointed as a co-lead plaintiff" since, for the movant with standing to pursue only the scienter-based claim, "an inability to prove scienter would be dispositive" and "is likely to be a focus of attention in this action").

**B.    Appointing Bennett Will Ensure the Section 14(a) Class Is Represented by an Individual Who Has Standing to Pursue the Section 14(a) Claim**

Bennett is the only movant who can allege the Section 14(a) claim. As demonstrated in Bennett's certification and financial interest analysis filed with his motion (Dkt. No. 18-2 at 8-11), Bennet purchased 4,515 shares prior to the January 15, 2021 record date for an aggregate $95,883.87 and held those shares through the merger vote. As such, Bennet is a member of the Section 14(a) class, and has a financial interest in the Section 14(a) claim.

No other movant has standing to pursue the Section 14(a) claim. The El Paso Fund began purchasing shares on March 17, 2021, after the merger. *See* Dkt. No. 19-2 at 8. Yu began purchasing shares on February 16, 2021, after the merger. *See* Dkt. Nos. 20-5, 20-6. KNS began purchasing shares on February 18, 2021, after the merger. *See* Dkt. No2. 21-3, 21-4. The Zeng/Zhou/Song Group first acquired Butterfly shares on February 16, 2021, after the merger. *See* Dkt. No. 22-3 at 22. And Sanchez began purchasing shares on March 22, 2021, after the merger. *See* Dkt. No. 23-4.

3

If the court-appointed class representatives lack standing to pursue the Section 14(a) claim, the Defendants will successfully move to dismiss the Section 14(a) claim for lack of standing. As such, appointing Bennett as a co-lead plaintiff will ensure that the Section 14(a) class and claim is protected. *Athira*, 2021 WL 4726458, at *3 (appointing movant with Section 11 standing as co-lead plaintiff with another movant that only had standing for the Section 10(b) claim).

### C.    Conflicts Between the Section 10(b) Class and the Section 14(a) Class Warrant Appointing Bennett as a Co-Lead Plaintiff to Protect the Section 14(a) Class

The other lead plaintiff movants have zero financial incentive to pursue the Section 14(a) claim. As such, if Bennet is not appointed as co-lead plaintiff there will be no assurance that the Section 14(a) class is fairly and adequately represented. For example, if there were settlement negotiations between the lead plaintiff and Defendants, the Section 14(a) claimants would not have a representative with a financial interest aligned with their own, and therefore could not be confident any agreed plan of allocation appropriately allocates the recovery between the Section 10(b) and Section 14(a) claims. Courts appoint co-lead plaintiffs in analogous circumstances. *See, e.g.*, *In re Oxford Health Plans, Inc., Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (appointing co-lead plaintiffs "ensures that the interests of all class members will be adequately represented in the prosecution of the action and in the negotiation and approval of a fair settlement, and that the settlement process will not be distorted by the differing aims of differently situated claimants"); *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2003 WL 23955714, at *3 (S.D. Cal. Jan. 30, 2003) (appointing co-lead plaintiffs to represent Section 10(b) and Section 11 claims where "a large portion of [one movant's] trading appears to give rise to section 10(b) claims, if any, and not

4

the section 11 claims" which "calls into question [his] incentive to vigorously pursue recovery on behalf of the section 11 claimants").[2]

The Court has the opportunity here, at the outset, to foreclose all such issues by exercising its authority to appoint Bennett as a co-lead plaintiff. Accordingly, Bennet respectfully requests that the Court appoint Bennett as a co-lead plaintiff to represent the Section 14(a) claim.

## II.    CONCLUSION

For the foregoing reasons, Bennett respectfully requests that the Court enter an order: (1) appointing Bennett as co-lead plaintiff; (2) approving Bennett's selection of co-lead counsel; and (3) denying the competing motions insofar as they seek appointment of a single lead plaintiff that lacks standing to pursue the Section 14(a) claim.

---

[2] Beyond avoiding conflicts and standing issues, courts also appoint co-lead plaintiffs to protect the class from potential certification issues, provide strategic flexibility, and ensure the class is represented by investors with unique perspectives. *See In re Lucent Techs., Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 483 (D.N.J. 2001) (finding that appointing a co-lead plaintiff would provide "additional representation [that] may benefit the class and provide flexibility, if needed, in the future"); *Johnson v. Pozen Inc.*, No. 07-cv-599, 2008 WL 474334, at *3 (M.D.N.C. Feb. 15, 2008) ("[A] Co–Lead Plaintiff structure will provide a diversity of representation and also protect the interests of the class at class certification in the event that either Rodriguez or the Pension Fund later leaves the action for whatever reason."); *Laborers Local 1298 Pension Fund v. Campbell Soup Co.*, No. 00-cv-152, 2000 WL 486956, at *3 (D.N.J. Apr. 24, 2000) (appointing co-lead plaintiffs "since each may bring a unique perspective to the litigation").

DATED: May 2, 2022                    Respectfully submitted,

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

By:   *s/ Donald A. Ecklund*
James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994 -1700

*Counsel for Brian E. Bennett and Proposed Co-Lead Counsel for the Putative Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Brian E. Bennett and Proposed Co-Lead Counsel for the Putative Class*

6