SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) BUTTERFLY NETWORK, INC. F/K/A ) LONGVIEW ACQUISITION CORP., ) et al., ) ) Defendants. ) ) | No. 2:22-cv-00854-JXN-JBC CLASS ACTION EL PASO FIREMEN & POLICEMEN'S PENSION FUND'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF MOTION DAY:   May 16, 2022 |

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ...................................................................................1

II.  ARGUMENT ........................................................................................3

  A.  KNS Has Not Demonstrated that It Satisfies Rule 23's
      Requirements..............................................................................5

  B.  KNS Is Subject to Unique Defenses as a Result of Its
      Post-Disclosure Purchases...........................................................9

  C.  The "Most Adequate Plaintiff" Presumption Which Lies in
      Favor of the Pension Fund Cannot Be Rebutted..................................13

  D.  The Remaining Movants Do Not Qualify for the PSLRA's
      Presumption...............................................................................16

III.  CONCLUSION....................................................................................16

- i -

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*,
_ U.S. _, 137 S. Ct. 2042 (2017)...........................................................................9

*Camp v. Qualcomm Inc.*,
2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ........................................................5

*China Agritech, Inc. v. Resh*,
_ U.S. _, 138 S. Ct. 1800 (2018)..........................................................................9

*City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*,
2020 WL 2614703 (S.D.N.Y. May 22, 2020) ......................................................5

*Faris v. Longtop Fin. Techs. Ltd.*,
2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011).......................................................12

*Gary Plastic Pkg. Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
903 F.2d 176 (2d Cir. 1990),
*abrogated on other grounds by Microsoft Corp. v. Baker*,
_ U.S. _, 137 S. Ct. 1702 (2017)........................................................................10

*George v. China Auto. Sys., Inc.*,
2013 WL 3357170 (S.D.N.Y. July 3, 2013).........................................................9

*Gross v. AT&T Inc.*,
2019 WL 7759222 (S.D.N.Y. June 24, 2019) ......................................................5

*In re Boeing Co. Aircraft Sec. Litig.*,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) .......................................................5

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ...................................................................*passim*

*In re DVI Inc. Sec. Litig.*,
249 F.R.D. 196 (E.D. Pa. 2008)............................................................................9

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002).......................................................................10

- ii -

**Page**

*In re Gentiva Sec. Litig.*,
  281 F.R.D. 108 (E.D.N.Y. 2012)......................................................................14

*In Re: Kwan Fan, Shelley Fan*,
  No. 2:10-bk-10182 (Ariz. Bankr. Ct.) ..............................................................8

*In re Petrobras Sec. Litig.*,
  104 F. Supp. 3d 618 (S.D.N.Y. 2015) ..............................................................10

*In re Safeguard Scis.*,
  216 F.R.D. 577 (E.D. Pa. 2003)....................................................................2, 12

*In re Snap Inc. Sec. Litig.*,
  2019 WL 2223800 (C.D. Cal. Apr. 1, 2019) ....................................................12

*In re Spectranetics Corp. Sec. Litig.*,
  2009 WL 1663953 (D. Colo. June 15, 2009) .....................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
  2021 WL 358611 (D.N.J. Feb. 1, 2021) ...........................................................15

*In re Vicuron Pharm., Inc. Sec. Litig.*,
  225 F.R.D. 508 (E.D. Pa. 2004).......................................................................14

*Johnson v. Geico Gas Co.*,
  673 F. Supp. 2d 255 (D. Del. 2009)...................................................................8

*Juliar v. SunOpta Inc.*,
  2009 WL 1955237 (S.D.N.Y. Jan. 30, 2009) ...................................................14

*Karp v. Diebold Nixdorf, Inc.*,
  2019 WL 5587148 (S.D.N.Y. Oct. 30, 2019)..................................................5, 8

*Malasky v. IAC/InteractiveCorp*,
  2004 U.S. Dist. LEXIS 25832 (S.D.N.Y. Dec. 21, 2004) ................................14

*McDermid v. Inovio Pharm., Inc.*,
  467 F. Supp. 3d 270 (E.D. Pa. 2020)................................................................10

4866-0410-6270.v1

**Page**

*McLeod v. InnovAge Holding Corp.*,
No. 1:21-cv-02770-WJM-SKC (D. Colo. Apr. 11, 2022).................................15

*Mulquin v. Nektar Therapeutics*,
2019 WL 1170774 (N.D. Cal. Mar. 13, 2019) ...................................................15

*Mustafin v. GreenSky, Inc.*,
No. 1:18-cv-11071-AKH (S.D.N.Y. Oct. 22, 2021) ...........................................15

*Pelletier v. Endo Int'l PLC*,
316 F. Supp. 3d 846 (E.D. Pa. 2018)..................................................................3

*Perez v. HEXO Corp.*,
2020 WL 905753 (S.D.N.Y. Feb. 25, 2020) ........................................................5

*Rocco v. Nam Tai Elecs., Inc.*,
245 F.R.D. 131 (S.D.N.Y. 2007) .......................................................................10

*Semerenko v. Cendant Corp.*,
223 F.3d 165 (3d Cir. 2000) ................................................................................9

*Smajlaj v. Brocade Commc'ns Sys. Inc.*,
2006 WL 7348107 (N.D. Cal. Jan. 12, 2006).......................................................7

*Vaitkueviene v. Syneos Health, Inc.*,
No. 5:18-cv-00029-H-KS (E.D.N.C. May 29, 2018) .........................................15

*Wynn Las Vegas, LLC v. Kwan Fan*,
No. A-10-609482-C (Nev. Dist. Ct. Clark Cty.) .................................................8

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B)(iii)(I).........................................................................................1
§78u-4(a)(3)(B)(iii)(I)(cc) .................................................................................13

- iv -

**Page**

## LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N.............14
S. Rep. No. 104-98 (1995), r*eprinted in* 1995 U.S.C.C.A.N..............................14

4866-0410-6270.v1

## I.    INTRODUCTION

On April 18, 2022, six lead plaintiff motions were filed by investors seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA").[1]   The PSLRA provides that courts are to "adopt a presumption that the most adequate plaintiff" is the person that "has the largest financial interest in the relief sought by the class" *and* "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Only the Pension Fund satisfies *both* prongs of the PSLRA's test.

| Movant | Entity Type | PSLRA Certification Signed By | Claimed Losses | % of Shares Purchased After "Fraud" Was Revealed |
|---|---|---|---|---|
| The Pension Fund | Public Pension Fund | Executive Director | $329,394.49 | 0% |
| Jenny Ann Zeng, Tong Zhou, and ChunSheng Song | Individuals | Self | $101,500 | < 5% |
| Adam Sanchez | Individual | Self | $67,468.88 | 0% |
| Brian E. Bennett | Individual | Self | $47,200.83 | 0% |
| Shawn Yu | Individual | Self | $46,957.36 | 0% |
| KNS | ???? | "trustee *and/or* administrator" | $497,083.34 | 44.44% |

---

[1]   The movants are: (1) El Paso Firemen & Policemen's Pension Fund (ECF 19) (the "Pension Fund"); (2) KNS Holdings LLC DBPP UA Jan. 1, 2016 (ECF 21) ("KNS"); (3) Jenny Ann Zeng, Tong Zhou, and ChunSheng Song (ECF 22); (4) Adam Sanchez (ECF 23); (5) Shawn Yu (ECF 20); and (6) Brian E. Bennett (ECF 18).

