**LEVI & KORSINKSY, LLP**
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for KNS Holdings LLC*
*DBPP UA Jan. 1, 2016 and*
*Proposed Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,<br><br>Defendants. | Case No. 2:22-cv-00854-JXN-JBC<br><br>**KNS HOLDINGS LLC DBPP UA JAN. 1, 2016'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**<br><br>**MOTION DATE: May 16, 2022** |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................1

II.   ARGUMENT.................................................................................................4

    A. The PSLRA Process ...................................................................................4

    B. KNS Holdings Is Presumptively the "Most Adequate Plaintiff" ...................5

       1.  KNS Holdings Has the Largest Financial Interest ....................................5

       2.  KNS Holdings Satisfies the Typicality and Adequacy Requirements
          Under Rule 23 and *Cendant*. ........................................................................9

    C. No Proof Exists to Rebut the Strong Presumption in Favor of Appointing
      KNS Holdings............................................................................................12

III.  CONCLUSION..............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Africa v. Jianpu Tech., Inc.*,
No. 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246 (S.D.N.Y. May 19, 2021) ...............................................................................................................8

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259 (N.D. Ill. Nov. 15, 2019).....10

*Clair v. DeLuca*,
232 F.R.D. 219 (W.D. Pa. 2005) .......................................................................7

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ....................................................................... *passim*

*Dura Pharms., Inc. v. Broudo*,
544 U.S. 336 (2005).........................................................................................8

*In re Facebook, Inc.*,
288 F.R.D. 26 (S.D.N.Y. 2012) ......................................................................13

*In re Glob. Crossing, Ltd. Sec. Litig.*,
313 F. Supp. 2d 189 (S.D.N.Y. 2003) .............................................................10

*In re Groupon Secs. Litig.*,
Master File No. 12-c-2450 Class Action, 2012 U.S. Dist. LEXIS 123899
(N.D. Ill. Aug. 28, 2012)................................................................................12

*Hevesi v. Citigroup, Inc.*,
366 F.3d 70 (2d Cir. 2004) .............................................................................10

*Ins. Brokerage Antitrust Litig.*,
297 F.R.D. 136 (D.N.J. Aug. 1, 2013)............................................................11

*Jubelt v. Weight Watchers International, Inc. et al.*,
C.A. No. 1:19-cv-02528 (S.D.N.Y. Mar. 21, 2019).........................................14

*Kabak v. Becton, Dickinson & Co.*,
Civil Action No. 20-2155 (SRC), 2020 U.S. Dist. LEXIS 100941 (D.N.J.
June 9, 2020)..................................................................................................10

iii

*Lax v. First Merch. Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 11, 1997) .......6, 8

*Milliron v. T-Mobile USA, Inc.*,
   No. 08-4149, 2009 U.S. Dist. LEXIS 101201 (D.N.J. Sept. 10, 2009)..............11

*In re Merck & Co., Inc. Securities*,
   No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511 (D.N.J. Jan. 20, 2013) ..........3, 9

*Montoya v. Herley Indus.*,
   No. 06-2596, 2006 U.S. Dist. LEXIS 83343 (E.D. Pa. Nov. 14, 2006).............13

*In re Nice Sys. Sec. Litig.*,
   188 F.R.D. 206 (D.N.J. 1999)...............................................................................6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) .....................................................................6

*Patel v. Zoompass Holdings, Inc.*,
   No. 17-3831, 2017 U.S. Dist. LEXIS 153765 (D.N.J. Sept. 20, 2017)...............6

*In re PharmaPrint, Inc. Sec. Litig.*,
   No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845 (D.N.J. April 17, 2002) ....9, 10

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. La Branche
& Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................13

*In re PMA Capital Corp. Sec. Litig.*,
   No. 03-6121, 2005 U.S. Dist. LEXIS 15696 (E.D. Pa. July 27, 2005) ..............10

*Rabin v. John Doe Mkt. Makers*,
   254 F. Supp. 3d 754 (E.D. Pa. 2015)..................................................................13

*Roby v. Ocean Power Techs.*,
   No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388 (D.N.J. Mar.
   17, 2015) ...............................................................................................................6

