James E. Cecchi
Lindsey H. Taylor
Donald A. Ecklund
**CARELLA, BYRNE, CECCHI,
OLSTEIN, BRODY & AGNELLO, P.C.**
5 Becker Farm Road
Roseland, New Jersey 07068
Telephone: (973) 994-1700

*Counsel for Lead Plaintiff Movant Brian E.
Bennett and Proposed Co-Lead Counsel for
the Putative Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150

*Counsel for Lead Plaintiff Movant Brian E.
Bennett and Proposed Co-Lead Counsel for
the Putative Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,<br><br>Defendants. | Case No. 2:22-cv-00854-JXN-JBC<br><br>**BRIAN E. BENNETT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Lead Plaintiff Movant Brian E. Bennett ("Bennett") respectfully submits this reply memorandum of law in further support of his motion for appointment as lead plaintiff and approval of lead counsel (Dkt. No. 18), and in reply to the two oppositions filed by the El Paso Firemen & Policemen's Pension Fund (the "El Paso Fund") (Dkt. No. 28, "Fund Opp."), and KNS Holdings LLC DBPP UA Jan. 1, 2016 ("KNS") (Dkt. No. 29, "KNS Opp.").

All lead plaintiff movants other than Bennett, the El Paso Fund, and KNS have abandoned their motions by filing notices of non-opposition. *See* Dkt. Nos. 24, 25, 26.

Bennett remains the only movant who has standing to assert the class claims under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). The Section 14(a) class consists of "all holders of Butterfly common stock as of the [January 15, 2021] record date for the special meeting of shareholders held on February 12, 2021 to consider approval of the merger between Longview and Butterfly . . . and entitled to vote on the [m]erger." Dkt No. 1 ¶¶ 1, 58. Bennett purchased 4,515 shares before January 15, 2021, and held those shares through the merger vote. *See* Dkt. No. 18-2 at 8-11. El Paso Fund and KNS did not purchase shares before January 15, 2021 and cannot assert the Section 14(a) claim. *See* Dkt. No. 19-2 at 8; Dkt. No. 21-3, 21-4.

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that a movant make "a *prima facie* showing of typicality and adequacy" to become the presumptive most adequate plaintiff to be a pointed as lead plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Despite having now had two opportunities, in their opening and opposition memoranda, the El Paso Fund and KNS have not shown (and cannot show) that they would be adequate representatives of the Section 14(a) class. Neither the El Paso Fund nor KNS challenge that only Bennett has standing to assert the Section 14(a) claim. The El Paso Fund and KNS also

1

do not challenge the fact that they have zero financial or fiduciary interest in the outcome of the Section 14(a) claim.

Bennett, in contrast, has shown that he would be an adequate representative of the Section 14(a) class. As a result, Bennett should be appointed as co-lead plaintiff to represent the Section 14(a) class. *See Wang v. Athira Pharma, Inc.*, No. 21-cv-861, 2021 WL 4726458, at *4 (W.D. Wash. Oct. 5, 2021) (appointing a co-lead plaintiff who had standing to pursue the Securities Act claims, reasoning that the movant "is presumptively the 'most adequate plaintiff' with respect to the Securities Act claims"); *In re Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2002 WL 32769239, at *11 (S.D. Cal. Oct. 11, 2002) (appointing "co-lead plaintiffs, one to lead litigation with respect to the section 11 plaintiffs and another to lead litigation with respect to the section 10(b) plaintiffs").

Moreover, as Bennett's opposition memorandum explained, the Section 10(b) class and the Section 14(a) class will be in direct conflict as this case progresses. *See* Dkt. No. 27 at 5-6. The class definitions do not overlap, and the elements of each claim are different, including with respect to scienter. *See id.* at 3-4; *Wang*, 2021 WL 4726458, at *3 (appointing co-lead plaintiffs where "[t]he . . . claims have different elements, and the former requires a showing of scienter, while the latter does not"). If this case settles for an amount below the full damages, the two classes will compete with each other over a limited pool of settlement funds. A leader with a financial interest only in the Section 10(b) claim should not be entrusted with the power to negotiate a settlement on behalf of the Section 14(a) claimants—especially when whatever amount is apportioned to the Section 14(a) claimants will be taken from the Section 10(b) claimants. *See Peregrine Sys., Inc. Sec. Litig.*, No. 02-cv-870, 2003 WL 23955714, at *3 (S.D. Cal. Jan. 30, 2003) (a lead plaintiff

with no section 11 financial interest "calls into question [his] incentive to vigorously pursue recovery on behalf of the section 11 claimants").

Thus, Bennett should be appointed as co-lead plaintiff to represent the Section 14(a) class. Bennett further requests that the Court split this action into two cases on parallel tracks with coordinated discovery to ensure the Section 14(a) class is adequately represented and protected.[1]

DATED: May 9, 2022                                    Respectfully submitted,

                                                     **CARELLA, BYRNE, CECCHI, OLSTEIN,
                                                     BRODY & AGNELLO, P.C.**

                                                     By:   _s/ Donald A. Ecklund_
                                                     James E. Cecchi
                                                     Lindsey H. Taylor
                                                     Donald A. Ecklund
                                                     5 Becker Farm Road
                                                     Roseland, New Jersey 07068
                                                     Telephone: (973) 994 -1700

                                                     *Counsel for Brian E. Bennett and Proposed Co-
                                                     Lead Counsel for the Putative Class*

                                                     **GLANCY PRONGAY & MURRAY LLP**
                                                     Robert V. Prongay
                                                     Charles H. Linehan
                                                     Pavithra Rajesh
                                                     1925 Century Park East, Suite 2100
                                                     Los Angeles, California 90067
                                                     Telephone: (310) 201-9150

                                                     *Counsel for Brian E. Bennett and Proposed Co-
                                                     Lead Counsel for the Putative Class*

---

[1] Bennett did not originally request that the Section 10(b) claim and the Section 14(a) claim be split into separate actions in his opening memorandum because Bennett has standing to pursue both claims. *See* Dkt. No. 18-2 at 11 (Financial Interest Analysis). Given that the presumptive most adequate plaintiff to represent the Section 10(b) class does not have standing to pursue the Section 14(a) claim, and the conflicts this will generate, the Section 10(b) and Section 14(a) claims should proceed on coordinated but separate tracks.