SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
CHRISTOPHER L. AYERS
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
cayers@seegerweiss.com

Liaison Counsel

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., et al., <br><br> Defendants. | No. 2:22-cv-00854-JXN-JBC <br><br> <u>CLASS ACTION</u> <br><br> EL PASO FIREMEN & POLICEMEN'S PENSION FUND'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF <br><br> MOTION DAY:   May 16, 2022 |

4859-1943-5807.v1

Of the three remaining movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only El Paso Firemen & Policemen's Pension Fund (the "Pension Fund") satisfies the requirements for appointment as lead plaintiff.[1]  The Pension Fund is a sophisticated institutional investor that filed a timely motion, possesses the largest financial interest of any qualified movant, is typical and adequate, selected qualified counsel, and is not subject to unique defenses.  *See* 15 U.S.C. §78u-4(a)(3)(B).

None of the competing movants have raised any issues regarding the Pension Fund's ability to satisfy all of the PSLRA's requirements for appointment as lead plaintiff, confirming that it is the "most adequate plaintiff" to lead this litigation.[2] And indeed, the Pension Fund is a sophisticated institutional investor and experienced fiduciary that has recovered tens of millions of dollars as a PSLRA lead plaintiff.

By contrast, KNS cannot be appointed lead plaintiff because it has not made the *prima facie* showing of typicality and adequacy required of it by the PSLRA and the

---

[1]    The remaining movants are: (1) the Pension Fund; (2) KNS Holdings LLC DBPP UA Jan. 1, 2016 ("KNS"); and (3) Brian E. Bennett.

[2]    *In re Cendant Corp. Litig.*, 264 F.3d 201, 244 (3d Cir. 2001) ("[T]he PSLRA's legislative history expressly states that Congress anticipated and intended that [institutional investors ] would serve as lead plaintiffs." (citing S. Rep. No. 104-98, at 11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The Committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring the court to presume that the member of the purported class with the largest financial stake in the relief is the 'most adequate plaintiff.'")).

- 1 -

Third Circuit.  *See* ECF 28 at 5-9.  Moreover, KNS' atypical trading pattern in Butterfly Network, Inc. securities subjects it (as well as all class members that it seeks to represent) to unique reliance defenses because KNS purchased nearly half of its shares after the "truth" was revealed to investors (and at a lower price than KNS alleges that Butterfly shares were trading at after the market had time to absorb the news).

While KNS does not argue against the Pension Fund's *bona fides* – as it understands that there is no basis to do so – it nonetheless maintains that the Pension Fund's status as an institutional investor "means little, if anything." ECF 29 at 14.  To support this flawed argument, KNS asserts that the Pension Fund's PSLRA Certification (ECF 19-2) is "inaccurate" because it fails to list *Weight Watchers International* as a securities class action filed in the three years preceding the date of the Pension Fund's Certification (March 16, 2022) in which the Pension Fund sought lead plaintiff appointment.  KNS is wrong.  The initial complaint in *Weight Watchers International* was actually filed on March 4, 2019 – more than three years ago – and thus was not required to be listed on the Certification.  *See* Exhibit A to the Declaration of Christopher A. Seeger in Support of El Paso Firemen & Policemen's Pension Fund's Reply Memorandum of Law in Further Support of Motion for Appointment as Lead Plaintiff ("Seeger Reply Decl.").  While the follow-on *Jubelt* case cited by KNS (which was consolidated into *Weight Watchers International*) was

- 2 -

filed on March 21, 2019, ***the Pension Fund did not file a lead plaintiff motion in the Jubelt case***. *See* Seeger Reply Decl., Ex. B. Accordingly, KNS' contention is erroneous and thus irrelevant to the Court's consideration of the Pension Fund's status as the presumptive lead plaintiff, which has not been rebutted.

Finally, the Court should decline the request of Mr. Bennett – the movant who lost the least amount of money on his Butterfly investment, and who has the least to gain from the litigation – to be appointed co-lead plaintiff because of his standing to bring claims under §14(a) of the Securities Exchange Act of 1934 in this case. *See Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 (2d Cir. 2004) ("Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim."). Indeed, "the PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class." *Id.* at 83. Faced with a similar request in the historic securities litigation against Cendant Corporation, Judge Wells observed that "[m]ore likely than not, the putative class in any large shareholder action will be composed of plaintiffs whose portfolios differ in composition from one another" which simply "does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individualized interest is

- 3 -

4859-1943-5807.v1

represented." *In re Cendant Corp. Litig.*, 182 F.R.D. 144, 148 (D.N.J. 1998). And, the court expressly acknowledged that "[c]ompeting movants may be correct that the resolution of this case could ultimately favor holders of one type of security over the others." *Id.* But, "[o]n the other hand, representation by a disparate group of plaintiffs, each seeking only the protection of its own interests, could well hamper the force and focus of the litigation. A balance must be struck." *Id.* That court sensibly recognized that "notwithstanding every plaintiff's undeniable interest in an outcome most favorable to his or her position, every warrior in this battle cannot be a general." *Id.*[3] Mr. Bennett's request for a subclass should be denied.

The Pension Fund is the only applicant before the Court that satisfies the PSLRA's criteria for appointment as lead plaintiff. The other applicants either do not satisfy the Rule 23 requirements or lack a sufficient financial interest. Consequently, their motions should be denied and the requests of the Pension Fund, that it be

---

[3]    Mr. Bennett's counsel is aware of the one-sided caselaw against appointing niche co-lead plaintiffs, as evidenced by its presently-pending argument in *Butala v. Owlet, Inc. f/k/a Sandbridge Acquisition Corp.*, No. 2:21-cv-09016-FLA-JEM (C.D. Cal.) that creating a §14(a) subclass and appointing a co-lead plaintiff with standing to bring §14(a) claims is "contrary to the mandate and purpose of the PSLRA." Seeger Reply Decl., Ex. C at 7-8 (collecting cases). It is also correct that "[Mr. Bennett's] proposed subclass is especially inappropriate here because [the Pension Fund's] financial interest is so much larger than [Mr. Bennett's]." *Id.* at 7 (citing *Bodri v. Gopro, Inc.*, 2016 WL 1718217, at *6 (N.D. Cal. Apr. 28, 2016) (rejecting a proposed subclass "[e]specially in light of Gao's relatively small financial interest in this litigation")).

- 4 -

appointed as Lead Plaintiff and its counsel approved as Lead Counsel, should be granted.

DATED: May 9, 2022                           Respectfully submitted,

                                             SEEGER WEISS LLP
                                             CHRISTOPHER A. SEEGER
                                             CHRISTOPHER L. AYERS


                                                  s/ Christopher A. Seeger
                                             CHRISTOPHER A. SEEGER

                                             55 Challenger Road, 6th Floor
                                             Ridgefield Park, NJ  07660
                                             Telephone:  212/584-0700
                                             212/584-0799 (fax)
                                             cseeger@seegerweiss.com
                                             cayers@seegerweiss.com

                                             Liaison Counsel

                                             ROBBINS GELLER RUDMAN
                                                & DOWD LLP
                                             DANIELLE S. MYERS
                                             JENNIFER N. CARINGAL
                                             MICHAEL ALBERT
                                             655 West Broadway, Suite 1900
                                             San Diego, CA  92101
                                             Telephone:  619/231-1058
                                             619/231-7423 (fax)
                                             dmyers@rgrdlaw.com
                                             jcaringal@rgrdlaw.com
                                             malbert@rgrdlaw.com

                                             Proposed Lead Counsel for Proposed Lead
                                             Plaintiff

- 5 -

4859-1943-5807.v1