**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON, | |
| Defendants | |

Civ. No. 2:22-cv-00854-MEF-JBC

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY
OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' REPLY BRIEF
IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE SECOND AMENDED CLASS ACTION COMPLAINT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES................................................................................................ii

I.      PRELIMINARY STATEMENT ................................................................................ 1

II.     RELEVANT FACTS .................................................................................................. 2

III.    ARGUMENT .............................................................................................................. 5

        A.  Applicable Legal Standards............................................................................. 5

        B.  Plaintiffs Should Be Permitted to File a Sur-reply to Address Defendants' New
            Arguments Raised in Their Reply Brief.......................................................... 6

        C.  In the Alternative, The Court Should Strike Defendants' New Arguments Raised on
            Reply as Being Waived .................................................................................... 8

IV.     CONCLUSION........................................................................................................... 8

i

## TABLE OF AUTHORITIES

**Cases**

*Bayer AG & Bayer Corp. v. Schein Pharm.*,
129 F. Supp. 2d 705 (D.N.J. 2001) ...................................................................................... 5, 6, 7

*Derieux v. FedEx Ground Package Sys., Inc.*,
2023 U.S. Dist. LEXIS 10033 (D.N.J. Jan. 20, 2023) ................................................................ 5

*Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*,
2020 U.S. Dist. LEXIS 136036 (D.N.J. July 31, 2020) ....................................................... 5, 6, 8

*In re Suprema Specialties, Inc. Sec. Litig.*,
438 F.3d 256 (3d Cir. 2006) ................................................................................................ 3, 4, 6

*Laborers' Int'l Union v. Foster Wheeler Energy*,
26 F.3d 375 (3d Cir. 1994) ......................................................................................................... 5, 6

*Levey v. Brownstone Inv. Grp., LLC*,
590 F. App'x 132 (3d Cir. 2014) ................................................................................................... 5

*Sprint Spectrum L.P. v. Zoning Bd. of Adjustment*,
2010 U.S. Dist. LEXIS 124749 (D.N.J. Nov. 22, 2010) ............................................................. 8

Lead Plaintiff KNS Holdings LLC DBPP UA Jan. 1, 2016 ("KNS"), and additional Plaintiffs Carl Metzger and Dan Liu, respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion for Leave to File A Sur-Reply to Defendants' Motion to Dismiss or, in the alternative, to Strike Defendants' Reply Brief in Further Support Of Defendants' Motion To Dismiss ("Reply Brief" or "Reply") to the extent it raises new arguments.

## I.    PRELIMINARY STATEMENT

This is a class action arising out of Defendants' violations of the federal securities laws. Defendants' misrepresentations in this case are egregious and caused great financial harm to investors who relied on Defendants' materially false and misleading statements in purchasing Butterfly Networks, Inc. ("Butterfly") stock at artificially inflated prices during the Class Period.[1] Desperate to escape liability, and recognizing that Plaintiffs' Opposition Memorandum fully rebuts their Motion to Dismiss the Second Amended Class Action Complaint ("MTD"), Defendants impermissibly raise *four new arguments* in their Reply Brief that appear nowhere in their Motion to Dismiss and, thus, are waived.

*First*, despite conceding in their Motion to Dismiss that, according to Third Circuit precedent and the Court's prior ruling at the Pre-Motion to Dismiss conference on January 25, 2023 ("Pre-Motion Conference") that Plaintiffs adequately allege Section 11 standing, Defendants now claim the Court never found Plaintiffs alleged standing and, to the extent it did, belatedly ask the Court to reconsider its prior ruling.

*Second*, Defendants argue on Reply that the Court cannot consider the false statements alleged in an investor presentation filed with the U.S. Securities and Exchange Commission ("SEC") on Form

---

[1] All capitalized terms shall have the same meaning as those ascribed to them in the Plaintiffs' Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC"), ECF 68, unless otherwise defined.

1

8-K on November 20, 2020 (the "November 2020 Investor Presentation") because those statements occurred prior to the Class Period and were not incorporated by reference into the Registration Statement. Yet, in their Motion to Dismiss, Defendants characterized the November 2020 Investor Presentation as "investor presentation materials *incorporated into the Form S-4*." MTD at 4 (emphasis added).

*Third*, Defendants argue—for the first time—that the alleged misstatements were "classic examples" of puffery, or statements of corporate optimism too vague to sustain a claim. This is a major departure from the arguments made in their Motion to Dismiss wherein Defendants primarily argued that the misstatements were not false because they were "literally true" and/or that the Form S-4 disclosed the truth.

