# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON, <br><br> Defendants. | Case No. 2:22-CV-00854-MEF-JBC <br><br> **ORAL ARGUMENT REQUESTED** <br><br> Motion Date: September 5, 2023 <br><br> *Document Filed Electronically* |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY OR, IN THE ALTERNATIVE, TO STRIKE DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS <u>THE SECOND AMENDED CLASS ACTION COMPLAINT</u>**

Seth R. Goldman
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Tel: 212-692-6845
srgoldman@mintz.com

John F. Sylvia (*admitted pro hac vice*)
Patrick E. McDonough (*admitted pro hac vice*)
Evelyn Limon (*admitted pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center

Boston, MA 02111
Tel:  (617) 348-1820
jfsylvia@mintz.com
pemcdonough@mintz.com
elimon@mintz.com

*Attorneys for Defendants Butterfly Network,*
*Inc. f/k/a Longview Acquisition Corp., Todd*
*M. Fruchterman, Jonathan M. Rothberg,*
*John Rodin, Larry Robbins, Mark Horowitz,*
*Westley Moore, Derek Cribbs, and Randy*
*Simpson*


Jim Walden
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel:  212-335-2030
jwalden@wmhlaw.com


*Attorneys for Defendant Stephanie Fielding*



Dated:  August 22, 2023

## TABLE OF CONTENTS

**Page(s)**

1.    Loss Causation vs. Scienter ...................................................................................................2

2.    "Puffery" ..............................................................................................................................3

3.    "Incorporation By Reference" ............................................................................................3

4.    The Viability of the Section 11 Claim .................................................................................6

CONCLUSION..............................................................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bayer AG & Bayer Corp. v. Schein Pharm.*,
129 F. Supp. 2d 705 (D.N.J 2001) ........................................................................................1, 7

*Delrio-Mocci v. Connolly Props.*,
2009 U.S. Dist. LEXIS 84459 (D.N.J. Sep. 16, 2009) ...........................................................2

*Donovan v. Dragados, S.A.*,
2013 U.S. Dist. LEXIS 128710 (D.N.J. Sep. 10, 2013) .........................................................1

*GFF Corp. v. Associated Wholesale Grocers*,
130 F.3d 1381 (10th Cir. 1997) .............................................................................................5

*Hopkins v. Advanced Call Ctr. Techs., LLC*,
No. 20-06733 (KM) (ESK), 2021 U.S. Dist. LEXIS 67732 (D.N.J. Apr. 7,
2021) .....................................................................................................................................6, 7

*Lungu v. Antares Pharma Inc.*,
2022 U.S. App. LEXIS 2117 (3d Cir. Jan. 25, 2022) .............................................................5

*Mark v. Homeserve United States Corp.*, *No. 19-20505*,
2020 U.S. Dist. LEXIS 267697 (D.N.J. July 2, 2020).............................................................6

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997)....................................................................................................5

*OFI Asset Mgmt. v. Cooper Tire & Rubber*,
834 F.3d 481 (3d Cir. 2016)....................................................................................................4

*PMC, Inc. v. Tomco Constr., Inc.*,
2021 U.S. Dist. LEXIS 223306 (D.N.J. Nov. 18, 2021).......................................................1, 3

*Poling v. K. Hovanian Enters.*,
99 F. Supp. 2d 502 (D.N.J. 2000) ...........................................................................................5

Defendants Butterfly Network, Inc. f/k/a Longview Acquisition Corp. ("Butterfly"), Todd M. Fruchterman, Stephanie Fielding, Jonathan M. Rothberg, John Rodin, Larry Robbins, Mark Horowitz, Westley Moore, Derek Cribbs, and Randy Simpson (collectively, "Defendants") submit this memorandum in opposition to Plaintiffs' Motion for Leave to File a Sur-reply or, in the Alternative, to Strike Defendants' Reply Brief In Further Support Of Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("MLFS"). ECF No. 80. The Court should deny the MLFS and refuse to strike Defendants' Reply in Further Support of Defendants' Motion to Dismiss ("Reply Brief") because it is based on a misrepresentation of the record and an inversion of the relevant legal principle. According to Plaintiffs, they are entitled to a sur-reply or, alternatively, an order that strikes Defendants' Reply Brief because the Defendants "impermissibly raise *four new arguments* in their Reply Brief. . . ." MLFS at 1 (emphasis added). Plaintiffs invoke the "axiom[]" that "reply briefs should respond to the respondent's arguments or explain a position in the initial brief that the respondent has refuted." *Id.* at 5 (quoting *Bayer AG & Bayer Corp. v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001)).

