# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,

     Plaintiff,

  vs.

BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,

     Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civ. No. 2:22-cv-00854-MEF-JBC

**PLAINTIFFS' REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY AND IN RESPONSE TO DEFENDANTS' OPPOSTION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................................ii

INTRODUCTION ........................................................................................................................1

ARGUMENT ..............................................................................................................................2

    I.    Defendants Waived All "Puffery" Arguments When They Failed to Argue Puffery in Their Motion to Dismiss ........................................................................................................... 2

    II.    Defendants Waived Certain Scienter Arguments When They "Chose Not to Rebut" Those Allegations in the Motion to Dismiss ................................................................................ 3

    III.    Defendants Waived the Issue of Section 11 Standing at the Pleading Stage When Defendants Failed to Ask the Court to Reconsider the Issue in the Motion to Dismiss and Waited Until the Reply Brief to Request Reconsideration ................................................................................ 5

    IV.    Defendants Waived the Argument that the Investor Presentation Materials Were Not Incorporated into the Form S-4 by Reference By Failing to Raise That Argument in the Motion to Dismiss ........................................................................................................... 7

CONCLUSION ..........................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Bayer AG & Bayer Corp. v. Schein Pharm.*,
129 F. Supp. 2d 705 (D.N.J. 2001) ................................................................................ 3

*GFF Corp. v. Associated Wholesale Grocers*,
130 F.3d 1381 (10th Cir. 1997) ................................................................................... 10

*Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*,
2020 WL 4431770 (D.N.J. July 31, 2020) ................................................................... 5

*Hilburn v. Dep't of Corr.*,
2010 U.S. Dist. LEXIS 15777 (D.N.J. Feb. 22, 2010) .................................................. 3

*Hopkins v. Advanced Call Ctr. Techs., LLC*,
2021 U.S. Dist. LEXIS 67732 (D.N.J. Apr. 7, 2021) .................................................... 7

*Jensen v. Cablevision Sys. Corp.*,
2017 U.S. Dist. LEXIS 158872 (E.D.N.Y. Sep. 27, 2017) ........................................... 9

*K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*,
2020 WL 3542305 (D.N.J. June 30, 2020) ............................................................... 6, 8

*Lungu v. Antares Pharma Inc.*,
2022 U.S. App. LEXIS 2117 (3d Cir. Jan. 25, 2022) .................................................. 10

*Maliandi v. Montclair State Univ.*,
2017 WL 935160 (D.N.J. Mar. 9, 2017), aff'd, 2017 WL 3023205 (D.N.J. July 17, 2017) ........ 5

*Mark v. Homeserve United States Corp.*,
2020 U.S. Dist. LEXIS 267697 (D.N.J. July 2, 2020) ................................................... 7

*McDermid v. Inovio Pharm., Inc.*,
520 F. Supp. 3d 652 (E.D. Pa. 2021) ........................................................................... 9

*Morse v. Lower Merion Sch. Dist.*,
132 F.3d 902 (3d Cir. 1997) ....................................................................................... 10

*PMC Inc. v. Tomco Constr., Inc.*,
2021 U.S. Dist. LEXIS 223306 (D.N.J. Nov. 18, 2021) ............................................... 4

*Poling v. K. Hovanian Enters.*,
99 F. Supp. 2d 502 (D.N.J. 2000) ................................................................................ 9

*Szaloczy v. Kone Elevators & Escalators*,
2021 U.S. Dist. LEXIS 121998 (D.N.J. June 29, 2021) ................................................ 3

*Velez-Aguilar v. Sequium Asset Sols., LLC, Inc.*,
  2022 WL 18635633 (D.N.J. Jan. 18, 2022)

*aff'd*, 2023 WL 1793885 (3d Cir. Feb. 7, 2023) ...................................................................... 1, 3, 8

Plaintiffs respectfully submit this Reply in Further Support of Plaintiffs' Motion for Leave to File a Sur-Reply and in Response to Defendants' Opposition to Plaintiffs' Motion for Leave to File Sur-Reply.

