**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,

Defendants.

Case No. 2:22-CV-00854-EP-JBC

**ORAL ARGUMENT REQUESTED**

Motion Date: August 7, 2023

*Document Filed Electronically*

**SURREBUTTAL IN FURTHER SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

Seth R. Goldman
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Tel: 212-692-6845
srgoldman@mintz.com

John F. Sylvia (*admitted pro hac vice*)
Patrick E. McDonough (*admitted pro hac vice*)
Evelyn Limon (*admitted pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

i

One Financial Center
Boston, MA 02111
Tel:  (617) 348-1820
jfsylvia@mintz.com
pemcdonough@mintz.com
elimon@mintz.com

*Attorneys for Defendants Butterfly Network, Inc.*
*f/k/a Longview Acquisition Corp., Todd M.*
*Fruchterman, Jonathan M. Rothberg, John Rodin,*
*Larry Robbins, Mark Horowitz, Westley Moore,*
*Derek Cribbs, and Randy Simpson*


Jim Walden
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel:  212-335-2030
jwalden@wmhlaw.com


*Attorneys for Defendant Stephanie Fielding*


Dated:  December 19, 2023

ii

# TABLE OF CONTENTS

I.      "Waiver"..................................................................................................................1

II.     Incorporation By Reference.................................................................................2

III.    Puffery....................................................................................................................5

IV.     "Admissions" of Scienter......................................................................................7

V.      Section 11 ..............................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................... 9

*Bldg. Trades United Pension Trust Fund v. Kenexa Corp.*,
  2010 U.S. Dist. LEXIS 102729 (E.D.Pa. Sept. 27, 2010) ..................................................... 6

*Camden Cty. Historical Soc'y v. State DOT*, 371 F. Supp. 3d 187 (D.N.J. 2019) ..................... 9

*Carmignac Gestion, S.A. v. Perrigo Co., PLC*, 2019 WL 3451523 (D.N.J. July 31, 2019)........... 3

*DeVito v. Liquid Holdings Grp., Inc.*, 2018 U.S. Dist. LEXIS 217963 (D.N.J. Dec. 31, 2018) .... 9

*Galati v. Commerce Bancorp, Inc.*, 220 Fed.Appx. 97 (3d Cir. 2007)......................................... 6

*Hopkins v. Advanced Call Ctr. Techs., LLC*,
  2021 U.S. Dist. LEXIS 67732 (D.N.J. Apr. 7, 2021) ............................................................ 2

*In re Advanta Corp. Sec. Litig.*, 180 F.3d 525 (3d Cir. 1999) ................................................... 6

*In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 932 (E.D.Pa. Jan. 9, 2007).... 6

*In re ARIAD Pharms. Sec. Litig.*, 842 F.3d 744 (1st Cir. 2016) ................................................. 9

*In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418 (E.D. Pa. 2002) ..................................... 6

*In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013)....................................... 9

*In re Hertz Global Holdings, Inc. Sec. Litig.*,
  2017 U.S.Dist.LEXIS 65156 (D.N.J. Apr. 27 2017) ............................................................. 6

*In re Prudential Fin., Inc. Sec. Litig.*,
  2020 U.S. Dist. LEXIS 244001 (D.N.J. Dec. 29, 2020) ......................................................... 6

*In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256 (3d Cir. 2006) ..................................... 8

*In re Urban Outfitters, Inc. Sec. Litig.*, 101 F. Supp. 3d 635 (E.D. Pa. 2015) .......................... 6, 7

*Mark v. Homeserve United States. Corp.*,
  2020 U.S. Dist .LEXIS 267697 (D.N.J. July 2, 2020).............................................................. 8

*OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016)................................... 3

*Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429 (D.N.J. 2021) ....................................... 9

*SEPTA v. Orrstown Fin. Servs., Inc.*, 2015 U.S. Dist. LEXIS 80584 (M.D. Pa. June 22, 2015)... 6

*Thomas v. Bakery, Confectionary & Tobacco Workers Int'l Union, Local #433*,
   982 F.2d 1215 (8th Cir. 1992) ............................................................................................... 8

