

1111 Summer St., Suite 403
Stamford, CT 06905
T: 203-992-4523
F: 212-363-7171
www.zlk.com

January 29, 2025

**VIA CM/ECF**
Honorable Michael E. Farbiarz
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

   Re: *Rose v. Butterfly Network, Inc., et al.;* No. 2:22-cv-00854-MEF-JBC

Dear Judge Farbiarz:

  Plaintiffs submit this letter pursuant to the Court's January 28, 2025 Order (the "January 28 Order") (ECF 90), and respectfully object to the dismissal of Counts I and II asserted in the Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC") for lack of standing. Plaintiffs submit the SAC sufficiently alleges Plaintiffs' standing as to all claims asserted, as explained further below.

  The SAC alleges standing for KNS Holdings under §§11 and 15 of the Securities Act and §§10(b) and 20(a) of the Exchange Act; and for Plaintiffs Metzger and Liu under §§11 and 15 of the Securities Act and §§10(b), 14(a), and 20(a) of the Exchange Act. ¶¶18-20. As the Court stated in its order dated January 21, 2025 (the "January 21 Order") (ECF 87), however, Plaintiffs' use of "and/or" in Paragraphs 19-20 of the SAC made it unclear as to which facts were "being made and relied on." Plaintiffs submit that the "and/or" language was intended to plead Metzger's and Liu's standing, in the alternative, for all pleaded Securities Act and Exchange Act claims.[1] However, upon further reflection of the January 21 Order which, candidly, Plaintiffs misinterpreted, Plaintiffs acknowledge "and/or" is imprecise and respectfully request leave to amend the SAC to remove "/or" from Paragraphs 19 and 20.

  Plaintiffs further submit that they have adequately alleged standing for Counts I and II. Plaintiffs assert that they "purchased or otherwise acquired Butterfly Class A common stock pursuant or traceable to the Defective Proxy/Registration Statement" (the "S-4"). ¶¶18-20. In support of traceability, the SAC explicitly incorporates each Plaintiff's certification listing the dates, quantities, and prices of all relevant Longview and Butterfly Network, Inc. ("BFLY") stock trades. ¶¶18-20 (incorporating KNS Holdings' certification (ECF 21-3), Metzger's certification (ECF 32-3), and Liu's certification (ECF 69)). The Plaintiffs' certifications show they purchased BFLY stock "in" or within less than one week of when Butterfly began publicly trading on the NYSE on February 16, 2021. ¶21. Specifically, Liu purchased 150 shares of BFLY stock on February 16, 2021 (the same day BFLY began publicly trading), 250 shares on February 17, 2021, and 488 shares on February 18, 2021, (*i.e.*, all within two days of the NYSE debut). ECF 69. KNS

---

[1] *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

Holdings purchased 10,875 shares of Butterfly stock on February 18, 2021, just two days after BFLY began publicly trading, and 20,383 more shares over the next six trading days. ECF 21-3. Metzger purchased 1,000 shares of BFLY stock on May 24, 2021, just over three months from when BFLY began publicly trading. ECF 32-3. Moreover, Liu and Metzger held shares of Longview that were converted to BFLY in the merger and therefore, "acquired" their BFLY shares "in" the offering pursuant to the S-4. ¶¶19-20, 70. *See also Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *7 (D. Nev. Mar. 31, 2024) (finding Section 11 standing where "shares were acquired pursuant to a misleading registration statement because, if the registration statement had contained accurate information, the merger and exchange of shares would not have taken place").

The transaction at issue here, unlike a traditional IPO, was a reverse merger in which the newly registered shares were issued to the stockholders of the formerly private BFLY, not underwritten by an investment bank. ¶¶66-70. Thus, although Plaintiffs cannot allege purchases of shares directly from an underwriter, Plaintiffs do allege purchases "in" the offering by way of converting their Longview shares, and on the open market the day BFLY stock became publicly traded or *immediately* thereafter when approximately 75% of BFLY Class A shares were traceable to the S-4 at issue. ECF 84 at 10. These allegations, taken collectively, plausibly "weighs in favor of the conclusion" that the Plaintiffs' shares are traceable to the S-4 and Plaintiffs have Section 11 standing. *See Holland v. 9F Inc.*, 2024 WL 5086106, at *4 (D.N.J. Dec. 12, 2024) (Farbiarz, J.); *see also, e.g., In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 274 n.7 (3d Cir. 2006) (holding Section 11 standing adequately alleged where plaintiffs' purchases were made on the last day of, and "in" the offering, buttressed by allegations they purchased from an underwriter); *In re Coinbase Glob., Inc. Sec. Litig.*, 2024 WL 4053009, at *5 (D.N.J. Sept. 5, 2024) (Section 11 plausibly alleged where one plaintiff purchased shares "the first day of Coinbase's Direct Listing" when "88% of shares outstanding share were registered..." and another plaintiff purchased shares seven months after listing "when 74% of the shares outstanding were registered").

Indeed, the facts alleged here are nearly identical to those asserted in *Coinbase*. There, the court found Section 11 standing sufficiently pled where, as here, the plaintiffs alleged they purchased shares on the first day of the direct listing and where the majority of outstanding shares were registered pursuant to the offering at issue. *Id.* at *5. Likewise, as in *Suprema*, where the plaintiffs alleged they purchased shares on the last day of, and "in," the offering, buttressed by allegations they purchased from an underwriter, Plaintiff Liu purchased the day BFLY began trading and Liu and Metzger both "acquired" BFLY shares pursuant to the S-4 when their Longview shares converted into BFLY shares in the merger. As this Court recognizes, "a look to the timing of a stock buy is often at the core of establishing whether it is 'traceable' to a registration statement". *Holland*, 2024 WL 5086106, at *4 (Farbiarz, J.).

Thus, Plaintiffs maintain the SAC contains the facts necessary to allege Section 11 standing. However, Plaintiffs now understand from the Court's January 21 and 28 Orders that detail from their certifications may need to be expounded within the SAC. Accordingly, if the Court is inclined to grant the motion to dismiss Counts I and II as currently pled, Plaintiffs request leave to amend to more explicitly set forth the above incorporated facts. Defendants will not be prejudiced by a narrow amendment.



                                    Respectfully,

                                    <u>/s/ *Eduard Korsinsky*</u>
                                    Eduard Korsinsky

cc:   Counsel of record (via CM/ECF)