4866-0410-6270.v1

Although KNS claims to have suffered a larger financial interest than the Pension Fund, KNS cannot be appointed as lead plaintiff because the record is devoid of the information with which the Court could make the *prima facie* finding of typicality and adequacy mandated by the PSLRA and the Third Circuit. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001). KNS' deficient showing is exacerbated by the fact that it conflates itself with Mr. Kwan Fan, who executed KNS' PSLRA Certification, purports to be acting on KNS' behalf, and who attempts to make the required *prima facie* showing by providing information about ***himself*** without explaining anything about ***KNS***. What's worse, Mr. Fan himself appears uncertain as to what KNS is and what his own relationship is to it. *See* ECF 21-3 (purporting to be KNS' "trustee ***and/or*** administrator"). KNS' opacity at this early stage of the litigation is troubling.

KNS' ability to serve as lead plaintiff is further undermined by unique reliance defenses it will be subject to because nearly half of its shares were purchased – according to its ***own*** theory of the case – ***after the complete disclosure*** of defendants' alleged misstatements and omissions to the market. *See In re Safeguard Scis.*, 216 F.R.D. 577, 582 (E.D. Pa. 2003) (denying class certification because "Lead Plaintiff Adal increased his holdings in Safeguard stock even after public disclosure of the alleged fraud").

4866-0410-6270.v1

In contrast, the Pension Fund suffered approximately $330,000 in losses on its purchases of Butterfly Network Inc. ("Butterfly") stock, did not purchase any shares following the disclosure of defendants' alleged fraud, is both typical and adequate, and, as an institutional investor with prior experience serving as a lead plaintiff in securities cases and recovering tens of millions of dollars for injured investors, is the quintessential lead plaintiff envisioned by the PSLRA. *Cendant*, 264 F.3d at 243-44. Because none of the movants claiming a larger financial interest than the Pension Fund satisfy the PSLRA's other requirements for appointment as lead plaintiff, their motions should be denied.

## II. ARGUMENT

"[T]he goal of the Reform Act's lead plaintiff provision is to locate a person or entity whose sophistication and interest in the litigation are sufficient to permit that person or entity to function as an active agent for the class." *Cendant*, 264 F.3d at 266. Thus, a district court is charged with appointing a lead plaintiff "whom it 'determines to be most capable of adequately representing the interests of class members.'" *Pelletier v. Endo Int'l PLC*, 316 F. Supp. 3d 846, 848 (E.D. Pa. 2018).[2] Importantly, the PSLRA "does not permit courts simply to 'presume' that the movant with 'the largest financial interest in the relief sought by the class' satisfies

---

[2]  Unless otherwise noted herein, all emphasis is added and citations are omitted.

4866-0410-6270.v1

the typicality and adequacy requirements." *Cendant*, 264 F.3d at 264. Rather, it is the movant's burden to "state[] a *prima facie* case of typicality and adequacy." *Id*. And, "[i]n conducting the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements, the court may and should consider the pleadings that have been filed, the movant's application, and any other information that the court requires to be submitted." *Id.*

In making this assessment, "courts should consider whether [the movant] 'has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.'" *Id.* at 265 (alteration added and in original). And, after doing so, "***a court might conclude that the movant with the largest losses could not surmount the threshold adequacy inquiry if it lacked legal experience or sophistication***." *Id.*

"If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should explain its reasoning on the record (so that appellate courts will have an adequate basis for review) and disqualify that movant from serving as lead plaintiff." *Id.* at 267. "The court should then identify the movant with the next largest loss, consider whether that movant satisfies Rule 23's requirements, and repeat this process until a presumptive lead plaintiff is identified." *Id.*

- 4 -

4866-0410-6270.v1

### A.    KNS Has Not Demonstrated that It Satisfies Rule 23's Requirements

District courts around the country have increasingly required movants to proffer sufficient information about who they are to enable courts to determine that the movant possesses a baseline level of financial and legal sophistication sufficient to allow them to be an effective fiduciary to the entire class of investors.[3] Non-natural persons, like KNS, are not exempt from this requirement. *See Gross v. AT&T Inc.*, 2019 WL 7759222, at *2 (S.D.N.Y. June 24, 2019) (Denying lead plaintiff

---

[3]    *Perez v. HEXO Corp.,* 2020 WL 905753, at *2-*3 (S.D.N.Y. Feb. 25, 2020) (finding "vague" declaration that nonetheless provided movant's residence, education, and investment experience was not a sufficient "proxy for the movant's financial and legal sophistication and, in turn, the likelihood that the movant will play a meaningful role in limiting the 'lawyer-driven litigation that the PSLRA was designed to curtail'"); *City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, 2020 WL 2614703, at *2 (S.D.N.Y. May 22, 2020) (declining to appoint movant whose testimony revealed that he "lacks meaningful litigation experience . . . combined with career experience that appears to have no bearing on the management of securities litigation, undermine his claim that he can 'meaningfully oversee and control the prosecution of this consolidated class action'"); *Karp v. Diebold Nixdorf, Inc.*, 2019 WL 5587148, at *6 (S.D.N.Y. Oct. 30, 2019) (Denying lead plaintiff to movant with larger financial interest who "ha[d] provided the Court with little to go on with respect to their alleged capacity to manage this litigation."); *In re Boeing Co. Aircraft Sec. Litig.*, 2019 WL 6052399, at *5 (N.D. Ill. Nov. 15, 2019) (rejecting lead plaintiff motion where the "complete dearth of information accompanying the Wangs' lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation potentially involving thousands of claims for tens, or perhaps hundreds, of millions of dollars"); *Camp v. Qualcomm Inc.*, 2019 WL 277360, at *3 (S.D. Cal. Jan. 22, 2019) (noting that the competing movant "failed to include any basic details about himself, including where he lives or who he is specifically in his motion," the court found "it difficult to determine whether Singh would indeed be a typical plaintiff for the class").

- 5 -

status to an investment entity when it was "an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation.").

Despite the fact that a lead plaintiff motion was filed in KNS' name, the only information provided to the Court about KNS is an imprecise sworn representation by Mr. Fan that he is its "trustee **and/or** administrator." The need for additional information about **KNS** is made worse by internal contradictions, ambiguities, and oddities in KNS' PSLRA Certification (ECF 21-3) and Mr. Fan's Declaration (ECF 21-6), which raise significant questions as to what KNS is (a limited liability corporation, a trust, a bank account?) whether Mr. Fan has sole authority to act on its behalf, and whether Mr. Fan understands that he did not file a motion in his individual capacity.

For one thing, Mr. Fan himself appears confused as to whether he is KNS' administrator, trustee, or both. ECF 21-3 at 1 (declaring that he is KNS' "trustee and/or administrator"). Which is it? Mr. Fan also appears confused whether a lead plaintiff motion is being filed on his behalf or on behalf of KNS. *Compare* ECF 21-6 at ¶1 (Mr. Fan stating that his declaration is being made in support of KNS' lead plaintiff motion) *with* ¶5 ("I decided to seek lead plaintiff appointment . . . ."; *and* ¶6 ("I . . . authorized the firm to file a lead plaintiff motion **on my behalf**."). The murky relationship between KNS and Mr. Fan leaves the Court much to untangle

- 6 -

and it "would be improper simply to disregard the legal distinction between [Mr. Fan] and the separate legal entity of [KNS]." *In re Spectranetics Corp. Sec. Litig.*, 2009 WL 1663953, at *5 (D. Colo. June 15, 2009) (declining to "conflate the interests of two distinct legal entities," one of which moved, the other of which – the one with the financial interest – did not).  Simply put, there are "too many questions surrounding [KNS'] standing, authority, transparency, and structure that may give rise to unique defenses and are atypical of the class as a whole." *Smajlaj v. Brocade Commc'ns Sys. Inc.*, 2006 WL 7348107, at *3 (N.D. Cal. Jan. 12, 2006).