*In re Schering-Plough Corp. ENHANCE ERISA Litig.*,
   No. 08-1432 (DMC) (JAD), 2012 U.S. Dist. LEXIS 75213 (D.N.J. May 31,
   2012) ....................................................................................................................11

iv

*Smith v. Antares Pharma, Inc.,*
  Civil Action No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964
  (D.N.J. July 27, 2018) .................................................................................6

*In re Vicuron Pharm., Inc. Sec. Litig.,*
  225 F.R.D. 508 (E.D. Pa. 2004) ..................................................................6

*In re Vonage Initial Pub. Offering (IPO) Sec. Litig.,*
  No. CIV A 07-177 FLW, 2007 U.S. Dist. LEXIS 66258 (D.N.J. Sept. 7,
  2007) .........................................................................................................13

*Wigginton v. Advance Auto Parts, Inc.,*
  No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661 (D. Del. Nov. 2, 2018) ........4

**Statutes**

15 U.S.C. §78u-4 ........................................................................... *passim*

## I.    PRELIMINARY STATEMENT

The Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4) (the "PSLRA"), sets forth a clear directive in terms of appointing lead plaintiffs to serve in securities class actions. It instructs courts to appoint as lead plaintiff the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). That person is the plaintiff or movant with the "largest financial interest in the relief sought by the class" who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I). They are then entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Here, that movant is KNS Holdings.

On April 18, 2022, six movants timely filed motions for appointment as Lead Plaintiff in the Actions.[1] KNS Holdings' financial interest in the litigation is larger than each of the other movants. Pursuant to *In re Cendant Corp. Litigation*, financial interest is measured using the following three factors: "(1) the number of shares that the movant purchased during the putative class period; (2) the total net funds

---

[1] Lead Plaintiff motions were filed by: (i) KNS HOLDINGS LLC DBPP UA JAN. 1, 2016 ("KNS Holdings"); (ii) El Paso Firemen & Policemen's Pension Fund ("El Paso"); (iii) Jenny Ann Zheng, Tong Zhou, and ChunSheng Song ("Zheng, Zhou, and Song Group"); (iv) Adam Sanchez; (v) Brian E. Bennett; and (vi) Shawn Yu.

expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." 264 F.3d 201, 262 (3d Cir. 2001) (the "*Cendant* Factors"). The third factor, approximate losses suffered, is routinely outcome determinative as it typically most accurately reflects the movants' true financial interests in the litigation. The table below illustrates KNS Holdings' financial interest relative to the competing movants:

| Movant | Gross Shares Purchased | Net Funds Expended | Approximate Losses |
|---|---|---|---|
| KNS HOLDINGS LLC DBPP UA JAN. 1, 2016 | 61,897 | $ 914,116.92 | $497,083.34 |
| | | | |
| El Paso Firemen & Policemen's Pension Fund | 36,506 | $ 572,884.40 | $329,394.49 |
| | | | |
| Jenny Ann Zeng, Tong Zhou, and ChunSheng Song | 164,591 | $ 271,213.54 | ($49,963.40)[2] |
| *Jenny Ann Zeng* | *6,090 Stock 3 Calls* | *$85,409.09* | *$42,514.00* |
| *Tong Zhou & ChunSheng Song* | *158,501* | *$185,804.45* | *($92,477.40)* |
| | | | |
| Adam Sanchez | 15,500 | $ 128,128.34 | $67,468.88 |
| | | | |

[2] Movants Zeng, Zhou and Song collectively have a gain from trading Butterfly securities during the Class Period, as indicated in the above table and explained in further detail below. *See infra* n.2.

2

| Brian E. Bennett | 3,885 | $ 73,425.21 | $47,200.83 |
| | | | |
| Shawn Yu | 2,640 stock, 60 Calls | $ 41,399.90 | $46,957.36 |

As demonstrated above, KNS Holdings sustained a loss of over $497,000 from trading in Butterfly securities, which is more than one and a half times (or more than $167,000) greater than any of the other movants. KNS Holdings also invested more in Butterfly than any other individual movant in terms of both number of shares as well as gross purchase amount.