*Finally*, Defendants argue on Reply that their end of Class Period admissions that Butterfly's software was "objectively lagging" and lacked enterprise functionality does not support scienter and only concerns loss causation.

Defendants may not use their Reply Brief as a "do over" for arguments they missed or wish they had argued differently. As discussed below, Plaintiffs respectfully request leave to file a 12-page sur-reply for the limited purpose of responding to Defendants' new arguments made for the first time on Reply. In the alternative, Plaintiffs request that the Court find Defendants' new arguments not raised in their Motion to Dismiss are waived and strike them from the record.

## II.    RELEVANT FACTS

The initial complaint in this action was filed on February 16, 2022 (ECF 1) and KNS was appointed Lead Plaintiff on August 8, 2022. ECF 41.  Plaintiffs KNS and Carl Metzger subsequently filed the First Amended Class Action Complaint for Violations of the Federal Securities Laws on November 1, 2022 ("FAC") asserting violations of Section 11 and 15 of the Securities Act of 1933 and Section 10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934. ECF 53. In the FAC, Plaintiffs

2

KNS and Metzger alleged they had Section 11 standing because they "purchased Butterfly Class A stock pursuant or traceable to the Defective Proxy/Registration Statement[.]" *Id.*, FAC, ¶¶17-18. Plaintiffs also alleged in the FAC that Defendants made materially false and misleading statements throughout the Class Period, including in the November 20, 2020 Investor Presentation incorporated by reference into Butterfly's Form S-4 Registration Statement, which stated, *inter alia*: "Healthcare Institutions to Drive Adoption at Scale: Strong initial adoption, excitement, and momentum" and "Butterfly has an existing footprint in most of the Top 100 US Health Systems[.]" ECF 68, SAC, ¶¶76, 207, 237-45.

On January 6, 2023, in accordance with the Court's local rules, Defendants filed a letter requesting a pre-motion conference in advance of filing a motion to dismiss ("Pre-Motion Letter"). ECF 60. In Defendants' Pre-Motion letter, they argued that Plaintiffs failed to adequately allege Section 11 standing because Plaintiffs alleged "in the most general, and legally insufficient terms," their shares could be traced to the Registration Statement. *Id.* at 2.

On January 13, 2023, Plaintiffs responded to Defendants' letter arguing, among other things, that under controlling Third Circuit law, Plaintiffs adequately alleged Section 11 standing. ECF 62. Plaintiffs' letter also presented the Court with the controlling Third Circuit precedent, *In re Suprema Specialties, Inc. Sec. Litig.,* 438 F.3d 256, 274 n.7 (3d Cir. 2006), which holds that a plaintiff's assertion of purchases 'in' and 'traceable to' the relevant stock offering is sufficient to satisfy standing at the pleading stage. ECF 62. No Third Circuit case has overruled or superseded *Suprema* and nearly every case in the Third Circuit to take up the issue has followed it.

At the telephonic Pre-Motion Conference (ECF 67), the Court considered the issues and arguments presented in the parties' letters. While the Pre-Motion Conference was not transcribed, Plaintiffs and Defendants both understood that the Court rejected Defendants' standing argument as

3

premature and explained that the Court would not dismiss the Section 11 claims for lack of standing at the pleading stage before allowing Plaintiffs the discovery needed to demonstrate that Plaintiffs purchased shares traceable to the relevant stock offering. ECF 67; Reply Brief at 15 ("At the pre-motion conference, the Court accepted Plaintiffs' contention that this rote allegation was sufficient under *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n. 7 (3d Cir. 2006)"). At no time after the Pre-Motion Conference did Defendants seek reconsideration of the Court's ruling that Plaintiffs adequately alleged Section 11 standing.

On February 24, 2023, Plaintiffs filed the Second Amended Complaint ("SAC"), the operative complaint in this Action, which asserted the same claims and added nearly 100 pages of additional support, *including additional facts supporting the traceability of their purchases* of Butterfly shares to the relevant IPO. ECF 68, ¶¶18-20, 66-70. Plaintiff Dan Liu also joined the suit as a named plaintiff in the SAC and alleges that he purchased Butterfly shares on the date of Butterfly's IPO pursuant to the false and misleading Registration Statement at issue. ECF 68, ¶20. The SAC, much like the FAC (ECF 53), also included allegations that Defendants made materially false and misleading statements in a November 20, 2020 Investor Presentation incorporated into Butterfly's Form S-4 Registration Statement by reference. SAC, ¶¶76, 207, 237-45.