That, however, is exactly what the Reply Brief did. Three of the supposedly "new arguments" Defendants made in the Reply Brief responded to arguments or issues that Plaintiffs had raised for the first time in their Opposition; the fourth merely amplified a position explicitly taken in Defendants' initial memorandum in support of Defendants' Motion to Dismiss (the "Motion to Dismiss" or "MTD"). ECF No. 72-2 at 6, n. 3. The Court should therefore deny both types of relief requested by Plaintiffs (*either* leave to file a sur-reply *or* striking the Reply Brief) as inappropriate. *Donovan v. Dragados, S.A.*, 2013 U.S. Dist. LEXIS 128710, at *10-11 (D.N.J. Sep. 10, 2013) (denying leave to file sur-reply where "reply brief does not raise any new arguments but rather responds to arguments made ... for the first time in ... opposition papers"); *see also PMC,*

1

*Inc. v. Tomco Constr., Inc.*, 2021 U.S. Dist. LEXIS 223306, at \*13-14 (D.N.J. Nov. 18, 2021);

*Delrio-Mocci v. Connolly Props.*, 2009 U.S. Dist. LEXIS 84459, at \*11 (D.N.J. Sep. 16, 2009).

### 1.    Loss Causation vs. Scienter

The Second Amended Complaint ("SAC") contained a section entitled "The 10(b) Defendants Acted with Scienter." SAC, ECF NO. 68, §VI(G), ¶¶303-343. In this section, Plaintiffs alleged that scienter could be inferred from (1) reports, data, and discussions supposedly inconsistent with public statements, *id.*, ¶¶304-315, (2) the departure of certain executives, *id.*, ¶¶316-322, 340-343, (3) the fact that the alleged misstatements concerned Butterfly's "core business," *id.*, ¶¶323-325, (4) the receipt of "due diligence" materials by certain Defendants, *id.*, ¶¶326-329, and (5) stock trades made by a non-defendant. *Id.*, ¶¶330-339.

The Motion to Dismiss dealt with each of these allegations in turn. MTD, ECF No. 72-2 at 25-30. In their Opposition to the Motion to Dismiss ("Opposition" or "Opp."), ECF No. 78, Plaintiffs made a new argument: "Defendants' Admissions Create a Strong Inference of Scienter." Opp., ECF No. 78, at 23-28. This new argument did not rely on allegations made in the "Defendants Acted with Scienter" section of the SAC. It depended, rather, on allegations that had been made in a different section of the SAC, in support of a distinct element of Plaintiffs' claims separate from falsity and scienter: loss causation. Opp. at 23 (citing SAC, ¶¶357, 362, 366); *see also* SAC, §VI.H, ¶¶344-372 ("Loss Causation"). According to the Opposition, although Plaintiffs labeled these allegations as supporting "loss causation" in the SAC, these assertions now supported an inference of scienter. Plaintiffs now argue that Defendants' decision to not rebut these allegations in the Motion to Dismiss (and address only in the Reply Brief) constitute a concession that Plaintiffs properly pled scienter on these allegations

Defendants chose not to rebut these allegations supporting the separate element of loss causation in the Motion to Dismiss because (1) Defendants chose to argue falsity and scienter, and

2

not loss causation, in the Motion, and as a result, (2) Defendants had no reason to believe that allegations Plaintiffs had labeled as supporting "Loss Causation" were in any way relevant to Plaintiffs' burden to establish scienter. In response, Plaintiffs made the argument that the "loss causation" statements were relevant to scienter for the first time in the Opposition, and thus the Defendants were squarely within their rights to address this new argument in the Reply Brief. *PMC*, 2021 U.S. Dist. LEXIS 223306, at \*13-14 (sur-reply rejected where reply "appropriately respon[ded] to the issues raised in [the] opposition brief").

     **2.**     **"Puffery"**

Plaintiffs try a similar maneuver with respect to Defendants' argument that certain alleged misstatements are not actionable because they constituted mere "puffery." MLFS at 7 (citing Reply Brief at 2-3). The SAC alleged that Defendants had made misstatements in an Investor Presentation about Butterfly's "momentum" and the "initial adoption" of its products. SAC, ¶¶237-245. In the Motion to Dismiss, Defendants argued that *those* statements were not actionable because, among other things, they spoke to Butterfly's plans for the future, and did not purport to represent then-current conditions. MTD at 18 (citing SAC, ¶¶237-245).

Plaintiffs responded by referring to an entirely *different* section of the SAC, citing Paragraphs 291, 293, and 299, which alleged that certain Defendants had made statements about consumer "demand" and the "opportunities" available to Butterfly. Opp. at 10-11, 13. Thus, when Defendants replied that these statements were also inactionable as "puffery," Reply Brief at 2-3, they were again appropriately responding to an argument made for the first time in the Opposition.