### INTRODUCTION

In opposing Plaintiffs' Motion for Leave to File a Sur-Reply Or, in the Alternative, to Strike Defendants' Reply Brief ("MLFS") (ECF 80), Defendants now ***concede*** that they neglected to raise four arguments in their Motion to Dismiss the Second Amended Class Action Complaint ("MTD") (ECF 72) that were available to Defendants at the time of filing. Defendants' admission, alone, is grounds for granting Plaintiffs' MLFS. *Velez-Aguilar v. Sequium Asset Sols., LLC, Inc.*, 2022 WL 18635633, at *6 n.4 (D.N.J. Jan. 18, 2022) ("It is well-established that a party cannot raise an argument for the first time in a reply brief … [and] an issue is waived unless a party raises it in its opening brief") (cleaned up) *aff'd*, 2023 WL 1793885 (3d Cir. Feb. 7, 2023).

While Defendants admit they raised new arguments in their Reply Brief In Further Support Of Defendants' Motion To Dismiss The Second Amended Class Action Complaint ("Defs. RB" or "Reply Brief") (ECF 79), they attempt to justify it with excuses and mischaracterizations of Plaintiffs' Opposition to MTD and Second Amended Complaint for Violations of the Federal Securities Laws ("SAC") that raise other new arguments and are otherwise untethered from the facts of this case. As discussed below, each of Defendants' arguments lack merit and is in violation of black-letter law that prohibits a party from raising new arguments on reply.

Accordingly, the Court should grant Plaintiffs' requested relief and permit Plaintiffs' sur-reply or strike the new arguments Defendants raised for the first time in the Reply Brief.

1

## ARGUMENT

**I.      Defendants Waived All "Puffery" Arguments When They Failed to Argue Puffery in Their Motion to Dismiss**

Defendants **admit** in their Opposition to Plaintiffs' MLFS ("Defendants' Opposition Brief" or "Defs. OB") (ECF 81) that they failed to argue in the MTD that any of the alleged misstatements were "puffery" or "too vague to sustain a securities-fraud claim" (Defs. RB at 2). Defs. OB at 3 (acknowledging Defendants did not assert puffery arguments in the MTD but only raised them in the Reply Brief). Despite this fatal admission, Defendants disingenuously contend that, nevertheless, they properly raised puffery as to alleged false statements in ¶¶ 291, 293, and 299[1] for the first time on reply because they were "responding to an argument made for the first time in [Plaintiffs'] Opposition" to Defendants' MTD. Defs. OB at 3. This is simply not true. The word puffery **appears nowhere** in Plaintiffs' Opposition to Defendants' Motion to Dismiss ("Pls. OB") (ECF 78).

Moreover, Defendants' contention that they are justified in raising new arguments because Plaintiffs purportedly responded to Defendants' argument regarding misstatements in ¶¶237-245 by referring to entirely new paragraphs (¶¶291, 293, and 299) is contradicted by the record. Indeed, Plaintiffs refute Defendants' argument regarding ¶¶237-245 by explaining those statements regarding "strong initial adoption, [] and momentum" are not forward-looking because they contain "none of the buzzwords Defendants cite as indicia of forward-looking [statements] (*e.g.*, 'expected,' 'plans,' 'anticipates.')." Pls. OB at 12. Plaintiffs separately argue, one page later in their opposition, that alleged misstatements in ¶¶291, 293, and 299 that "[t]here's strong demand in enterprise **right now** for Butterfly" are not forward-looking because they include words such as "now" and "today." Pls. OB at 13. Thus, Defendants' characterization of Plaintiffs' opposition is demonstrably false.

---

[1] All references to ¶¶__ refer to paragraphs of the Second Amended Class Action Complaint for Violations of the Federal Securities Laws. ECF 68.