*Thompson v. Community Action of Greater Wilmington, Inc.*, 567 F. Supp. 1159 (D.Del. 1983). 9

*U.S. Airways, Inc. v. McCutchen*, 663 F.3d 671 (3d Cir. 2011) ....................................................... 9

*Uniglobe Gen. Trading & Contr. Co. v. United States*, 107 Fed.Cl. 423 (Ct. Cl. 2012)................ 2

**Regulations**

17 C.F.R. §240.12b-23................................................................................................................ 4

Defendants submit this Sur-Rebuttal to Plaintiffs' Sur-Reply. ECF No. 84. The Sur-Reply is both over-long and under-argued, and ought not impede or delay the Court's resolution of the Motion to Dismiss, ECF No. 72, in Defendants' favor.

## I.        "Waiver"

Plaintiffs mistakenly contend that Defendants have waived four arguments: (1) "puffery," (2) "incorporation by reference," (3) "admissions of scienter," and (4) "Section 11 standing," because "[a]rguments not raised in a motion are waived and cannot be raised in a reply brief." Sur-Reply at 1.

Plaintiffs are wrong on the law about three of the arguments in question. Defendants made arguments about "puffery," "incorporation by reference," and "admissions of scienter" in the Reply only because Plaintiffs first raised the issues addressed by those arguments in their Opposition. For example, in the Motion to Dismiss, Defendants showed that Plaintiffs had not adequately pled scienter through the allegations collected in the Second Amended Complaint ("SAC") under the heading "The 10(b) Defendants Acted with Scienter." Motion to Dismiss ("MTD") [ECF No. 72] at 25-30 (referencing SAC, ¶¶303-343). In their Opposition, Plaintiffs pointed to additional allegations that they had, for some reason, previously included only in a separate section of the SAC entitled "Loss Causation." Opp. [ECF No. 78] at 23 (referencing SAC, ¶¶362-366). Shifting ground—but doing so only to keep pace with Plaintiffs—Defendants addressed those additional allegations in their Reply and explained why they too failed to generate an inference of scienter. Reply [ECF No. 79] at 11-14. *See also* Opp. [ECF No. 78] at 15  (raising incorporation by reference), and Reply [ECF No. 79] at 4-5 (responding); Opp. [ECF No. 78] at 10-11, 13 (claiming that statements about "strong demand" described present circumstances, not future plans) and Reply [ECF No. 79] at 2-3 (responding that even if those statements referred to present circumstances, they were inactionable puffery).

Rule 12(b)(6) practice is not a game of hide-and-seek. A defendant, when moving to dismiss, is not required to guess at and preempt every objection that may be raised by the plaintiff in its response. That is why the rules provide for reply briefs—to give the movant an opportunity to address matters raised for the first time in its adversary's papers. The waiver rule has no application in these circumstances. The relevant principle is that "reply briefs *reply* to arguments made in the response brief." *Uniglobe Gen. Trading & Contr. Co. v. United States*, 107 Fed.Cl. 423, 435 (Ct. Cl. 2012). Defendants did nothing more.

With respect to the fourth allegedly waived argument—about Section 11 standing— Plaintiffs are wrong on the facts. There was no waiver because Defendants *did* make the standing argument in their opening brief, devoting a full paragraph of more than 300 words to the issue, complete with citations to relevant cases. MTD [ECF No. 72] at 6, n.3. This was sufficient to put the issue in play. *Hopkins v. Advanced Call Ctr. Techs., LLC*, 2021 U.S. Dist. LEXIS 67732, at *16, n.8 (D.N.J. Apr. 7, 2021) (argument in footnote was not waived where it "contain[ed] substantive argument, plus citations, and put[] the opposing party on notice of the argument"). It is clear that Plaintiffs received adequate notice of Defendants' position, because they responded on the merits, discussing the Section 11 standing issue at similar length. Opp. [ECF No. 78] at 21-22.