The dearth of information available about KNS raises a parade of questions that must be answered before it is placed in a fiduciary position of trust to absent class members: What type of entity is KNS?  Where does KNS' money come from?  Who makes KNS' decisions?  On the present record, it is impossible for the Court or other movants to even begin to attempt to make the typicality and adequacy determination required by the PSLRA.  Without the timely submission of such basic information, KNS has not made the Rule 23 showing required of it and cannot trigger the PSLRA's presumption.

The need for additional color regarding KNS' status and viability is particularly pressing in light of Mr. Fan's 2010 bankruptcy proceedings in which he claimed assets of $10,800 (excluding his real property, which was fully encumbered by the secured claims of creditors), annual income of $50,000, and unsecured debts

- 7 -

of $287,400 (which included a $60,000 gambling debt to the Wynn Las Vegas casino and an additional $10,000 in penalties and legal costs stemming therefrom.). *See* Ex. 1 at 21 (attached hereto); *see generally Wynn Las Vegas, LLC v. Kwan Fan*, No. A-10-609482-C (Nev. Dist. Ct. Clark Cty.); *In Re: Kwan Fan, Shelley Fan*, No. 2:10-bk-10182 (Ariz. Bankr. Ct.). On these facts, Mr. Fan's failure to provide any information about KNS and certainty as to his relationship thereto precludes KNS' candidacy. *Karp*, 2019 WL 5587148, at *5 (disqualifying lead plaintiff that could not establish that it was "'removed from the issues surrounding'" its "bankruptcy proceedings"); *Johnson v. Geico Gas Co.*, 673 F. Supp. 2d 255, 279 (D. Del. 2009) (bankruptcy petition and other cases that raise question about a movant's "financial dealings" call into question its adequacy to serve as class representative).

Appointing KNS would have potentially disastrous effects for the class by prejudicing the class's case in front of a jury and undermining the ability of that (impaired) lead plaintiff to negotiate vigorously on behalf of the class. The harm to absent class members in the event of denial of class certification due to a class representative who is either subject to unique defenses is certainly not speculative, particularly in light of recent Supreme Court decisions that would make it impossible to revive absent class members' claims if any of these unknown individuals were to withdraw as the lead plaintiff or the class representative after such claims have

- 8 -

become time-barred.  *See Cal. Pub. Emps.' Ret. Sys. v. ANZ Sec., Inc.*, _ U.S. _, 137 S. Ct. 2042 (2017); *China Agritech, Inc. v. Resh*, _ U.S. _, 138 S. Ct. 1800 (2018).

It is simply too risky to install an unknown movant – one who is confused about his own role, no less – as the sole fiduciary acting on behalf of the putative class in this case.

### B.      KNS Is Subject to Unique Defenses as a Result of Its Post-Disclosure Purchases

Another, independently-disqualifying barrier that precludes KNS from leading this case is that it is subject to serious unique defenses as a result of purchasing a disproportionately large amount of its Butterfly shares on November 15, 2021 – after *it* maintains that the full truth was revealed to the market (and at a *lower* price than KNS alleges that Butterfly shares were trading at *after* the market had time to absorb the news).  *See* ECF 21-1 at 7-8.

As many courts have held, "post-disclosure purchases may defeat an investor's attempt to utilize the fraud on the market presumption, such as when a disproportionately large percentage of the investor's purchases are made *after* a curative disclosure."  *In re DVI Inc. Sec. Litig.*, 249 F.R.D. 196, 204 n.13 (E.D. Pa. 2008) (emphasis in original); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 181-82 (3d Cir. 2000) (discussing this defense).[4]  And, "where unique defenses are asserted

---

[4]  *George v. China Auto. Sys., Inc.*, 2013 WL 3357170, at *6 (S.D.N.Y. July 3, 2013) ("[a] named plaintiff who has engaged in a post-disclosure purchase is subject

- 9 -

. . . 'whether these defenses will be successful is of no matter. The fact that plaintiffs will be subject to such defenses renders their claims atypical of other class members.'" *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 456 (S.D. Tex. 2002); *McDermid v. Inovio Pharm., Inc.*, 467 F. Supp. 3d 270, 280 (E.D. Pa. 2020) ("Whether Inovio will ultimately raise – let alone prevail on – such a defense is unclear. But given that almost sixty percent of the Inovio Group's purchases occurred on March 9, the Court worries that the specter of this reliance defense will hinder the Group's ability to adequately represent the class.").

The complaint alleges that defendants' misstatements were exposed on November 15, 2021, when Butterfly published a press release announcing its financial results for the third quarter of 2021 and held a corresponding earnings call.

---

to the defense that the alleged misstatements or omissions were really not a factor in the purchasing decision but rather that other investment considerations drove the decision"); *Gary Plastic Pkg. Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179-80 (2d Cir. 1990) (affirming decision that plaintiff "was an inappropriate class representative since its claim is subject to several unique defenses including its continued purchases of [securities] through [defendant] despite having notice of, and having investigated, the alleged fraud"), *abrogated on other grounds by Microsoft Corp. v. Baker*, _ U.S. _, 137 S. Ct. 1702 (2017); *Rocco v. Nam Tai Elecs., Inc.*, 245 F.R.D. 131, 136 (S.D.N.Y. 2007) ("[T]his Court has consistently held that 'a person that increases his holdings in a security after revelation of an alleged fraud involving that security is subject to a unique defense that precludes him from serving as a class representative.'"); *In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 623 (S.D.N.Y. 2015) (rejecting movant group where a member's post-disclosure "transactions raise serious questions regarding [its] reliance on the alleged misrepresentations and omissions").

- 10 -

*See* ECF 1 at ¶¶7-8.[5]  The complaint further alleges that this news caused Butterfly's stock price to decline "$1.08 per share, or 12.55%, to close at $7.52 per share on November 15, 2021." *Id.* at ¶55.  The November 15, 2021 press release and earnings call are the only loss causation events alleged in the complaint or referenced by KNS.

The problem for KNS is that the press release was published and the earnings call was completed ***before the market opened at 9:30 a.m. EST on November 15, 2021***.[6]  In other words, all 27,500 shares that KNS purchased on November 15, 2021 were at prices ***lower*** than the $7.52 per share price that KNS itself claims Butterfly shares dropped to once the truth was revealed:

| Date | Price | Shares Purchased | Percentage of Total CP Purchased (61,897 Shares) |
|---|---|---|---|
| 11/15/2021 | $7.40 | 13,500 | 21.82% |
| 11/15/2021 | $6.97 | 10,700 | 17.29% |
| 11/15/2021 | $6.96 | 3,300 | 5.33% |
| **Total** | | **27,000** | **44.44%** |

---

[5]   *See also id.* at ¶¶52-55 ("The Truth Emerges" section alleging Butterfly's November 15, 2021 press release and conference call as the corrective disclosure in the case).

[6]   https://www.businesswire.com/news/home/20211115005705/en/Butterfly-Network-Reports-Third-Quarter-2021-Financial-Results (Butterfly's November 15, 2021 press release published on *Business Wire* at 8:00 a.m. EST on November 15, 2021);   https://www.fool.com/earnings/call-transcripts/2021/11/15/butterfly-network-inc-bfly-q3-2021-earnings-call-t/ (transcript of November 15, 2021 earnings call reflecting that it began at 8:30 a.m. EST and concluded by 9:24 a.m. EST).

- 11 -

KNS' purchases of ***almost half*** of its total Butterfly shares after it maintains that the truth was revealed suggests that it "invested in [Butterfly] securities notwithstanding notice of defendants' misstatements and omissions." *Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at \*8 (S.D.N.Y. Oct. 4, 2011); *Safeguard*, 216 F.R.D. at 582 ("Defendants have shown that Lead Plaintiff Adal increased his holdings in Safeguard stock even after public disclosure of the alleged fraud. Lead Plaintiff Adal would have made – and in fact did – purchase stock regardless of the fraudulent omission. Adal's purchases also raise serious doubts as to the materiality of the alleged fraud disclosures.").