KNS Holdings also easily satisfies the adequacy and typicality requirements set out in Rule 23 and by the Third Circuit in *Cendant*. KNS Holdings' claims are typical of the Class because, like other class members, it purchased Butterfly securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action and its claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Merck & Co., Inc. Securities,* No. 05-cv-1151, 2013 U.S. Dist. LEXIS 13511, at *39-40 (D.N.J. Jan. 20, 2013) ("To meet the typicality requirement, the proposed class representative must show his claims '[arise] from the same event or practice or course of conduct that gives rise to the claims of the class members' and are 'based on the same legal theory.'"). In addition, KNS Holdings satisfies the Third Circuit's considerations with respect

3

to choice of counsel and the negotiation of a reasonable retainer agreement. *See Cendant*, 264 F.3d at 265. After conducting its due diligence and speaking with several law firms, KNS Holdings retained Levi & Korsinsky and negotiated a favorable retainer agreement that caps attorneys' fees at a percentage below the benchmark percentages in the Third Circuit.[3]

Being that KNS Holdings has the largest financial interest and satisfies the typicality and adequacy requirements, under both Rule 23 and *Cendant,* it is entitled to the presumption of the "most adequate plaintiff." This strong presumption can only be rebutted with "actual proof" that the movant is somehow inadequate or atypical. *Id*. at 269; *see Wigginton v. Advance Auto Parts, Inc.,* No. 18-212 (MN), 2018 U.S. Dist. LEXIS 187661, at \*14 (D. Del. Nov. 2, 2018) ("[T]he PSLRA requires 'actual proof' that the presumptive lead plaintiffs are inadequate representatives of the class or subject to unique defenses."). No such proof exists here. Accordingly, KNS Holdings' motion should granted.

## II.   ARGUMENT

### A.   The PSLRA Process

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff

---

[3] KNS Holdings' retainer agreement is available for *in camera* review should the Court wish to examine it.

class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). Following the required notice announcing the class action, class members interested in serving as Lead Plaintiff are required to file a motion seeking appointment within 60 days thereafter. 15 U.S.C. § 78u- 4(a)(3)(A)(i). From the movants that file timely motions, the presumptive "most adequate plaintiff" is the "person" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The movant with the largest financial interest need only make a *prima facie* showing that it satisfies Rule 23's typicality and adequacy requirements. *See Cendant,* 264 F.3d at 264. Once triggered, this presumption can only be rebutted upon "actual proof" that the "most adequate plaintiff" will not fairly represent the interests of the class or is subject to a unique defense. *Cendant,* 264 F.3d at 268; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). "If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff." *Cendant*, 264 F.3d at 268.

### B.      KNS Holdings Is Presumptively the "Most Adequate Plaintiff"

#### 1.      KNS Holdings Has the Largest Financial Interest

The PSLRA does not define the term "largest financial interest." *See Cendant,* 264 F.3d at 262. Consequently, courts around the country consider a number of

different factors when determining the issue of "financial interest." The Third Circuit, in particular, "agree[s] with the many district courts that have held that courts should consider, among other things: (1) the number of shares that the movant purchased during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Id.* (citing *Lax v. First Merch. Acceptance Corp.,* No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 11, 1997), *In re Nice Sys. Sec. Litig.,* 188 F.R.D. 206, 217 (D.N.J. 1999), and *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts typically agree that that most important and outcome-determinative factor is the "approximate losses suffered." *Roby v. Ocean Power Techs.,* No. 14-cv-3799 (FLW) (LHG), 2015 U.S. Dist. LEXIS 42388, at *14 (D.N.J. Mar. 17, 2015) ("Indeed, courts in this circuit have accorded the third element, the largest financial loss, the greatest weight.") (collecting cases); *see also Smith v. Antares Pharma, Inc.,* Civil Action No. 17-8945 (MAS) (DEA), 2018 U.S. Dist. LEXIS 126964, at *5 (D.N.J. July 27, 2018) ("The most critical among these factors is the approximate loss suffered.") (quoting *Patel v. Zoompass Holdings, Inc.,* No. 17-3831, 2017 U.S. Dist. LEXIS 153765, at *3 (D.N.J. Sept. 20, 2017)).