On April 24, 2023, Defendants filed their Motion to Dismiss. Plaintiffs filed their Memorandum of Law in Opposition to Defendants' Motion to Dismiss (the "Opposition Memorandum") on June 23, 2023, addressing the arguments Defendants made in their Motion to Dismiss. ECF 78. On July 24, 2023, Defendants filed their Reply Brief in further support of the Motion to Dismiss. ECF 79. Defendants' Reply Brief raised a host of new arguments not previously raised in their Motion to Dismiss relating to Plaintiffs' standing under Section 11, falsity and scienter.

## III.    ARGUMENT

### A.  Applicable Legal Standards

"It is axiomatic that reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted. The rationale for this rule is self-evident-- because the local rules do not permit sur-reply briefs, *see* L.Civ.R. 7.1(d), a party opposing [a motion to dismiss] has no opportunity to respond to newly minted arguments contained in reply briefs." *Bayer AG & Bayer Corp. v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (citations omitted). Furthermore, "a 'passing reference' to an issue in an opening brief will not suffice to put a party on notice that the moving party is moving on that particular issue." *Id*. (citing *Laborers' Int'l Union v. Foster Wheeler Energy*, 26 F.3d 375, 398 (3d Cir. 1994)).

To prevent the unfairness and prejudice that arises when a party raises new issues for the first time in a reply brief, Local Civil Rule 7.1(d)(6) authorizes the Judge to whom a case is assigned to permit a sur-reply. *See Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014) ("permission for leave to file a sur-reply is a matter 'committed to the District Court's sound discretion'"). A sur-reply may be permitted "to address new issues raised by the opposing party for the first time in a reply brief." *Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*, 2020 U.S. Dist. LEXIS 136036, at \*19-20 (D.N.J. July 31, 2020) (granting plaintiffs permission to file a sur-reply for the limited purpose of addressing defendants' new arguments raised in the reply brief); *Derieux v. FedEx Ground Package Sys., Inc.*, 2023 U.S. Dist. LEXIS 10033, at \*2 n.1 (D.N.J. Jan. 20, 2023) (granting motion for leave to file a sur-reply on the basis that the opposing party had raised new arguments in a reply brief) (citing *Levey*, 590 F. App'x at137).

Here, as in *Healthquest* and *Derieux*, Defendants raise several issues and arguments for the first time in their Reply Brief. *See Healthquest of Cent. Jersey, LLC*, 2020 U.S. Dist. LEXIS 136036, at \*19-20; *Derieux*, 2023 U.S. Dist. LEXIS 10033, at \*2 n.1. Having no opportunity to respond to

5

Defendants' newly developed, unsound arguments greatly prejudices Plaintiffs and leaves the Court in a position to decide issues that have not been fully briefed. Accordingly, to prevent unfairness and prejudice to the Plaintiffs, the Court should exercise its discretion, as courts have done in the past, to permit Plaintiffs leave to file a sur-reply so that the newly raised issues may be fully briefed. L.Civ.R. 7.1(d); *see Healthquest of Cent. Jersey, LLC*, 2020 U.S. Dist. LEXIS 136036, at \*20.

### B. Plaintiffs Should Be Permitted to File a Sur-reply to Address Defendants' New Arguments Raised in Their Reply Brief

In their Reply Brief, Defendants impermissibly raise four brand new arguments for the first time that they could have, but did not, raise in their Motion to Dismiss.

***First***, Defendants argue, *for the first time*, that the Court should reconsider its prior ruling at the Pre-Motion Conference that Plaintiffs adequately alleged Section 11 standing at the pleading stage. *See* Reply Brief at 14 ("Insofar as the Court's comments at the pre-motion conference constitute its 'decision' on the matter, the Defendants respectfully ask the Court to reconsider…"). The body of Defendants' Motion to Dismiss, however, contained no arguments that Plaintiffs failed to plead sufficient facts to establish Section 11 standing. *Id*. Instead, Defendants dropped a single footnote asserting the same standing arguments that were rejected at the Pre-Motion Conference (MTD at 6, fn. 3), while conceding prevailing Third Circuit law favors Plaintiffs:

> Defendants recognize that Third Circuit precedent currently holds that such generalized allegations may be sufficient to withstand a motion to dismiss. *See In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006).