     **3.**     **"Incorporation By Reference"**

As a matter of law, Plaintiffs' Section 11 and 14 claims rose or fell on the strength of the allegations that there were misrepresentations in the registration statement at issue—a Form S-4 filed in January 2021. Those statutes do not apply to statements made in other documents or

3

settings. Plaintiffs alleged that certain misrepresentations consisted of financial forecasts contained in the Form S-4, the so-called "2021 IPO Forecasts." SAC, ¶¶227-230. In the Motion to Dismiss, Defendants argued that the forecasts in the Form S-4 were not actionable under Third Circuit law because they had been accompanied by disclaimers stating that they should not be taken as fact and had not been included to influence investors. MTD at 11-14 (citing *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016)).

Confronted with this obstacle, Plaintiffs again opted for misdirection, arguing (1) that similar information had been contained in an Investor Presentation published two months before the Form S-4 was filed, (2) that the Investor Presentation had not contained similar disclaimers, but (3) that the Investor Presentation had been "incorporated by reference" into the Form S-4. Opp. at 15. In their Reply Brief, Defendants pointed out that Plaintiffs' third premise was wrong: the Investor Presentation had *not* been "incorporated by reference" into the Form S-4, which never even mentioned the Presentation.[1] Reply Brief at 4. Plaintiffs now claim (1) that Defendants "conceded" in their Motion to Dismiss that the Investor Presentation had been incorporated by reference into the Form S-4, and (2) that any argument to the contrary is "new." MLFS at 7.

Plaintiffs are wrong on both counts. First, the putative "concession" was nothing of the sort. Plaintiffs cite only to the "Background" section of the Motion to Dismiss, in which Defendants *recounted* certain allegations in the SAC—including the allegation that the Presentation had been "incorporated" into the Form S-4—but did not *concede* them. *See* MTD at 4. Neither Defendants nor the Court, moreover, were bound to accept the allegation as true. That

---

[1]    Moreover, and as explained in the Reply Brief, the entire premise of Plaintiffs' "incorporation" argument is illogical; even if the Investor Presentation had been incorporated into the Form S-4, the financial information in the Investor Presentation would have been subject to the Form S-4's disclaimers. *See* Reply Brief at 4-5 (citing Opp. at 15; *Carmignac Gestion, S.A. v. Perrigo Co. PLC*, 2019 WL 3451523, at *12 (D.N.J. July 31, 2019)).

principle applies only to "well-pleaded" allegations, *Poling v. K. Hovanian Enters.*, 99 F. Supp. 2d 502, 507 (D.N.J. 2000), not to allegations that, among other things, assert "unsupported conclusions," "unwarranted inferences," or "unwarranted deductions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (quoting Wright & Miller, *Federal Practice and Procedure* §1357 (2d ed. 1997)). "[F]actual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1385 (10th Cir. 1997); *see also Lungu v. Antares Pharma Inc.*, 2022 U.S. App. LEXIS 2117, at *11 n.14 (3d Cir. Jan. 25, 2022) ("When an allegation in the complaint is contradicted by a document incorporated in it by reference, the document controls and the allegation is not accepted as true"). It was perfectly appropriate, therefore, for Defendants to argue that the allegation at issue—that the Investor Presentation was "incorporated into" the Form S-4—was not well-pleaded because the document itself contradicts the factual claim. The Form S-4 speaks for itself – Plaintiffs' failure to identify any actual incorporation of the Investor Presentation within it dooms Plaintiffs' allegation as nothing more than an "unsupported conclusion." *Morse*, 132 F.3d at 906 n.8.

Nor was this an impermissibly "new argument" for purposes of the Reply Brief. In the Motion to Dismiss, Defendants argued that the "forecasts" in the Form S-4 were not actionable under *OFI Asset Mgmt.* because they were accompanied by sufficient disclaimers. MTD at 11-15. Plaintiffs responded by arguing that, notwithstanding the disclaimers accompanying the forecasts in the Form S-4, the statements in the Investor Presentation were actionable under Section 11 and Section 14 claims because they allegedly had been incorporated by reference into the Form S-4. Defendants were not obliged to anticipate this argument in their Motion to Dismiss, and they were entitled to address it in their Reply Brief.