2

Regardless, as demonstrated above, none of Plaintiffs' arguments involve puffery and Defendants cannot show otherwise. Defendants' assertions that they were responding to Plaintiffs' opposition are unfounded and their puffery argument should be disregarded. *See, e.g., Bayer AG & Bayer Corp. v. Schein Pharm.*, 129 F. Supp. 2d 705, 716 (D.N.J. 2001) (disregarding new arguments raised in a reply brief); *Szaloczy v. Kone Elevators & Escalators*, 2021 U.S. Dist. LEXIS 121998, at *12-13 (D.N.J. June 29, 2021) (declining to consider an argument first raised on reply).

What's worse, while admitting they raised new arguments on reply, Defendants still contend that Plaintiffs should not get an opportunity to respond to their new arguments. To prevent the unfairness that arises when a party raises new arguments for the first time in a Reply Brief, the Court should strike Defendants' arguments in the Reply Brief or grant Plaintiffs' Motion for Leave to File Sur-reply. *See Velez-Aguilar,* 2022 WL 18635633, at *6 n.4 ("It is well-established that a party cannot raise an argument for the first time in a reply brief … [and] an issue is waived unless a party raises it in its opening brief… Nonetheless, the Court will address the [newly raised argument] *having granted Plaintiff's request for leave to respond in a sur-reply brief.*") (cleaned up, citations omitted, and emphasis added) *aff'd*, 2023 WL 1793885 (3d Cir. Feb. 7, 2023).

## II.     Defendants Waived Certain Scienter Arguments When They "Chose Not to Rebut" Those Allegations in the Motion to Dismiss

Defendants also ***admit*** that, in their opening MTD, they consciously "chose not to rebut" Plaintiffs' scienter allegations regarding CEO Fruchterman's end of Class Period admission that Butterfly's software had been "objectively lagging" (¶203) and, thus, Butterfly had "spent the last year investing heavily in the development of [Butterfly's] software solutions" (¶203). Defs. OB at 2-3. Defendants' admission constitutes a waiver of those arguments and Defendants cannot raise new arguments for the first time on reply. *See Hilburn v. Dep't of Corr.*, 2010 U.S. Dist. LEXIS 15777, at *36 (D.N.J. Feb. 22, 2010) ("Typically, an argument not raised in an opening brief is

3

waived…").

In opposing Plaintiffs' request to file a Sur-Reply, Defendants erroneously claim that they purportedly had "no reason to believe" the allegations were "in any way relevant" to scienter because "Plaintiffs had labeled [these allegations] as supporting 'Loss Causation'[.]" Defs. OB 2-3. Not so. Plaintiffs' allegations concerning CEO Fruchterman's November 3, 2022 admission that the software had been "objectively lagging" were prominently displayed in the SAC and *repeated throughout in 18 different paragraphs in many different sections of the SAC,* first appearing in ¶¶196-205 in Section III of the SAC titled *Factual Allegations **Common to All Claims***. Moreover, Plaintiffs alleged that, with respect to the November 3, 2022 disclosure, Defendants were "concealing from investors" that the software was lagging and, thus, "the 10(b) Defendants presented a misleading picture of Butterfly's business, risks and future financial prospects." ¶372. Words such as "concealing" and "misleading" connote scienter. Thus, as demonstrated above and in the SAC, Plaintiffs alleged Defendants' November 3, 2022 admission supported scienter. At a minimum. Defendants were certainly on notice that these allegations were relevant to the 10b-5 claim, which has a scienter element, and had every opportunity to move to dismiss on the grounds that these allegations did not contribute to scienter. But Defendants did not.