## II.    <u>Incorporation By Reference</u>

With respect to the element of falsity, the SAC's lack of substance is illustrated by the extent to which Plaintiffs' argument has devolved into trivial procedural nit-picking. In their Motion to Dismiss, Defendants explained that certain financial projections in the Form S-4 (the "2021 IPO Forecasts") were not actionable because (1) they had been prepared for an "Investor Presentation" to Longview's board in advance of the merger, and had been included in the Form S-4 only to make investors aware of the information that had been provided to the board, and (2)

2

the Form S-4 contained explicit disclaimers to that effect, emphasizing that the projections were generated for internal use, were "not fact," and had not been included in the Form S-4 in order to induce investors to vote in favor of the Longview-Butterfly merger. MTD [ECF No. 72] at 11-12. The Third Circuit decision in *OFI Asset Mgmt. v. Cooper Tire & Rubber*, 834 F.3d 481 (3d Cir. 2016), therefore controlled. MTD [ECF No. 72] at 12-14.

Unable to respond directly, Plaintiffs tried an end-around. The Investor Presentation had been attached as an exhibit to an SEC filing (a "Form 8-K") submitted by Longview back on November 20, 2020. The Form 8-K itself could not support the Section 11 and 14 claims (which depended entirely on statements in the Form S-4), nor could it support the Section 10 and 20 claims (because it preceded the alleged class period, which did not begin until January 2021, *see* SAC ¶1(c)). But, Plaintiffs argued, the Investor Presentation (as attached to the Form 8-K) had been "incorporated by reference" into the Form S-4, and because the relevant disclaimers had not appeared in the Form 8-K, *Cooper Tire & Rubber* did not apply. Opp. [ECF No. 78] at 15; Sur-Reply [ECF No. 84] at 4-5.

This was, and remains, illogical. If the Investor Presentation had been "incorporated by reference" into the Form S-4, then it would be *part of* the Form S-4, subject to the disclaimers conspicuously included in that document, and non-actionable under *Cooper Tire & Rubber*. *See Carmignac Gestion, S.A. v. Perrigo Co., PLC*, 2019 WL 3451523, at *12 (D.N.J. July 31, 2019) (cautionary language need not directly accompany a challenged statement). Plaintiffs have no viable solution to this problem. *See* Opp. [ECF No. 78] at 15-16 (attempting to distinguish *Cooper*).

There is more. Plaintiffs' argument, such as it is, depends on a false premise: that the Form S-4 did in fact "incorporate by reference" the version of the Investor Presentation that was attached

3

to the November 20, 2020 Form 8-K. According to Plaintiffs, the Form S-4 incorporated the Investor Presentation by reference because the Form S-4 "explicitly reference[d]" the Presentation in two places: (1) where it noted, in a section entitled "Background of the Business Combination," that "the parties began preparing an investor presentation for meetings with certain targeted investors," ECF No. 72-5, Ex. B at 133/642, and (2) in an unexecuted form of the PIPE Investor Subscriber Agreement (that is, a sample of the agreement an investor *would* execute *if* he invested), which acknowledged that, by the time he executed the Subscriber Agreement, the hypothetical investor *would have* received a copy of the Investor Presentation. *Id.* at 522/642. *See also* Sur-Reply [ECF No. 84] at 5.

These passing mentions of the Investor Presentation were insufficient, as a matter of law, to incorporate the Presentation "by reference" into the Form S-4. An SEC regulation, entitled "Incorporation by reference," prescribes the method by which "[a]ny document or part thereof filed with the Commission . . . may be incorporated by reference as an exhibit to any statement or report filed with the Commission. . . ." 17 C.F.R. §240.12b-23(c). Two requirements must be satisfied in order to make an incorporation by reference: (1) "[y]ou must include an active hyperlink to information incorporated . . . by reference," *id.* at §240.12b-23(d), and (2) the reference must "[i]nclude an express statement clearly describing the specific location of the information you are incorporating by reference." *Id.* at §240.12b-23(e).