KNS (and therefore any class that it is appointed to represent) would therefore be subject to a unique reliance defense which threatens to sidetrack the litigation and deflect the focus of the litigation to determine the extent to which KNS was aware of Butterfly's third quarter 2021 earnings at the time that KNS' November 15, 2021 purchase was made. *See In re Snap Inc. Sec. Litig.*, 2019 WL 2223800, at \*2-\*3 (C.D. Cal. Apr. 1, 2019) (disqualifying two lead plaintiff movants who made post-disclosure purchases, holding that 60% constitutes "a disproportionately large percentage of [first movant's] stock" and holding that "whether 15% is a disproportionately large percentage of the [second movant's] stock could be the focus of litigation were the [second movant] to be appointed lead plaintiff").

- 12 -

Accordingly, because KNS' own submissions confirm that it has not made the requisite *prima facie* showing required to trigger the presumption, KNS' motion should be denied.

### C. The "Most Adequate Plaintiff" Presumption Which Lies in Favor of the Pension Fund Cannot Be Rebutted

Because the movant claiming a larger financial interest does not satisfy the PSLRA's requirements, the Court must "repeat this process until a presumptive lead plaintiff is identified." *Cendant*, 264 F.3d at 267. With losses of approximately $330,000, the Pension Fund, which is represented by lead counsel Robbins Geller Rudman & Dowd LLP and liaison counsel, Seeger Weiss LLP, is that movant.

Aside from having the largest financial interest of any remaining movant, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, the Pension Fund must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). There is no question that the Pension Fund satisfies these requirements. *See* ECF 19-1 at 5-8. The Pension Fund is a sophisticated fiduciary with over $2 billion in assets under management overseen for the benefit of nearly 4,000 participants. The Pension Fund's status as a preferred institutional investor is certainly a key part of the Court's assessment of which movant is the most adequate as the "PSLRA's legislative history expressly states that Congress anticipated and intended that [institutional] investors would serve as

- 13 -

lead plaintiffs." *Cendant*, 264 F.3d at 243-44.[7]  Indeed, in determining which movant is the presumptively most adequate plaintiff, "[t]here is a . . . factor which [courts] cannot overlook.  Under the PSLRA, institutional investors are considered preferred lead plaintiffs."  *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) ("many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").  In fact, "[t]his preference has been determinative in other cases, even when an institutional investor has a slightly lower loss than another potential lead plaintiff."  *Id.*; *see also Juliar v. SunOpta Inc.*, 2009 WL 1955237, at *2 (S.D.N.Y. Jan. 30, 2009) (appointing institutional investor over an individual investor with larger losses); *Malasky v. IAC/InteractiveCorp*, 2004 U.S. Dist. LEXIS 25832, at *11-*12 (S.D.N.Y. Dec. 21, 2004) (finding institutional investor status determinative in appointing lead plaintiff).

Not only is the Pension Fund the only institutional investor before the Court, it is well-versed in the obligations and responsibilities of a lead plaintiff based on its

---

[7]    *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); S. Rep. No. 104-98, at 11 (1995), r*eprinted in* 1995 U.S.C.C.A.N. at 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief sought is the 'most adequate plaintiff.'").

4866-0410-6270.v1

prior substantial service as a lead plaintiff and class representative in other securities cases, including where it collectively recovered tens of millions of dollars for investors. *See, e.g.*, *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071-AKH, ECF 212 (S.D.N.Y. Oct. 22, 2021) (approving $27.5 million settlement in securities class action brought under the PSLRA in which the Pension Fund served as a lead plaintiff); *McLeod v. InnovAge Holding Corp.*, No. 1:21-cv-02770-WJM-SKC, ECF 44 (D. Colo. Apr. 11, 2022) (appointing the Pension Fund to serve as a lead plaintiff in securities class action brought under the PSLRA); *Vaitkueviene v. Syneos Health, Inc.*, No. 5:18-cv-00029-H-KS, ECF 20 (E.D.N.C. May 29, 2018) (same); *Mulquin v. Nektar Therapeutics*, 2019 WL 1170774, at *1 (N.D. Cal. Mar. 13, 2019); (same).

Finally, with the Pension Fund, the Court can be assured that its proposed lead counsel, Robbins Geller, will provide the class with the same level of representation that Judge Shipp recognized in approving the historic $1.21 billion settlement in the securities class action against Valeant Pharmaceuticals Int'l, Inc. (now Bausch Health Companies), in which Robbins Geller is serving as sole lead counsel.

> Here, Lead Counsel litigated this case against "experienced lawyers from seven of the largest and most well-known defense firms." (Barz Decl., ¶ 27 (listing defense firms)). Furthermore, despite Valeant's deteriorating financial condition. Lead Counsel achieved a $1.21 billion settlement – the ninth largest PSLRA class action ever recovered – for the benefit of the class.

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, 2021 WL 358611, at *6 (D.N.J. Feb. 1, 2021).

- 15 -

**D.     The Remaining Movants Do Not Qualify for the PSLRA's Presumption**

The remaining movants claim smaller losses than the Pension Fund. Consequently, the Court cannot consider their motions unless the presumption in favor of appointment of the Pension Fund as lead plaintiff is rebutted. *See Cendant*, 264 F.3d at 268. Accordingly, because the Pension Fund is willing to serve and satisfies Rule 23's requirements, the competing motions should be denied.

## III.   CONCLUSION

None of the competing movants satisfy the PSLRA's lead plaintiff requirements. As such, their motions should all be denied.

DATED: May 2, 2022                    Respectfully submitted,

                                      SEEGER WEISS LLP
                                      CHRISTOPHER A. SEEGER
                                      CHRISTOPHER L. AYERS


                                           s/ Christopher A. Seeger
                                      _____
                                        CHRISTOPHER A. SEEGER

                                      55 Challenger Road, 6th Floor
                                      Ridgefield Park, NJ  07660
                                      Telephone:  212/584-0700
                                      212/584-0799 (fax)
                                      cseeger@seegerweiss.com
                                      cayers@seegerweiss.com

                                      Liaison Counsel

- 16 -

4866-0410-6270.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed
Lead Plaintiff

- 17 -

# EXHIBIT 1

B1 (Official Form 1)(1/08)

| United States Bankruptcy Court<br>District of Arizona | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**FAN, KWAN** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**FAN, SHELLEY** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5726** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-3880** |
| Street Address of Debtor (No. and Street, City, and State):<br>**26799 N. 90TH LANE**<br>**Peoria, AZ**<br>ZIP Code **85383** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**26799 N. 90TH LANE**<br>**Peoria, AZ**<br>ZIP Code **85383** |
| County of Residence or of the Principal Place of Business:<br>**Maricopa** | County of Residence or of the Principal Place of Business:<br>**Maricopa** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Type of Debtor
(Form of Organization)
(Check one box)

- ■ Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- ☐ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

### Nature of Business
(Check one box)

- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☐ Other

**Tax-Exempt Entity**
(Check box, if applicable)

- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

### Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box)

- ■ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

### Nature of Debts
(Check one box)

- ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☐ Debts are primarily business debts.