KNS Holdings has the largest financial interest in the Action pursuant to the three-factor test laid out in *Cendant*. *Id*. at 262; *see also In re Vicuron Pharm., Inc. Sec. Litig.,* 225 F.R.D. 508, 510 (E.D. Pa. 2004) (applying *Cendant* three-factor test);

6

*Clair v. DeLuca,* 232 F.R.D. 219, 227 (W.D. Pa. 2005) (same). Notably, KNS

Holdings has the largest financial interest under the most important factor – the

approximate loss suffered, having lost more than $497,000 from trading in Butterfly

securities during the Class Period.

| Movant | Gross Shares Purchased | Net Funds Expended | Approximate Losses |
|---|---|---|---|
| KNS HOLDINGS LLC DBPP UA JAN. 1, 2016 | 61,897 | $ 914,116.92 | $497,083.34 |
| | | | |
| El Paso Firemen & Policemen's Pension Fund | 36,506 | $ 572,884.40 | $329,394.49 |
| | | | |
| Jenny Ann Zeng, Tong Zhou, and ChunSheng Song | 164,591 | $ 271,213.54 | ($49,963.40) |
| *Jenny Ann Zeng* | *6,090 stock, 3 Calls* | *$85,409.09* | *$42,514.00* |
| *Tong Zhou & ChunSheng Song* | *158,501* | *$185,804.45* | *($92,477.40)* |
| | | | |
| Adam Sanchez | 15,500 | $ 128,128.34 | $67,468.88 |
| | | | |
| Brian E. Bennett | 3,885 | $ 73,425.21 | $47,200.83 |
| | | | |
| Shawn Yu | 2,640 stock, 60 Calls | $ 41,399.90 | $46,957.36 |

7

As the chart above demonstrates, KNS Holdings' financial interest is one and a half times larger than the next closest movant, El Paso, or more than $167,000. KNS Holdings also expended $341,232 more net funds than El Paso and purchased almost twice as many shares during the Class Period. Thus, under *Cendant*, KNS Holdings easily possesses the largest financial interest of all movants.[4]

---

[4] The Zeng, Zhou, and Song Group sold 141,901 of their total shares during the Class Period before a corrective disclosure, thereby retaining only 22,690 shares at the end of the Class Period. Any losses they incurred from the sales prior to a corrective disclosure are not recoverable under the federal securities laws. *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 342 (2005) ("if . . . the purchaser sells the shares . . . before the relevant truth beings to leak out, the misrepresentation will not have led to any loss." Therefore, when excluding these unrecoverable losses, the Zeng, Zhou, and Song Group actually incurred an overall gain of nearly $50,000. Movants El Paso and Yu's claimed losses accounted for some unrecoverable losses as well.

KNS Holdings, unlike the Zeng, Zhou and Song Group, purchased and retained all 61,897 shares through the end of the Class Period. Due to this exact reason, many Courts also consider the amount of retained shares when comparing the financial interest of lead plaintiff movants and give the number of total shares purchased the least amount of weight. *See Lax*, 1997 U.S. Dist. LEXIS 12432, at *18; *Africa v. Jianpu Tech., Inc.*, No. 21-CV-1419 (JMF), 2021 U.S. Dist. LEXIS 95246, at *2-3 (S.D.N.Y. May 19, 2021) ("Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important"). KNS Holdings retained more shares at the end of the Class Period than any other movant; *i.e.*, KNS Holdings retained 61,897 shares compared to El Paso which retained only 36,136, the Zeng, Zhou, and Song Group which retained only 22,690 shares, Sanchez who retained 9,000 shares, Bennett who retained 3,885 shares, and Yu who retained 1,200 shares. *See* ECF Nos. 18-2; 19-2; 20-6; 21-4; 22-3; 23-5.

### 2.    KNS Holdings Satisfies the Typicality and Adequacy Requirements Under Rule 23 and *Cendant.*

Not only does KNS Holdings possess the the largest financial interest of all movants pursuant to the PSLRA and *Cendant*, but it also satisfies the typicality and adequacy requirements of Rule 23 and *Cendant*, requiring its appointment as lead plaintiff.

KNS Holdings claims are typical of those of other Class members because, like other Class members, it purchased Butterfly securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. KNS Holdings suffered substantial losses as a result of the alleged fraud in the Action. Moreover, KNS Holdings' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See In re Merck & Co., Inc. Securities*, 2013 U.S. Dist. LEXIS 13511, at *39-40; *In re PharmaPrint, Inc. Sec. Litig.,* No. 00-cv-00061, 2002 U.S. Dist. LEXIS 19845, at *16 (D.N.J. April 17, 2002) ("'The representative parties' claims are generally found to be typical if they arise from the same course of conduct that gives rise to the claims of the other class members and if the claims are based on the same legal theory.'").[5]