MTD at 6, fn. 3. This "passing reference"—a mere footnote with no discussion in the body of the Motion to Dismiss that concedes controlling precedent favored Plaintiffs—was insufficient to "put [Plaintiffs] on notice that the moving party is moving on that particular issue." *See Bayer AG & Bayer Corp.*, 129 F. Supp. 2d at 716; *Laborers' Int'l Union*, 26 F.3d at 398.

***Second***, Defendants' Reply Brief raised the new argument that the November 20, 2020 Investor

6

Presentation "*did not appear in the Form S-4*" and "the suggestion that the Investor Presentation was incorporated into the Form S-4—is wrong". Reply at 4. This is a direct contradiction of the arguments Defendants made in their Motion to Dismiss wherein they *conceded* the November 2020 Investor Presentation was Incorporated into the Registration Statement by reference. *Compare* MTD at 4 (describing certain allegations in the SAC as "investor presentation materials incorporated into the Form S-4") *with* Reply at 1 (arguing the misstatements in the Investor Presentation were not incorporated into the Form S-4 by reference). Nothing in the Motion to Dismiss notified Plaintiffs that Defendants were moving to dismiss on the (faulty) assertion that the 2020 Investor Presentation was not incorporated into the Form S-4 registration statement. *See Bayer AG & Bayer Corp.*, 129 F. Supp. 2d at 716.

**Third**, Defendants argued for the first time in their Reply Brief that some misstatements, rather than being "literally true" as argued in the Motion to Dismiss, are instead classic examples of puffery or general statements of corporate optimism too vague to sustain a claim. Reply at 2. This is a dramatic shift away from the arguments made in the Motion to Dismiss wherein Defendants nowhere argued puffery. MTD at 7-8 ("nothing [in the SAC or elsewhere] suggests that the statement was in any way untrue"); MTD at 10 ("Butterfly's software was—exactly as the Form S-4 said it was—a work in progress"). Indeed, words and phrases such as "puffery" or "too vague to sustain a securities-fraud claim" never appear in the Defendants' MTD. Thus, Plaintiffs had no reason to be on notice that Defendants were moving to dismiss on the basis that the misstatements were puffery. *See Bayer AG & Bayer Corp.*, 129 F. Supp. 2d at 716.

**Finally**, Defendants argue for the first time on Reply that their end of Class Period admissions—the software had been "objectively lagging" throughout the Class Period and introduction of new software nearly a year after the IPO to include capabilities the Company previously asserted

7

were available at the time of the IPO that enterprise customers required—are not admissions that support scienter and only relate to loss causation. ECF 68, SAC, ¶¶196-205. Reply at 10-13. The SAC contained detailed allegations in support of falsity and scienter relating to the subsequent release of new software and Defendants' own admission that the software existing at the time of the IPO did not have the capabilities the Company had asserted in the Registration Statement. ¶¶196-205. Yet, Defendants entirely failed to make any arguments relating to these allegations in the Motion to Dismiss. Defendants now misrepresent those allegations as applying only to loss causation, selectively citing ¶¶356-69 (discussing loss causation) and ignoring that these allegations are not limited to loss causation in the SAC (*e.g.*, ¶¶196-205).

    **C.  In the Alternative, The Court Should Strike Defendants' New Arguments Raised on Reply as Being Waived**

Alternatively, Plaintiffs respectfully ask the Court to strike the portions of Defendants' Reply Brief that contain new arguments not raised on the Motion to Dismiss. *See Sprint Spectrum L.P. v. Zoning Bd. of Adjustment*, 2010 U.S. Dist. LEXIS 124749, at *52 (D.N.J. Nov. 22, 2010) (granting motion to strike portions of the reply brief "to the extent that [they] raise legal arguments not presented by their brief in support of their motion"); *see also Healthquest of Cent. Jersey, LLC*, 2020 U.S. Dist. LEXIS 136036, at *21 (denying the alternative motion to strike new arguments as moot after granting the motion for leave to file a sur-reply).

**IV.    CONCLUSION**

Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to File a Sur-Reply for the limited purpose of addressing new arguments and issues raised by Defendants in their Reply Brief. In the alternative, Plaintiffs respectfully request that the Court strike the portions of Defendants' Reply Brief containing new arguments and issues not raised in the Motion to Dismiss.

8

DATED: July 31, 2023

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

*/s/ Eduard Korsinsky*
Eduard Korsinsky
55 Broadway, 4th Floor Suite #427
New York, NY 10006
Tel: (212) 992-4523
Fax: (212) 363-7171
ek@zlk.com

Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
David C. Jaynes (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
djaynes@zlk.com

*Counsel for Plaintiffs and the Class*

9