5

4.    **The Viability of the Section 11 Claim**

Finally, there is the matter of the adequacy of the SAC to support Plaintiffs' standing to assert a Section 11 claim. Plaintiffs argue (1) that the Court made a "prior ruling at the Pre-Motion Conference that Plaintiffs adequately alleged Section 11 standing at the pleading stage," and (2) that because the Defendants made only a "passing reference" to the issue in the Motion to Dismiss, they waived the issue and could not properly revisit it in their Reply Brief. MLFS at 6.

Both elements of the argument are wrong. First, nothing in the record suggests that the Court made a binding "ruling" on the issue at the Pre-Motion Conference. The docket does not reflect such a ruling, *see* ECF No. 67, and the Pre-Motion Conference was not on the record per Judge Padin's procedures, and as a result, no transcript of the Conference exists. Thus, the notion that the Defendants could thereafter raise the issue only by asking the Court to "reconsider its prior ruling," MLFS at 6, is not well-founded. *See Mark v. Homeserve United States Corp.*, *No. 19-20505*, 2020 U.S. Dist. LEXIS 267697, at *8-9 (D.N.J. July 2, 2020) (refusing to grant preclusive effect or apply law of the case doctrine to "skepticism" expressed by prior judge during two "off-the-record" pre-motion conferences as to the likely success of the motion)

Nor is it correct to say that the Defendants made only a "passing reference" to the standing issue in the Motion to Dismiss. Although located in a footnote, the argument was a well-developed statement of reasons, some 335 words in length, with appropriate citations to both in-District and Supreme Court precedent. MTD at 6, n. 3; *see Hopkins v. Advanced Call Ctr. Techs., LLC*, No. 20-06733 (KM) (ESK), 2021 U.S. Dist. LEXIS 67732, at *16 n.8 (D.N.J. Apr. 7, 2021) (finding it proper to consider argument raised in footnote on motion to dismiss where it "contain[ed] substantive argument, plus citations, and put[] the opposing party on notice of the argument" (citing *United States v. Redd*, 526 F.3d 309, 314 (5th Cir. 2009) (rejecting contention that argument raised in footnote constitutes waiver where footnote contained "several sentences" with reference

6

to relevant statutory and decisional authority))). Indeed, there is some irony in Plaintiffs' contention: not only did Plaintiffs actually respond to the merits of Defendants' tracing argument, *see Hopkins*, 2021 U.S. Dist. LEXIS 67732, at \*16 n.8, their own argument on the Section 11 claim was shorter than the Defendants', Opp. at 21-22, and fully half of it was located in two footnotes. *Id.* at 21, nn. 5, 6.

In any event, the Opposition did not argue that Defendants had waived the standing requirement; instead it engaged the issue on a semblance of the merits, relying on the incorrect contention that "the Court already decided at the pre-motion conference that Plaintiffs adequately pled standing at this stage in the litigation." Opp. at 21-22. Thus, when Defendants revisited the standing issue in their Reply Brief, they were simply (and appropriately) explaining a position in their initial brief that Plaintiffs had, however weakly and superficially, attempted to refute. *Bayer*, 129 F. Supp. 2d at 716.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Leave to File a Sur-Reply or, in the Alternative, to Strike Defendants' Reply Brief In Further Support Of Defendants' Motion to Dismiss the Second Amended Class Action Complaint.

**Dated:** August 22, 2023

Respectfully Submitted,

/s/ *Seth R. Goldman*
Seth R. Goldman
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
919 Third Avenue
New York, NY  10022
Tel:  212-692-6845
srgoldman@mintz.com

7

John F. Sylvia (*admitted pro hac vice*)
Patrick E. McDonough (*admitted pro hac vice*)
Evelyn Limon (*admitted pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 348-1820
jfsylvia@mintz.com
pemcdonough@mintz.com
elimon@mintz.com


*Attorneys for Defendants Butterfly Network, Inc.*
*f/k/a Longview Acquisition Corp., Todd M.*
*Fruchterman, Jonathan M. Rothberg, John Rodin,*
*Larry Robbins, Mark Horowitz, Westley Moore,*
*Derek Cribbs, and Randy Simpson*


/s/  *Jim Walden*
Jim Walden
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel:  212-335-2030
jwalden@wmhlaw.com


*Attorneys for Defendant Stephanie Fielding*

8

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 22, 2023, the foregoing Opposition to Plaintiffs' Motion for Leave to File a Sur-Reply Or, in the Alternative, to Strike Defendants' Reply Brief in Further Support of Defendants' Motion to Dismiss was filed electronically with the United States District Court for the District of New Jersey through the Court's ECF System, which constitutes service on all parties under Local Civil Rule 5.1.

**Dated**:  August 22, 2023

/s/ *Seth R. Goldman*
Seth R. Goldman

9

508321710v.4