Defendants' reliance on *PMC Inc. v. Tomco Constr., Inc.*, 2021 U.S. Dist. LEXIS 223306, at *13-14 (D.N.J. Nov. 18, 2021) (Defs. Opp. at 3), is misplaced. In *PMC*, unlike here, the defendants did not concede that they "chose not to rebut" certain, known allegations they viewed as irrelevant. *Id.* at *13-14. Quite the contrary, in *PMC*, the movant's reply brief was properly responding to arguments that were raised for the first time in the non-movant's opposition brief. *Id*. (finding arguments in the reply brief were proper because PMC "cannot be expected to have raised these issues in their remand motion when diversity jurisdiction was the basis for removal

4

and the Amended Complaint made no mention of federal law, let alone CERCLA.”). Unlike in *PMC* where the moving party had *no notice* of the arguments raised in opposition, Defendant Fruchterman's end of Class Period admission appeared prominently and throughout the SAC and could have been rebutted in the MTD. Defendants admit they “chose not to rebut” those prominent allegations. Defs. Br. at 2-3.

Accordingly, the Court should permit Plaintiffs' Sur-Reply to respond to Defendants' new argument or, in the alternative, should strike Defendants' untimely argument from the Reply Brief. *Healthquest of Cent. Jersey, LLC v. Antares AUL Syndicate 1274*, 2020 WL 4431770, at *7 (D.N.J. July 31, 2020) (granting permission to file sur-reply to address arguments raised for the first time in the defendants' reply brief); *Maliandi v. Montclair State Univ.*, 2017 WL 935160, at *5 (D.N.J. Mar. 9, 2017), aff'd, 2017 WL 3023205 (D.N.J. July 17, 2017) (declining to consider argument raised for the first time in a reply brief); *see also*, *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) (finding that “[a]n issue is waived unless a party raises it in its opening brief”).

**III.    Defendants Waived the Issue of Section 11 Standing at the Pleading Stage When Defendants Failed to Ask the Court to Reconsider the Issue in the Motion to Dismiss and Waited Until the Reply Brief to Request Reconsideration**

At the pre-MTD conference, the Court informed Defendants that it would not dismiss Plaintiffs' Section 11 claim based on traceability or standing because Plaintiff should first have the opportunity to take discovery on these issues. Thus, Defendants' footnote 3 in their MTD expressly conceded that, in the Third Circuit, the issue of traceability and Section 11 standing are not properly considered on a motion to dismiss. MTD at 6, fn. 3 (“Defendants recognize that Third Circuit precedent currently holds that such generalized allegations may be sufficient to withstand a motion to dismiss.”).

5

While Defendants did complain in footnote 3 that "such precedent is outdated and likely subject to revision if raised on appeal," they did not ask the Court to reconsider its earlier decision at that time. Now, on Reply and after this case was assigned to a new judge, Defendants argue for the first time that the Court should "reconsider in light of intervening Supreme Court precedent" its prior findings at the pre-MTD conference. Reply Brief at 14. But there has been no intervening case between the MTD and Defendants' Reply Brief. Defendants' purported "intervening" case was decided in 2009 and did not specifically address Section 11 standing or traceability issues at the pleading stage. Defendants' request for reconsideration is particularly unfair and untimely given that the MTD conceded that Third Circuit precedent currently holds in favor of Plaintiffs and Defendants did not ask for reconsideration in the MTD. Defendants' untimely request for reconsideration should be denied. *K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, 2020 WL 3542305, at *2 (D.N.J. June 30, 2020) (declining to consider arguments regarding basis for reconsideration raised for the first time in reply brief).

Moreover, Defendants are wrong that nothing in the record suggests that the Court made a binding ruling on the issue at the Pre-Motion Conference. Specifically, *more than half* of Defendants' pre-MTD letter was dedicated to arguing the issues of traceability and Section 11 standing. Subsequent to the Court's decision at the Pre-Motion Conference, Defendants only mention the issue in passing in a footnote in the MTD, in which Defendants expressly conceded that binding Third Circuit precedent favors Plaintiffs' position. MTD at 6. This demonstrates that Defendants understood the Court's comments at the Pre-Motion Conference to be a definitive decision that the Court would not consider the issue of traceability before Plaintiffs were permitted an opportunity for discovery. Additional support on the record includes Plaintiffs' assertion in the

Opposition to MTD that the Court already decided the issue and Defendants' subsequent request in the Reply Brief that the Court "reconsider" the decision. Pls. OB at 21-22.