With respect to the Investor Presentation, the Form S-4 satisfied neither regulatory requirement, and therefore was not incorporated by reference. This is in contrast to other documents that *were* incorporated by reference into the Form S-4 in the prescribed manner. For example, when the Form S-4 incorporated the Longview-Butterfly business combination

4

agreement by reference to a copy of the agreement that had been attached to a different Form 8-K, filed with the SEC on November 23, 2020, it did so as follows:

> 2.1    Business Combination Agreement, dated as of November 19, 2020, by and among Longview Acquisition Corp., Clay Merger Sub, Inc. and Butterfly Network, Inc. (incorporated by reference to Exhibit 2.1 of Longview's Current Report on Form 8-K (File No. 001-39292), filed with the SEC on November 23, 2020)

ECF No. 72-5, Ex. B, 638/642. When it is accessed online, the reference is embodied in a hyperlink to the Form 8-K, as the regulation requires.

It is clear, therefore, that the Investor Presentation attached to the November 20, 2020 Form 8-K was *not* incorporated by reference into the Form S-4, and equally clear that the authors of the Form S-4 were aware of the regulatory requirements and thus did not *intend* to incorporate the Investor Presentation into the Form S-4.

## III.    Puffery

As noted, the issue of "puffery" entered the discussion because, as Defendants explained in the Motion to Dismiss, the alleged misstatements about the quality of Butterfly's software described the company's aspirations for its product, not its current capabilities. MTD [ECF No. 72] at 6-10. In Opposition, Defendants seized on a handful of statements touting "strong demand" for Butterfly's products, arguing that they described contemporaneous conditions. Opp. [ECF No. 78] at 10-13. In Reply, Plaintiffs pointed out that these statements, which merely touted the "strength" of Butterfly's products and market position, were classic examples of non-actionable puffery. Reply [ECF No. 79] at 2-3.

Plaintiffs now cite three decisions which, they say, hold that statements about the "strength" of demand are not puffery. Their position, however, is inconsistent with Third Circuit law. The Circuit has held, for example, that statements concerning a company's "strong performance" (like its statements touting its "dramatic deposit growth" and "unique business

5

model"), "constitute nothing more than mere 'puffery,' insufficient to sustain a Rule 10b-5 claim." *Galati v. Commerce Bancorp, Inc.*, 220 Fed.Appx. 97, 102 (3d Cir. 2007). This is because such "vague and general statements of optimism . . . are understood by reasonable investors as such," *In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 538 (3d Cir. 1999), and "are commonly heard from corporate managers and are too imprecise to alter the total mix of information available." *In re Hertz Global Holdings, Inc. Sec. Litig.*, 2017 U.S. Dist. LEXIS 65156, at *32 (D.N.J. Apr. 27 2017). A line of in-Circuit decisions has affirmed and applied these principles in cases involving various expressions of corporate "strength."[1]

The handful of cases cited by Plaintiffs, Sur-Reply [ECF No. 84] at 2-3, do nothing to change the equation. Two are District Court decisions from other jurisdictions, which have no precedential value and which—if they mean what Plaintiffs say they mean—are incompatible with Third Circuit law. Meanwhile, *In re Urban Outfitters, Inc. Sec. Litig.*, 101 F. Supp. 3d 635, 651 (E.D. Pa. 2015), is distinguishable on its facts. There, the complaint alleged a scheme to conceal from investors that the company's "sales growth had been decreasing throughout 2013, while promotion activity was increasing...." *Id.* at 644. The alleged misstatements did not simply say that