### Filing Fee (Check one box)

- ■ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

### Chapter 11 Debtors
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

### Statistical/Administrative Information

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

**Estimated Number of Creditors**

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

**Estimated Assets**

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**B1 (Official Form 1)(1/08)**                                                                                                      **Page 2**

| Voluntary Petition <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): <br> **FAN, KWAN** <br> **FAN, SHELLEY** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location <br> Where Filed:   **- None -** | Case Number: | Date Filed: |
| Location <br> Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: <br> **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) <br><br> ☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). <br><br> **X  /s/ Haines Meyer**                           **April  8, 2010** <br> Signature of Attorney for Debtor(s)          (Date) <br> **Haines Meyer** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety? <br><br> ☐ Yes, and Exhibit C is attached and made a part of this petition. <br><br> ■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.) <br><br> ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition. <br><br> If this is a joint petition: <br><br> ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue** <br> (Check any applicable box) |
|---|
| ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District. <br><br> ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District. <br><br> ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property** <br> (Check all applicable boxes) |
|---|
| ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.) <br><br> _____ <br> (Name of landlord that obtained judgment) <br><br><br><br><br> _____ <br> (Address of landlord) <br><br> ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and <br><br> ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition. <br><br> ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

B1 (Official Form 1)(1/08)                                                                                                              **Page 3**

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **FAN, KWAN**<br>**FAN, SHELLEY** |

<b>Signatures</b>

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X  /s/ KWAN FAN**
Signature of Debtor  **KWAN FAN**

**X  /s/ SHELLEY FAN**
Signature of Joint Debtor **SHELLEY FAN**

Telephone Number (If not represented by attorney)

**April  8, 2010**
Date

### Signature of Attorney*

**X  /s/ Haines Meyer**
Signature of Attorney for Debtor(s)

**Haines Meyer 20890**
Printed Name of Attorney for Debtor(s)

**Meyer Law, P.C.**
Firm Name

**1425 W. Elliot Rd #105**
**Gilbert, AZ 85233**

Address

**Email: help@arizonabankruptcyhelp.com**
**480-813-9949  Fax: 480-813-8778**
Telephone Number

**April  8, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

## United States Bankruptcy Court
### District of Arizona

In re **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case No. _____

Chapter    **7** _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                                                    Best Case Bankruptcy

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

        ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

        ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

        ☐ Active military duty in a military combat zone.

        ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ KWAN FAN**
                              **KWAN FAN**

Date:    **April 8, 2010**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com           Best Case Bankruptcy

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## District of Arizona

In re  **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case No. _____

Chapter    **7**    _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ _____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                                    Page 2

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ SHELLEY FAN**
                        **SHELLEY FAN**

Date:    **April  8, 2010**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
### District of Arizona

In re    **KWAN FAN,**
         **SHELLEY FAN**

                                            ,     Debtors

Case No. _____

Chapter _____**7**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 300,000.00 | | |
| B - Personal Property | Yes | 4 | 10,800.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 681,000.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 287,400.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 4,500.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 5,302.00 |
| Total Number of Sheets of ALL Schedules | | 16 | | | |
| Total Assets | | | 310,800.00 | | |
| Total Liabilities | | | | 968,400.00 | |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - bestcase.com    Main Document     Page 8 of 50                   Best Case Bankruptcy

**Form 6 - Statistical Summary (12/07)**

.

# United States Bankruptcy Court
## District of Arizona

In re    **KWAN FAN,**
        **SHELLEY FAN**

Case No. _____

                                            ,
                           Debtors

Chapter _____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 4,500.00 |
| Average Expenses (from Schedule J, Line 18) | 5,302.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,337.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 381,000.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 287,400.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 668,400.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com
                                                               Best Case Bankruptcy

B6A (Official Form 6A) (12/07)

In re     **KWAN FAN,**
          **SHELLEY FAN**
                                                                              Case No. _____
_____,
                        Debtors

# SCHEDULE A - REAL PROPERTY

      Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

      **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

      If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **SINGLE FAMILY RESIDENCE**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383**<br>**SQ FT: 3200**<br>**4 BED/3 BATH** | | **C** | **300,000.00** | **681,000.00** |

|  | | |
|---|---|---|
| Sub-Total > | **300,000.00** | (Total of this page) |
| Total > | **300,000.00** | |

  **0**  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com
Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re    **KWAN FAN,**                                                                    Case No. _____
         **SHELLEY FAN**

_____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **ARROWHEAD COUMMUNITY BANK CHECKING ACCT 3837** | **C** | **300.00** |
| | | **CHASE CHECKING ACCT # 5956** | **C** | **0.00** |
| | | **CITIBANK CHECKING ACCT # 9421** | **C** | **0.00** |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **KITCHEN TABLES & CHAIRS, DINING ROOM TABLE & CHAIRS, SOFA, CHAIR, COFFEE & END TABLES, LAMPS, 3 BEDS, DRESSERS, NIGHT STANDS, 2 T.V.s, REFRIGERATOR, WASHER/DRYER, COMPUTER, DESK & BEDDING Location: 26799 N. 90TH LANE, Peoria AZ 85383** | **C** | **3,600.00** |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | **MISC CLOTHING Location: 26799 N. 90TH LANE, Peoria AZ 85383** | **C** | **500.00** |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

                                                                     Sub-Total >          **4,400.00**
                                                                   (Total of this page)

__3__   continuation sheets attached to the Schedule of Personal Property

Case 2:10-bk-10182-RTB   Doc 1   Filed 04/08/10   Entered 04/08/10 15:27:04   Desc
Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com   Main Document   Page 11 of 50                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **KWAN FAN,**                Case No. _____
        **SHELLEY FAN**

_____,
                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars.  (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **AMERIFUND 403 B** | C | 6,400.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

                                                         Sub-Total >       **6,400.00**
                                                        (Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                          Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re  **KWAN FAN,**                                          Case No. _____
       **SHELLEY FAN**
_____ ,
                                    Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2010 AUDI A4**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383**<br>**MILEAGE: 10k**<br>**LOAN & TITLE ARE IN MOTHERS NAME FOR CREDIT REASONS, BUT DEBTOR IS RESPONSIBLE FOR PAYMENTS & INSURANCE**<br>**VALUE $30,000; OWE $30,000** | **C** | **0.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >                 **0.00**
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **KWAN FAN,**                                                    Case No. _____
         **SHELLEY FAN**
_____,
                                          Debtors
# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **KS HOLDINGS LLC** | **C** | 0.00 |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 10,800.00 |

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com    Best Case Bankruptcy

B6C (Official Form 6C) (12/07)

In re    **KWAN FAN,**                                      Case No. _____
         **SHELLEY FAN**

_____,
                                    Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:       ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $136,875.
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property**<br>**SINGLE FAMILY RESIDENCE**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383**<br>**SQ FT: 3200**<br>**4 BED/3 BATH** | **Ariz. Rev. Stat. § 33-1101(A)** | 0.00 | 300,000.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit**<br>**ARROWHEAD COUMMUNITY BANK**<br>**CHECKING ACCT 3837** | **Ariz. Rev. Stat. § 33-1126A9** | 300.00 | 300.00 |
| **Household Goods and Furnishings**<br>**KITCHEN TABLES & CHAIRS, DINING ROOM TABLE & CHAIRS, SOFA, CHAIR, COFFEE & END TABLES, LAMPS, 3 BEDS, DRESSERS, NIGHT STANDS, 2 T.V.s, REFRIGERATOR, WASHER/DRYER, COMPUTER, DESK & BEDDING**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383** | **Ariz. Rev. Stat. § 33-1123** | 3,600.00 | 3,600.00 |
| **Wearing Apparel**<br>**MISC CLOTHING**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383** | **Ariz. Rev. Stat. § 33-1125(1)** | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans**<br>**AMERIFUND 403 B** | **Ariz. Rev. Stat. § 33-1126B** | 6,400.00 | 6,400.00 |
| | Total: | **10,800.00** | **310,800.00** |