---

[5] Moreover, "[t]he PSLRA does not require that the lead Plaintiffs have standing to sue on every available cause of action." *In re PMA Capital Corp. Sec. Litig.,* No. 03-

9

KNS Holdings has also demonstrated its adequacy to serve as lead plaintiff in the Action. First, KNS Holdings has shown that its choice of counsel, Levi & Korsinsky, LLP, is qualified, experienced, and able to conduct the litigation. This will ensure its vigorous and adequate prosecution of the Class's claims. *PharmaPrint*, 2002 U.S. Dist. LEXIS 19845, at \*16-17. Second, KNS Holdings has no conflicts with other Class Members. *Id.* Third, not only is there no evidence of any antagonism between KNS Holdings' interests and those of the Class, but KNS Holdings has a significant and compelling interest in prosecuting the Action based on the large financial losses it has suffered as a result of the wrongful conduct alleged in the Action. *Id*. Fourth, KNS Holdings has "demonstrated a willingness and ability to select competent class counsel and to negotiate a reasonable retainer agreement

---

6121, 2005 U.S. Dist. LEXIS 15696, at \*58 (E.D. Pa. July 27, 2005) (citing *Hevesi v. Citigroup, Inc.,* 366 F.3d 70, 82-83 (2d Cir. 2004) (refusing to adopt a *per se* rule that district courts must choose a lead plaintiff with standing to sue on every available cause of action because the PSLRA requires courts to choose a party who has the largest financial stake in the outcome of the case)). Thus, KNS Holdings' purchases enable it to serve as the lead plaintiff in this Action. *See In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 204-05 (S.D.N.Y. 2003) (requiring lead plaintiffs to have standing over every claim asserted would require "either the appointment of a large number of lead plaintiffs [undermining the goal of a cohesive leadership and management group] or the premature breakdown of the action into an unmanageable number of separate cases brought by different lead plaintiffs on behalf of each potential subclass of securities holders."); *Kabak v. Becton, Dickinson & Co.*, Civil Action No. 20-2155 (SRC), 2020 U.S. Dist. LEXIS 100941, at \*8-9 (D.N.J. June 9, 2020); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 198259, at \*32-33 (N.D. Ill. Nov. 15, 2019).

10

with that counsel" when it interviewed and retained Levi & Korsinsky to represent it. *Cendant,* 264 F.3d at 265. After conducting due diligence and speaking with several law firms, KNS Holdings retained Levi & Korsinsky and negotiated a favorable retainer agreement that limited attorneys' fees to a percentage well-below the one-third benchmark commonly cited in this District.[6] "[T]he question at this stage is not whether the court would 'approve' that movant's choice of counsel or the terms of its retainer agreement or whether another movant may have chosen better lawyers or negotiated a better fee agreement; rather, the question is whether the choices made by the movant with the largest losses are so deficient as to demonstrate that it will not fairly and adequately represent the interests of the class, thus disqualifying it from serving as lead plaintiff at all." *Cendant*, 264 F.3d at 266. KNS Holdings certainly satisfies these criteria and, therefore, is entitled to being appointed as lead plaintiff.

---

[6] *See*, *e.g.*, *Milliron v. T-Mobile USA, Inc.*, No. 08-4149, 2009 U.S. Dist. LEXIS 101201, at \*24 (D.N.J. Sept. 10, 2009) (awarding 33% of \$13.5 million settlement); *In re Schering-Plough Corp. ENHANCE ERISA Litig.*, No. 08-1432 (DMC) (JAD), 2012 U.S. Dist. LEXIS 75213, at \*17-18 (D.N.J. May 31, 2012) (awarding 33.3% of \$12.25 million settlement); *Ins. Brokerage Antitrust Litig.*, 297 F.R.D. 136, at 154-56 (D.N.J. Aug. 1, 2013) (awarding 33% of \$10.5 million settlement).

**C.    No Proof Exists to Rebut the Strong Presumption in Favor of Appointing KNS Holdings.**

KNS Holdings is entitled to the presumption of the "most adequate plaintiff" by way of possessing the largest financial interest and otherwise satisfying the typicality and adequacy requirements of Rule 23. Once the presumption is triggered, the Court must focus on the presumptive lead plaintiff alone. *See Cendant*, 264 F.3d at 267.