Defendants' authority is distinguishable. In *Mark v. Homeserve United States Corp.*, 2020 U.S. Dist. LEXIS 267697, at *8-9 (D.N.J. July 2, 2020), the court granted a motion for remand after expressing "skepticism" about the "likel[ihood]" of a motion's success. But in that case, unlike here, there had been no pre-motion letters briefing the issue before the court expressed its skepticism. Here, the Court had the benefit of the parties' briefing in the pre-MTD letters before deciding the issue in such clear terms that Defendants effectively abandoned what had been the primary argument featured in the pre-MTD letter, limiting mention of the issue in the 30-page MTD to a single footnote. Moreover, Defendants' reliance on *Hopkins v. Advanced Call Ctr. Techs., LLC*, 2021 U.S. Dist. LEXIS 67732, at *16 n.8 (D.N.J. Apr. 7, 2021) and *United States v. Redd*, 526 F.3d 309, 314 (5th Cir. 2009) for the proposition that footnotes can put opposing parties on notice of certain arguments, ignores the fact that nothing in Defendants' MTD footnote 3 put Plaintiffs on notice that Defendants were asking the Court to "reconsider" its earlier decision. Plaintiffs do not argue that the footnote in the MTD should be stricken. Rather, Plaintiffs argue that Defendants never asked the Court for reconsideration of the issue prior to the Reply Brief and because of that, the Court should grant the relief requested in Plaintiffs' MLFS. MLFS at 6.

**IV.**     **Defendants Waived the Argument that the Investor Presentation Materials Were Not Incorporated into the Form S-4 by Reference By Failing to Raise That Argument in the Motion to Dismiss**

Defendants ***admit*** that they raised the argument that the Investor Presentation Materials are not incorporated into the S-4 by reference and, thus, statements contained therein are not actionable, *for the first time* in their Reply Brief:

> In their Reply Brief, Defendants pointed out that Plaintiffs' third premise was wrong: the Investor Presentation had not been 'incorporated by reference' into the Form S-4, which never even mentioned the Presentation.

7

Defs. OB at 4. Thus, Defendants have waived this argument by admittedly failing to raise it in the MTD. *Velez-Aguilar*, 2022 WL 18635633, at \*6 n.4 (arguments raised for the first time on reply are waived).

In their Opposition Brief, Defendants dispute that their own characterization in the MTD—the "investor presentation materials incorporated into the Form S-4"—was a concession that the Investor Presentation Materials were incorporated into the S-4 by reference. Defs. OB at 3-5. But the Court need not resolve that dispute because the relevant question is whether Defendants can raise the issue of incorporation by reference as a new argument in the Reply Brief after failing to raise the argument in the MTD. The answer is no. *Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, 2020 WL 3542305, at \*2 (declining to consider arguments raised for the first time on reply).

Moreover, Defendants were on notice that Plaintiffs alleged the Investor Presentation Materials were incorporated into the S-4 by reference and, thus, the alleged misstatements therein were actionable, because the SAC unambiguously stated such. *E.g.*, ¶207 ("The Defective Proxy/Registration Statement incorporated by reference the Investor Presentation materials that had been filed with the SEC on November 20, 2020." ); ¶237 ("The Section 11 Defendants published materially false and misleading statements […] in the November 20, 2020 Investor Presentation, filed with the SEC on that day as an attachment to a Form 8-K signed by Defendant Mark Horowitz, that was later incorporated by reference into the Prospectus that was part of the Defective Proxy/Registration Statement"). Defendants were further on notice that Plaintiffs intended to argue the disclaimers in the S-4 accompanying the 2021 IPO Forecasts were undermined by Defendants' inclusion of the 2021 IPO Forecasts in the Investor Presentation Materials, which were actionable because the presentation did not contain any such disclaimers, because Plaintiffs alleged just that. ¶123-26 (asserting disclaimers published in the Form S-4 were ineffective and inapplicable because "the

8

Company published and promoted the 2021 IPO Forecasts to the investing public multiple times, both prior to and after the completion of the Merger."). Thus, Defendants' contention that they were "not obliged to anticipate" Plaintiffs would argue the 2021 IPO Forecasts were actionable as false statements in the Investor Presentation Materials despite purported disclaimers in the Form S-4 (Defs. OB at 5), is disingenuous.