---

[1]    *In re Prudential Fin., Inc. Sec. Litig.*, 2020 U.S.Dist.LEXIS 244001, at *48 (D.N.J. Dec. 29, 2020), *rev'd in part on other grounds City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc*., 70 F.4th 668 (2023) (statement touting company balance sheet as "strong" amounted "to no more than inactionable puffery"); *In re Hertz Global Holdings, Inc. Sec. Litig.*, 2017 U.S. Dist. LEXIS 65156, at *32 (D.N.J. Apr. 27, 2017) (statements about "strong" and "record" financial results "constitute puffery"); *SEPTA v. Orrstown Fin. Servs., Inc.*, 2015 U.S. Dist. LEXIS 80584, at *115 (M.D. Pa. June 22, 2015) (phrases such as "strong financial performance" are "the type of general, non-specific statement of optimism or hope that courts have routinely rejected as immaterial puffery"); *Bldg. Trades United Pension Trust Fund v. Kenexa Corp.*, 2010 U.S.Dist.LEXIS 102729, at *47 (E.D.Pa. Sept. 27, 2010) (statements describing "demand as strong and the company's growth as solid" were "classic examples of puffery"); *In re Am. Bus. Fin. Servs., Inc. Sec. Litig.*, 2007 U.S.Dist.LEXIS 932, at *28 (E.D.Pa. Jan. 9, 2007) (statement that company's strengths included a "strong credit culture" fell "squarely under the definition of puffery"); *In re ATI Techs., Inc. Sec. Litig.*, 216 F. Supp. 2d 418, 433 (E.D.Pa. 2002) (statement that company performance gave it a "strong start" was puffery).

"demand" was "strong." They were far more specific and contrary to financial reality: on several occasions, the defendants told investors that the company was enjoying "strong sales trends and decreased markdowns," *id.* at 646, and that current sales trends were consistent with previous years in which the company had enjoyed substantial growth. *Id.*; *see also id.* at 647 (additional statements along same lines). None of this was true; in fact, Urban Outfitter's sales growth had receded from previous years even as markdowns and other promotional deals had increased. Deeming the misstatements material, the District Court noted that, even if they "impl[ied] that there [was] a strong demand" for the company's products, the statements were not puffery because they provided "concrete information" about the performance of the company's brands. *Id.* at 651. *Urban Outfitters*, then, is a different case about different statements made in a different context, and gives the Court no reason to disregard the paradigm embodied in decisions like *Galati*.

## IV.    "Admissions" of Scienter

As noted, with respect to the element of scienter, Defendants' reply focused on certain allegations that were included in the "Loss Causation" section of the SAC, which Plaintiffs belatedly pointed to in their Opposition as also relevant to culpability. *See supra* at pp. 1-2. In reply, Defendants noted this sleight of hand, but did not argue that it precluded the Plaintiffs from relying on the misplaced allegations to support their scienter claim. Instead, the Reply dealt with the new allegations directly on their (lack of) merits, citing relevant case law and explaining that the allegations imported from the Loss Causation section did not reflect "admissions" of culpability because (1) they were not indicative of the defendants' state of mind, and (2) they were not contemporaneous with the alleged misstatements. Reply [ECF No. 79] at 12-14.

The Sur-Reply ignores (and therefore tacitly concedes) Defendants' substantive argument. It fails to mention, much less refute, the cases cited to support Defendants' position, nor does it mention any countervailing case law that might support Plaintiffs' position. Instead, Plaintiffs'

7

"argument" is devoted entirely to justifying their reliance for the scienter element on allegations located in the Loss Causation section of the SAC. Sur-Reply [ECF No. 84] at 5-7. Since Defendants merely noted that maneuver, Reply [ECF No. 79] at 11, but did not challenge it, this section of the Sur-Reply says nothing of substance, and is not relevant to the argument made in the Reply.

## V.    <u>Section 11</u>

Devoting far more ink to the issue than they did in their Opposition, *compare* Opp. [ECF No. 78] at 21 and Sur-Reply [ECF No. 84] at 7-10, Plaintiffs argue (1) that the "law of the case" doctrine precludes any consideration of the adequacy of the SAC with respect to Plaintiffs' standing to assert a Section 11 claim, Sur-Reply [ECF No. 84] at 7-8, and (2) that the SAC adequately pleads standing. *Id.* at 9-10.

The law of the case doctrine has no bearing here. Plaintiffs offer no authority for the proposition that a Court's comments at an off-the-record pre-motion conference—which is the sum and substance of the putatively preclusive "decision" here—create law of the case. In fact, they do not. *See Mark v. Homeserve United States. Corp.*, 2020 U.S. Dist. LEXIS 267697, at *8-9 (D.N.J. July 2, 2020) (refusing to apply law of the case doctrine to skepticism expressed by previous judge during two off-the-record pre-motion conferences); *see also Thomas v. Bakery, Confectionary & Tobacco Workers Int'l Union, Local #433*, 982 F.2d 1215, 1220 (8th Cir. 1992) (declining to enforce an off-the-record "order" as law of the case).