___ **0** ___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

**B6D (Official Form 6D) (12/07)**

In re    **KWAN FAN,**                                                                                      Case No. _____
         **SHELLEY FAN**
    _____,
                              Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **3573** <br><br> **BANK OF AMERICA** <br> **450 AMERICAN ST. SV** <br> **Simi Valley, CA 93065** | | C | **First Mortgage** <br><br> **SINGLE FAMILY RESIDENCE** <br> **Location: 26799 N. 90TH LANE, Peoria** <br> **AZ 85383** <br> **SQ FT: 3200** <br> **4 BED/3 BATH** | | | | | |
| | | | Value $                300,000.00 | | | | 540,000.00 | 240,000.00 |
| Account No. **2766** <br><br> **CITIBANK** <br> **PO BOX 790110** <br> **Saint Louis, MO 63179-0110** | | C | **Second Mortgage** <br><br> **SINGLE FAMILY RESIDENCE** <br> **Location: 26799 N. 90TH LANE, Peoria** <br> **AZ 85383** <br> **SQ FT: 3200** <br> **4 BED/3 BATH** | | | | | |
| | | | Value $                300,000.00 | | | | 141,000.00 | 141,000.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

_**0**___ continuation sheets attached

|  | | |
|---|---|---|
| Subtotal <br> (Total of this page) | 681,000.00 | 381,000.00 |
| Total <br> (Report on Summary of Schedules) | 681,000.00 | 381,000.00 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com        Main Document        Page 16 of 50        Best Case Bankruptcy

B6E (Official Form 6E) (12/07)

.

In re    **KWAN FAN,**                                                    Case No. _____
         **SHELLEY FAN**

_____,
                                                Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**    continuation sheets attached

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                         Best Case Bankruptcy

Case 2:10-bk-10182-RTB    Doc 1    Filed 04/08/10    Entered 04/08/10 15:27:04    Desc
                          Main Document         Page 17 of 50

B6F (Official Form 6F) (12/07)

In re    **KWAN FAN,**                                                    Case No. _____
         **SHELLEY FAN**
_____ ,
                                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **7183**<br><br>**AMERICAN EXPRESS**<br>**PO BOX 981537**<br>**El Paso, TX 79998** | | C | **CREDIT CARD** | | | | 250.00 |
| Account No. **3013**<br><br>**AMERICAN EXPRESS**<br>**PO BOX 98153**<br>**El Paso, TX 79998** | | C | **CREDIT CARD** | | | | 15,100.00 |
| Account No. **5881**<br><br>**BANK OF AMERICA**<br>**PO BOX 15026**<br>**Wilmington, DE 19850** | | C | **CREDIT CARD** | | | | 77,000.00 |
| Account No. **9320**<br><br>**BMW FINANCIAL SERVICES**<br>**5550 BRITTON PKWY**<br>**Hilliard, OH 43026** | | C | **VEHICLE REPOSSESSION** | | | | 14,000.00 |

__3__  continuation sheets attached

Subtotal (Total of this page)    106,350.00

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com    S/N:30467-100208    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **KWAN FAN,**
 **SHELLEY FAN**                                                           Case No. _____

_____ ,
                                                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **2332** <br><br> **CHASE** <br> **800 BROOKSEDGE BLVD** <br> **Westerville, OH 43081** | | C | **CREDIT CARD** | | | | **82,000.00** |
| Account No. **3754** <br><br> **CHASE** <br> **POB 24696** <br> **Columbus, OH 43224** | | C | **MORTGAGE/ FORECLOSURE** | | | | **Unknown** |
| Account No. **2246** <br><br> **CHASE** <br> **POB 24696** <br> **Columbus, OH 43224** | | C | **FORECLOSURE/ 2ND MORTGAGE** | | | | **Unknown** |
| Account No. **3787** <br><br> **CITIBANK** <br> **1000 TECHNOLOGY DR** <br> **MS 504A** <br> **O Fallon, MO 63368** | | C | **FORECLOSURE/ MORTGAGE** | | | | **0.00** |
| Account No. **2513** <br><br> **DISCOVER FINANCIAL SERVICE** <br> **PO BOX 15316** <br> **Wilmington, DE 19850-5316** | | C | **CREDIT CARD** | | | | **15,000.00** |

Sheet no. __**1**___ of __**3**___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)  **97,000.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **KWAN FAN,**                                    Case No. _____
         **SHELLEY FAN**
_____ ,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **8320**<br><br>**DSNB/MACYS**<br>**9111 DUKE BLVD**<br>**Mason, OH 45040** | | C | **CREDIT CARD** | | | | 300.00 |
| Account No. **8330**<br><br>**DSNB/MACYS**<br>**9111 DUKE BLVD**<br>**Mason, OH 45040** | | C | **CREDIT UNION** | | | | 250.00 |
| Account No. **8331**<br><br>**DSNB/MACYS**<br>**9111 DUKE BLVD**<br>**Mason, OH 45040** | | C | **CREDIT CARD** | | | | 1,500.00 |
| Account No. **5152**<br><br>**INDYMAC**<br>**6900 BEATRICE DR**<br>**Kalamazoo, MI 49009** | | C | **MORTGAGE/ FORECLOSURE** | | | | **Unknown** |
| Account No. **0001**<br><br>**TOYOTA MOTOR CREDIT**<br>**5005 N RIVER BLVD**<br>**Cedar Rapids, IA 52411-6634** | | C | **REPOSESSION** | | | | 12,000.00 |

Sheet no. __**2**__ of __**3**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)    **14,050.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com    Best Case Bankruptcy

**B6F (Official Form 6F) (12/07) - Cont.**

In re   **KWAN FAN,**
        **SHELLEY FAN**
_____,   Case No. _____
                                          Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community / DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **WYNN/LAS VEGAS LLC 3131 LAS VEGAS BLVD SOUTH Las Vegas, NV 89109** | | C | **MARKER ($60K MARKER PLUS INTEREST, PENALTIES, LEGAL AND COURT COSTS)** | | | | **70,000.00** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __3__ of __3__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | **70,000.00** |
| Total (Report on Summary of Schedules) | **287,400.00** |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re    **KWAN FAN,**                                                    Case No. _____
         **SHELLEY FAN**
         _____ ,
                                    Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re  **KWAN FAN,**
     **SHELLEY FAN**
                           ,
               Debtors

Case No. _____

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0** _____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com

Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case No. _____

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>SON<br>SON | AGE(S):<br>6<br>8 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **REALTOR** | |
| Name of Employer | **AZCO PROPERTIES** | |
| How long employed | **1 YR 3 MO** | |
| Address of Employer | **1111 W. UNIVERSITY DR. #1014**<br>**Peoria, AZ 85383** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 0.00 | $ N/A |
| 2. Estimate monthly overtime | $ 0.00 | $ N/A |
| 3. SUBTOTAL | $ 0.00 | $ N/A |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ N/A |
| b. Insurance | $ 0.00 | $ N/A |
| c. Union dues | $ 0.00 | $ N/A |
| d. Other (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 4,500.00 | $ N/A |
| 8. Income from real property | $ 0.00 | $ N/A |
| 9. Interest and dividends | $ 0.00 | $ N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ N/A |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 12. Pension or retirement income | $ 0.00 | $ N/A |
| 13. Other monthly income (Specify): | $ 0.00 | $ N/A |
| | $ 0.00 | $ N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 4,500.00 | $ N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 4,500.00 | $ N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 4,500.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re    **KWAN FAN**
        **SHELLEY FAN**                                                    Case No. _____
                                    Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,840.00 |
| a. Are real estate taxes included? Yes ___ No **X** | | |
| b. Is property insurance included? Yes ___ No **X** | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 250.00 |
| b. Water and sewer | $ | 70.00 |
| c. Telephone | $ | 50.00 |
| d. Other **CELL PHONE** | $ | 70.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 728.00 |
| 5. Clothing | $ | 220.00 |
| 6. Laundry and dry cleaning | $ | 20.00 |
| 7. Medical and dental expenses | $ | 50.00 |
| 8. Transportation (not including car payments) | $ | 300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| 10. Charitable contributions | $ | 500.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 100.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 684.00 |
| b. Other | $ | 0.00 |
| c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **MISC** | $ | 120.00 |
| Other | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 5,302.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 4,500.00 |
| b. Average monthly expenses from Line 18 above | $ | 5,302.00 |
| c. Monthly net income (a. minus b.) | $ | -802.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## District of Arizona

In re    **KWAN FAN**
    **SHELLEY FAN**
                              Debtor(s)

Case No.