This presumption may only be rebutted upon actual proof by a class member that KNS Holdings will "not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II). No proof exists that KNS Holdings would be inadequate or subject to unique defenses. Indeed, in connection with a previous motion filed by KNS Holdings to serve as lead plaintiff in an unrelated securities matter, a competing lead plaintiff movant questioned the adequacy of KNS Holdings' administrator, Kwan Fan, based on a bankruptcy filing dating back to 2010. "[B]ankruptcy is not a crime, is not evidence of misconduct, and does not end one's ability to earn an income." *In re Groupon Secs. Litig.*, Master File No. 12-c-2450 Class Action, 2012 U.S. Dist. LEXIS 123899, at *13-14 (N.D. Ill. Aug. 28, 2012) (adequacy not called into question by multiple DUI's and a bankruptcy filing). Nor does filing for bankruptcy "represent the degree of serious misconduct that would require the presumptive lead plaintiff's candidacy to be

12

rejected at this stage in the absence of any specific connection between the types of violations claimed and the fraud alleged here." *Montoya v. Herley Indus.,* No. 06-2596, 2006 U.S. Dist. LEXIS 83343, at *7 (E.D. Pa. Nov. 14, 2006) (quoting *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. La Branche & Co.,* 229 F.R.D. 395, 416 & n.33 (S.D.N.Y. 2004) (noting that lead plaintiff movants are inadequate only in extreme circumstances where the proposed lead plaintiff has violated the precise laws he wished to invoke)). This falls well short of the "exacting proof needed to rebut the PSLRA's presumption" in favor of KNS Holdings. *In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. 2012).

Likewise, the fact that KNS Holdings is not an "institutional investor" (*e.g.*, pension fund) does not constitute "proof" of inadequacy. *Rabin v. John Doe Mkt. Makers,* 254 F. Supp. 3d 754, 760-61 (E.D. Pa. 2015) (rejecting argument that an institutional investor should be appointed as Lead Plaintiff because the PSLRA favors intuitional investors over individuals); *In re Vonage Initial Pub. Offering (IPO) Sec. Litig.,* No. CIV A 07-177 FLW, 2007 U.S. Dist. LEXIS 66258, at *38-39, n. 15 (D.N.J. Sept. 7, 2007) ("Centurion contends that because it is the only institutional investor, which Centurion argues is favored by the PSLRA, it should be appointed as the Lead Plaintiff. The suggestion that Centurion is entitled to some preferential treatment as an institutional investor is misplaced. The predicate of PSLRA's aim to encourage institutional investors to seek a more active role in

13

securities class actions is explicit in the body of the statute-namely, that investors with the largest financial interest are the presumptively most adequate plaintiff."). In fact, the mere fact that a movant may or may not be an institutional investor means little, if anything. To be sure, El Paso is an institutional investor yet submitted an inaccurate certification in support of its motion for lead plaintiff (ECF No. 19-2). Though required to identify matters in which it sought to serve as a representative party in cases brought under the Exchange Act (*see* 15 U.S.C. § 78u-4(a)(2)(A)(v)), El Paso failed to identify *Jubelt v. Weight Watchers International, Inc. et al.,* C.A. No. 1:19-cv-02528, ECF No. 1 (S.D.N.Y. Mar. 21, 2019). El Paso signed its certification on March 16, 2022 without identifying the *Weight Watchers* action which had been filed on March 21, 2019 and, therefore, within the three-year required reporting period.

Accordingly, KNS Holdings is entitled to be appointed as lead plaintiff. *See Cendant*, 264 F.3d at 268 ("If no class member succeeds in rebutting the presumption, then the district court should appoint the presumptive lead plaintiff as the lead plaintiff.").

## III.      CONCLUSION

KNS Holdings has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, KNS Holdings respectfully requests that the

Court appoint it as Lead Plaintiff, approve its selection of counsel, and grant such other relief as the Court may deem just and proper

Dated: May 2, 2022                                   Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Adam M. Apton*
Adam M. Apton
55 Broadway, 10th Floor
New York, New York 10006
Tel.: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Counsel for KNS Holdings LLC*
*DBPP UA Jan. 1, 2016 and*
*[Proposed] Lead Counsel for the*
*Class*

15

## <u>CERTIFICATE OF SERVICE</u>

I, Adam M. Apton, hereby certify that on May 2, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing.

*/s/Adam M. Apton*
Adam M. Apton