Unable to get around the fact the SAC clearly and adequately alleges Defendants' liability for the false statements in the Investor Presentation Materials, Defendants now argue, for the first time, that the Form S-4, on its face, contradicts the SAC because it purportedly "never even mentioned the Presentation" and, thus, does not incorporate it.  Defs. OB at 4. Defendants are wrong. As set forth in Plaintiffs' Sur-reply, the references in the Form S-4 to the Investor Presentation Materials are *explicit*. Plaintiffs' Sur-reply at 5 (ECF 80-2) (citing Form S-4 ) ("the Subscriber acknowledges that it has received […] ***the investor presentation by the Company and the Target***, a copy of which will be furnished by the Company to the SEC") (emphasis added). Moreover, whether the Investor Presentation Materials were incorporated into the Form S-4 by reference is a question of fact not appropriately argued at the pleading stage. *McDermid v. Inovio Pharm., Inc.*, 520 F. Supp. 3d 652, 662 (E.D. Pa. 2021) (holding disagreements over textual interpretations raise "questions of fact inappropriate for resolution at the motion to dismiss stage of the litigation"); *Jensen v. Cablevision Sys. Corp.*, 2017 U.S. Dist. LEXIS 158872, at *32 (E.D.N.Y. Sep. 27, 2017) (denying, in relevant part, the motion to dismiss because whether the document at issue was incorporated by reference was a triable issue of fact).

The cases Defendants rely on to support their untimely argument (Defs. OB at 4-5) lend no support. Two of Defendants' cited cases involve absolutely no mention of documents incorporated by reference. *Poling v. K. Hovanian Enters.,* 99 F. Supp. 2d 502 (D.N.J. 2000) (granting motion to dismiss

9

because plaintiffs failed to plead facts with sufficient particularity; no allegations or discussion of documents incorporated by reference); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997) (affirming complaint was insufficient because it lacked allegations that defendants were aware of a third-party's violent propensities and rejecting conclusory statements; no allegations or discussion of documents incorporated by reference). The remaining cases do not support Defendants' position because in those cases, unlike here, the documents incorporated by reference contained information that made the claims insufficient as a matter of law or cut against plaintiffs' claims. *GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381 (10th Cir. 1997) (affirming summary judgment because plaintiff could not satisfy the statute of frauds); *Lungu v. Antares Pharma Inc.*, 2022 U.S. App. LEXIS 2117 (3d Cir. Jan. 25, 2022) (affirming dismissal when plaintiffs failed to plead falsity, noting that a document incorporated by reference "cuts against Plaintiff's own argument").

Here, unlike those cases, Defendants are disputing for the first time in a Reply Brief that certain materials were incorporated by reference into the Form S-4. None of the cases cited by Defendants provide any support for that position. Moreover, by presenting this argument for the first time in the Reply Brief, Defendants have prejudiced Plaintiffs by denying them the ability to respond to this argument.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be granted in its entirety.

DATED: August 29, 2023

Respectfully submitted,
**LEVI & KORSINSKY, LLP**

*/s/ Eduard Korsinsky*
Eduard Korsinsky
55 Broadway, 4th Floor Suite #427
New York, NY 10006
Tel: (212) 992-4523
Fax: (212) 363-7171

10

ek@zlk.com

Shannon L. Hopkins (admitted *pro hac vice*)
Gregory M. Potrepka (admitted *pro hac vice*)
David C. Jaynes (admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Telephone: (203) 992-4523
Facsimile: (212) 363-7171
shopkins@zlk.com
gpotrepka@zlk.com
djaynes@zlk.com

*Counsel for Plaintiffs and the Class*

11