On the merits, moreover, it is clear that the SAC—which alleges traceability in only the most general terms, SAC, ¶¶18-20—does not pass muster under the Supreme Court's Rule 12(b)(6) jurisprudence, as applied to Section 11's standing element. Defendants recognize that the Third Circuit's decision in *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006), suggests otherwise, indicating that bare allegations of "traceability" are sufficient for

purposes of a motion to dismiss. But *Suprema* was decided before the Supreme Court made clear that a plaintiff's pleading obligations are not satisfied by "formulaic recitations" of essential elements, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and as one Court in this District has already recognized, "almost by definition, a general allegation that a plaintiff's shares are traceable to the offering in question is nothing more than a 'formulaic recitation' of that element." *DeVito v. Liquid Holdings Grp., Inc.*, 2018 U.S. Dist. LEXIS 217963, at *47-48 (D.N.J. Dec. 31, 2018)*; see also In re ARIAD Pharms. Sec. Litig.*, 842 F.3d 744, 755-56 (1st Cir. 2016) (applying *Twombly* and *Iqbal* to Section 11 standing allegations); *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1106-1110 (9th Cir. 2013) (same).

The Court in *DeVito* properly declined to apply *Suprema* in light of its evident conflict with intervening Supreme Court precedent. This Court should do the same. *See, e.g., U.S. Airways, Inc. v. McCutchen*, 663 F.3d 671, 677 (3d Cir. 2011) (prior Third Circuit decisions were rendered "inapposite in light of the Supreme Court's intervening decisions," which "undermined" their "reasoning and holding"); *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429 (D.N.J. 2021) (declining to apply Third Circuit precedent where it "cannot be reconciled" with intervening Supreme Court decision); *Camden Cty. Historical Soc'y v. State DOT*, 371 F. Supp. 3d 187, 190 (D.N.J. 2019) (District Court was "relieved of its obligation to follow" circuit precedent that "could not be reconciled" with intervening Supreme Court decision); *Thompson v. Community Action of Greater Wilmington, Inc.*, 567 F. Supp. 1159, 1165 (D.Del. 1983) (Third Circuit precedent could not be utilized in light of intervening Supreme Court decisions that conflicted with circuit precedent). The SAC's formulaic recitations of traceability are insufficient, and the Section 11 claim should therefore be dismissed for failure to adequately allege an essential element.

9

**Dated:** December 19, 2023

Respectfully Submitted,

/s/ Seth R. Goldman
Seth R. Goldman
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
919 Third Avenue
New York, NY  10022
Tel:  212-692-6845
srgoldman@mintz.com

John F. Sylvia (*admitted pro hac vice*)
Patrick E. McDonough (*admitted pro hac vice*)
Evelyn Limon (*admitted pro hac vice*)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel: (617) 348-1820
jfsylvia@mintz.com
pemcdonough@mintz.com
elimon@mintz.com

*Attorneys for Defendants Butterfly Network, Inc.*
*f/k/a Longview Acquisition Corp., Todd M.*
*Fruchterman, Jonathan M. Rothberg, John Rodin,*
*Larry Robbins, Mark Horowitz, Westley Moore,*
*Derek Cribbs, and Randy Simpson*

/s/ Jim Walden
Jim Walden
WALDEN MACHT & HARAN LLP
250 Vesey Street, 27th Floor
New York, New York 10281
Tel:  212-335-2030
jwalden@wmhlaw.com

*Attorneys for Defendant Stephanie Fielding*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on December 19, 2023, the foregoing Surrebuttal in Further Support of Defendants' Motion to Dismiss the Second Amended Class Action Complaint was filed electronically with the United States District Court for the District of New Jersey through the Court's ECF System, which constitutes service on all parties under Local Civil Rule 5.1.

**Dated**:  December 19, 2023

/s/ Seth R. Goldman
Seth R. Goldman