Chapter    **7**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**18**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **April 8, 2010**        Signature  **/s/ KWAN FAN**

                                               **KWAN FAN**
                                               Debtor

Date  **April 8, 2010**        Signature  **/s/ SHELLEY FAN**

                                               **SHELLEY FAN**
                                               Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (12/07)

# United States Bankruptcy Court
## District of Arizona

In re   **KWAN FAN**
      **SHELLEY FAN**                                              Case No.
                                       Debtor(s)               Chapter     **7**

# STATEMENT OF FINANCIAL AFFAIRS

       This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.  To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

       Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

       *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

       *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$16,500.00** | **2010 YTD: H AZCO PROPERTIES** |
| **$20,000.00** | **2009: DEBTRO AZCO PROPERTIES** |
| **$0.00** | **2008: H CENTURY 21 -REAL ESTAET AGENT BUSINES SHOWED A LOSS** |

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$100.00** | **2008: H AZ REFUND** |

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **BANK OF AMERICA** PO BOX 15026 Wilmington, DE 19850 | **MONTHLY** | **$4,900.00** | **$540,000.00** |
| **AUDI FINANCIAL** PO BOX 60144 City of Industry, CA 91716 | **MONTHLY FOR DEBTOR'S CAR IN MOTHER'S NAME** | **$2,055.00** | **$30,000.00** |

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **WYNN LAS VEGAS VS KWAN FAN** **CASE: A-10-609482-C** | **COLLECTIONS** | **SUPERIOR COURT NEVADA** | **ANSWER** |

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **FIA CARD SERVICES VS KWAN FAN AND J DOE SPOUSE CASECV20100-005619** | **COOLECTIONS** | **SUPERIOR COUNTY AZ** | **JUDGMENT** |
| **AM EX V. FAN CV2009-007602** | **COLLECTIONS** | **SUPERIOR CT OF AZ** | **JUDGMENT** |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5.  Repossessions, foreclosures and returns

None ☐    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **TOYOTA FINANCIAL 5005 N. RIVER BLVD Cedar Rapids, IA 52411** | **10/09** | **2008 TOYOTA PRIUS** |

### 6.  Assignments and receiverships

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.  Gifts

None ☐    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| **CHRIST CHRUCH OF THE VALLEY** | **CHRUCH** | **MONTHLY** | **$500.00/MONTH** |

4

**8. Losses**

None
☐    List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| **$28,500.00 OVER THE PAST YEAR** | **GAMBLING LOSSES** | **SPREAD OUT BETWEEN APRIL 2009 TO AUGUST 2009** |

**9. Payments related to debt counseling or bankruptcy**

None
☐    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **MEYER LAW 1425 W. ELLIOT STE. 105 Gilbert, AZ 85233** | **12/1/09, 3/25/10** | **$100.00, $2200.00** |

**10. Other transfers**

None
☐    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **PRIVATE PARTY** | **6/2008** | **2660 HONDA CBR 600 VALUE: $5,500.00** |

   **NONE**

None
■    b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
■    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                        Best Case Bankruptcy

5

**12.  Safe deposit boxes**

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
■     immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
      depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
      filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13.  Setoffs**

None  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
■     commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
      spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14.  Property held for another person**

None  List all property owned by another person that the debtor holds or controls.
■

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15.  Prior address of debtor**

None  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor
■     occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
      address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
■     Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the
      commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
      the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

  "Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
  owned or operated by the debtor, including, but not limited to, disposal sites.

  "Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
  pollutant, or contaminant or similar term under an Environmental Law

None  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable
■     or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known,
      the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                                                   Best Case Bankruptcy

6

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18 . Nature, location and name of business

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **KWAN FAN** | **5726** | **26799 N. 90TH LANE Peoria, AZ 85383** | **REALTOR SOLE PROPRIETOR** | **2002-PRESENT** |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None ■ a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

7

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

Case 2:10-bk-10182-RTB   Doc 1   Filed 04/08/10   Entered 04/08/10 15:27:04   Desc
Main Document   Page 33 of 50

8

**24. Tax Consolidation Group.**

None
■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                          TAXPAYER IDENTIFICATION NUMBER (EIN)

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **April 8, 2010**                    Signature  **/s/ KWAN FAN**
                                                       **KWAN FAN**
                                                       Debtor

Date  **April 8, 2010**                    Signature  **/s/ SHELLEY FAN**
                                                       **SHELLEY FAN**
                                                       Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                    Best Case Bankruptcy

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## District of Arizona

In re    **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case No. _____

Chapter    **7** _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**BANK OF AMERICA** | **Describe Property Securing Debt:**<br>**SINGLE FAMILY RESIDENCE**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383**<br>**SQ FT: 3200**<br>**4 BED/3 BATH** |

Property will be (check one):
□ Surrendered                    ■ Retained

If retaining the property, I intend to (check at least one):
□ Redeem the property
□ Reaffirm the debt
■ Other.  Explain   **RETAIN AND PAY**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
■ Claimed as Exempt                    □ Not claimed as exempt

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                    Best Case Bankruptcy

B8 (Form 8) (12/08)                                                                                                    Page 2

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br>**CITIBANK** | **Describe Property Securing Debt:**<br>**SINGLE FAMILY RESIDENCE**<br>**Location: 26799 N. 90TH LANE, Peoria AZ 85383**<br>**SQ FT: 3200**<br>**4 BED/3 BATH** |

Property will be (check one):
   ☐ Surrendered                        ■ Retained

If retaining the property, I intend to (check at least one):
   ☐ Redeem the property
   ☐ Reaffirm the debt
   ■ Other.  Explain   **RETAIN AND PAY**   (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
   ■ Claimed as Exempt                        ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES       ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **April  8, 2010**                   Signature  **/s/ KWAN FAN**
                                                     **KWAN FAN**
                                                          Debtor

Date   **April  8, 2010**                   Signature  **/s/ SHELLEY FAN**
                                                        **SHELLEY FAN**
                                                         Joint Debtor

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com        Best Case Bankruptcy

## United States Bankruptcy Court
### District of Arizona

In re  **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case No. _____

Chapter   **7**  _____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **2,300.00** |
| Prior to the filing of this statement I have received | $ | **2,300.00** |
| Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

    ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

    ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. [Other provisions as needed]
**Pre-Petition Services**
**Counseling client(s) regarding bankruptcy; analyzing client(s) debt and asset condition; preparing client(s) bankruptcy petition; filing the appropriate documents with the Court Clerk.**

**Post-Petition Services**
**Any or all of: Attending the first scheduled meeting of creditors; amending petition schedules and statements; filing responses to motions for relief; stopping creditor garnishments; resolving ongoing creditor collection and harassment issues; judicial lien avoidances in garnishment cases; assisting client(s) with production of documents for the Trustee; assisting client(s) with surrendering secured collateral; executing reaffirmation agreements when requested by client(s); counseling client(s) about credit rebuilding and credit reporting issues; responding to client(s) questions and concerns about their case via phone and email.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
**Representation of the debtors in any dischargeability actions, judicial lien avoidances in non-garnishment cases, or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **April 8, 2010**          **/s/ Haines Meyer**
**Haines Meyer**
**Meyer Law, P.C.**
**1425 W. Elliot Rd #105**
**Gilbert, AZ 85233**
**480-813-9949  Fax: 480-813-8778**
**help@arizonabankruptcyhelp.com**

---

B 201A (Form 201A) (12/09)

**WARNING: Effective December 1, 2009, the 15-day deadline to file schedules and certain other documents under Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

### NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
### OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009.  Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## District of Arizona

In re **KWAN FAN**
**SHELLEY FAN**
_____    Case No. _____
                                    Debtor(s)    Chapter    **7**    _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**KWAN FAN**
**SHELLEY FAN**
_____    X **/s/ KWAN FAN**                **April  8, 2010**
Printed Name(s) of Debtor(s)          Signature of Debtor          Date


Case No. (if known) _____    X **/s/ SHELLEY FAN**           **April  8, 2010**
                                        Signature of Joint Debtor (if any)    Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                Best Case Bankruptcy

## United States Bankruptcy Court
### District of Arizona

In re  **KWAN FAN**
    **SHELLEY FAN** _____
                                     Debtor(s)

Case No. _____

Chapter    **7**   _____

# DECLARATION

We, **KWAN FAN and SHELLEY FAN** , do hereby certify, under penalty of perjury, that the Master Mailing List, consisting of

**2** sheet(s), is complete, correct and consistent with the debtor(s)' schedules.

Date:  **April  8, 2010** _____

**/s/ KWAN FAN** _____
**KWAN FAN**
Signature of Debtor

Date:  **April  8, 2010** _____

**/s/ SHELLEY FAN** _____
**SHELLEY FAN**
Signature of Debtor

Date:  **April  8, 2010** _____

**/s/ Haines Meyer** _____
Signature of Attorney
**Haines Meyer**
**Meyer Law, P.C.**
**1425 W. Elliot Rd #105**
**Gilbert, AZ 85233**
**480-813-9949  Fax: 480-813-8778**

MML-5

Software Copyright (c) 1996-2010 Best Case Solutions  - Evanston, IL - bestcase.com              Best Case Bankruptcy

FAN, KWAN and SHELLEY -

AMD RECOVERIES COLLECTION AGENCY
PO BOX 926100
NORCROSS GA 30010

AMERICAN COLLECTION SYSTEMS
PO BOX 29117
COLUMBUS OH 43229

AMERICAN EXPRESS
PO BOX 981537
EL PASO TX 79998

AMERICAN EXPRESS
PO BOX 98153
EL PASO TX 79998

BANK OF AMERICA
450 AMERICAN ST. SV
SIMI VALLEY CA 93065

BANK OF AMERICA
PO BOX 15026
WILMINGTON DE 19850

BMW FINANCIAL SERVICES
5550 BRITTON PKWY
HILLIARD OH 43026

CAPTIAL MANAGEMENT SERVICES
720 EXCHANGE ST.
SUITE 700
BUFFALO NY 14210

CHASE
800 BROOKSEDGE BLVD
WESTERVILLE OH 43081

CHASE
POB 24696
COLUMBUS OH 43224

CITIBANK
PO BOX 790110
SAINT LOUIS MO 63179-0110

FAN, KWAN and SHELLEY -

CITIBANK
1000 TECHNOLOGY DR
MS 504A
O FALLON MO 63368

DISCOVER FINANCIAL SERVICE
PO BOX 15316
WILMINGTON DE 19850-5316

DSNB/MACYS
9111 DUKE BLVD
MASON OH 45040

GUNSTEL STALOCH & CHARGO
64 E. BRAODWAY RD. #255
TEMPE AZ 85282

GURSTEL, STALOCH & CHARGO
64 E BROADWAY RD #255
TEMPE AZ 85282

INDYMAC
6900 BEATRICE DR
KALAMAZOO MI 49009

TOYOTA MOTOR CREDIT
5005 N RIVER BLVD
CEDAR RAPIDS IA 52411-6634

VAN RU CREDIT CORPORATION
PO BOX 46549
CHICAGO IL 60646-0549

WYNN/LAS VEGAS LLC
3131 LAS VEGAS BLVD SOUTH
LAS VEGAS NV 89109

ZWICKER & ASSOCIATES
PO BOX 100690
SCOTTSDALE AZ 85271

B22A (Official Form 22A) (Chapter 7) (12/08)

In re **KWAN FAN**
**SHELLEY FAN**
_____
Debtor(s)

Case Number: _____
(If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends**.<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>    a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>        ☐ I remain on active duty /or/<br>        ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>        OR<br><br>    b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>        ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

B22A (Official Form 22A) (Chapter 7) (12/08)                                                                                                    **2**

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION | | |
|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br><br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br><br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br><br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br><br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br><br>Debtor's Income | **Column B**<br><br>Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 0.00 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. | Gross receipts | $ 4,337.00 | $ 0.00 |<br>| b. | Ordinary and necessary business expenses | $ 0.00 | $ 0.00 |<br>| c. | Business income | Subtract Line b from Line a | | $ 4,337.00 | $ 0.00 |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. | Gross receipts | $ 0.00 | $ 0.00 |<br>| b. | Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 |<br>| c. | Rent and other real property income | Subtract Line b from Line a | | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>| | Debtor | Spouse |<br>|---|---|---|<br>| a. | | $ | $ |<br>| b. | | $ | $ |<br><br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 4,337.00 | $ 0.00 |

B22A (Official Form 22A) (Chapter 7) (12/08)                                                                                    **3**

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ **4,337.00** |
|---|---|---|

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ **52,044.00** |
|---|---|---|
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence: **AZ**    b. Enter debtor's household size: **4** | $ **69,452.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br><br>■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br><br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | **Enter the amount from Line 12.** | $ |
|---|---|---|
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero.<br><br>a.      $<br>b.      $<br>c.      $<br>d.      $<br>Total and enter on Line 17 | $<br><br><br><br><br>$ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ |

| | Household members under 65 years of age | | Household members 65 years of age or older | |
|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). | $ |
|---|---|---|

B22A (Official Form 22A) (Chapter 7) (12/08)    **4**

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Housing and Utilities Standards; mortgage/rental expense</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net mortgage/rental expense</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com
Best Case Bankruptcy

B22A (Official Form 22A) (Chapter 7) (12/08)                                                                                                           **5**

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="2" align="center"><strong>Subpart B: Additional Living Expense Deductions</strong><br><strong>Note: Do not include any expenses that you have listed in Lines 19-32</strong></td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.<br><br>| a. | Health Insurance | $ |<br>| b. | Disability Insurance | $ |<br>| c. | Health Savings Account | $ |<br><br>Total and enter on Line 34.<br>**If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below:<br>$_____ | $ |
|---|---|---|
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                                    Best Case Bankruptcy

B22A (Official Form 22A) (Chapter 7) (12/08)                                                              **6**

| | | |
|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| | | |
|---|---|---|
| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | |

$ (Line 42 total)

| | | |
|---|---|---|
| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

$ (Line 43 total)

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |

| | | |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

$ (Line 45 total)

| | | |
|---|---|---|
| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| | | |
|---|---|---|
| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| | | |
|---|---|---|
| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)                                                                    **7**

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). | |
|---|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. | |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total:  Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:  **April  8, 2010**          Signature:  **/s/ KWAN FAN**<br>                                                                          **KWAN FAN**<br>                                                                              *(Debtor)*<br><br>Date:  **April  8, 2010**          Signature  **/s/ SHELLEY FAN**<br>                                                                          **SHELLEY FAN**<br>                                                                              *(Joint Debtor, if any)* |
|---|---|