# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

<table>
<tr><td>

CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,

              Plaintiffs,

           v.

BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,

              Defendants.

</td><td>

Case No. 2:22-cv-00854-MEF-JBC

</td></tr>
</table>

## DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Defendants Butterfly Network, Inc. f/k/a Longview Acquisition Corp., Todd M. Fruchterman, Stephanie Fielding, John Rodin, Larry Robbins, Mark Horowitz, Westley Moore, Derek Cribbs, and Randy Simpson (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Answer and Affirmative Defenses to the Second Amended Class Action Complaint for Violations of the Federal Securities Laws dated February 24, 2023 (ECF No. 68) (the "SAC").

Defendants deny all contents of the SAC, including but not limited to the allegations in the numbered paragraphs, headings, titles, footnotes, preamble, table of contents, prayer for relief, and jury demand, unless expressly admitted herein. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first non-numbered paragraph of

the SAC. Defendants hereby respond to the correspondingly numbered paragraphs of the SAC and assert their Affirmative Defenses as follows:

## NATURE OF THE ACTION

1. The allegations in Paragraph 1 state legal conclusions to which no response is required. Defendants further submit that the allegations regarding Plaintiffs' claims under Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") were dismissed by the Court's Opinion and Order dated February 13, 2025 (ECF No. 97) ("February 13, 2025 Order"), and therefore no response is required. To the extent a response is required, Defendants admit that the SAC purports to assert claims on behalf of classes of persons under Sections 11 and 15 of the Securities Act, Sections 14(a), 10(b), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and SEC Rule 10b-5, and otherwise deny the allegations in Paragraph 1.

2. Defendants admit that shares of the public company Butterfly Network, Inc. ("Butterfly") were publicly traded on February 16, 2021, following the February 12, 2021, business combination (the "Merger") between private company Butterfly Network, Inc. ("Legacy Butterfly") with Longview Acquisition Corp. ("Longview") and Clay Merger Sub, Inc. ("Merger Sub"); admit that Longview was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses; refer to Longview's securities registration materials for their description of Longview's corporate structure and purpose; and otherwise deny the allegations in Paragraph 2.

3. Defendants admit that Legacy Butterfly was founded in 2011 by Dr. Jonathan M. Rothberg ("Rothberg") and that both as Legacy Butterfly, and as the public company Butterfly, it develops and sells ultrasound imaging devices; admit that Butterfly has offered handheld ultrasound probe devices known as the iQ and the iQ+; admit that the devices can connect to a

smartphone or tablet to display ultrasound images; admit that Butterfly continues to sell the iQ+ and no longer manufactures the iQ; and otherwise deny the allegations in Paragraph 3.

4. Defendants admit that Butterfly or Legacy Butterfly has from time to time entered into inventory purchase agreements with third-party manufacturers and refer to those agreements for a full recitation of their terms, including any contractual obligations thereunder, and otherwise deny the allegations in Paragraph 4.

5. Defendants lack knowledge or information about any purported statements made by the unidentified confidential witnesses ("CWs" or in the singular, "CW") as described in the fourth sentence of Paragraph 5, and therefore deny the allegations in that sentence, and otherwise deny the allegations in Paragraph 5.

6. Defendants lack knowledge or information about any purported statements made by the CWs as described in Paragraph 6, and therefore deny the allegations in Paragraph 6.

7. Defendants refer to Longview's Proxy Statement/Prospectus on Form 424(b)(3) filed with the SEC on January 26, 2021 (the "Merger Proxy"), for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 7.

8. Defendants lack knowledge or information about any purported statements made by CWs as described in Paragraph 8, and therefore deny the allegations in Paragraph 8.

9. Defendants lack knowledge or information about any purported statements made by CWs as described in Paragraph 9, and therefore deny the allegations in Paragraph 9.

10. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal

conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 10.

11.    Defendants deny the allegations in Paragraph 11.

12.    Defendants admit that Longview stockholders with a majority of Longview's issued and outstanding shares of common stock held of record as of January 15, 2021, voted to approve the Merger; admit that holders of less than one percent of Longview's Class A common stock redeemed their shares for cash; and otherwise deny the allegations in Paragraph 12.

13.    Defendants lack knowledge or information about any purported statements made by CWs as described in Paragraph 13, and therefore deny the allegations in Paragraph 13.

14.    Defendants refer to Butterfly's FY 2020 Earnings Call dated March 29, 2021 ("FY 2020 Earnings Call"), for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 14.

## I.    JURISDICTION AND VENUE

15.    Defendants submit that the allegations in Paragraph 15 regarding Plaintiffs' claims under Sections 11 and Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 15 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to assert claims under Sections 11 and 15 of the Securities Act, Sections 14(a), 10(b), and 20(a) of the Exchange Act, and SEC Rules 10b-5 and 14a-9, and otherwise deny the allegations in Paragraph 15.

16.    The allegations in Paragraph 16 state legal conclusions to which no response is required.

4

17.    The allegations in Paragraph 17 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs allege that certain acts and conduct took place in this District, and otherwise deny the allegations in Paragraph 17.

## II.    THE PARTIES

### A.  Plaintiffs

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding purchases or other acquisitions of securities, and otherwise deny the allegations in Paragraph 18.

19.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding purchases or other acquisitions of securities, and otherwise deny the allegations in Paragraph 19.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding purchases or other acquisitions of securities, and otherwise deny the allegations in Paragraph 20.

### B.  Defendants

21.    Defendants admit that Butterfly is a Delaware corporation that was headquartered in Guilford, Connecticut during 2021; admit the allegations in the second, third, fifth, and sixth sentences of Paragraph 21; admit that the Merger occurred on February 12, 2021; and otherwise deny the allegations in Paragraph 21.

22.    Defendants admit that Todd Fruchterman ("Fruchterman") served as Legacy Butterfly/Butterfly's Chief Executive Officer and President from approximately February 1, 2021 to approximately December 30, 2022; admit that former Legacy Butterfly Chief Executive Officer Laurent Faracci ("Faracci") departed Legacy Butterfly on approximately January 23, 2021; admit

5

that Fruchterman consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly; and otherwise deny the allegations in Paragraph 22.

23.     Defendants admit that Stephanie Fielding ("Fielding") served as Senior Vice President of Finance at Legacy Butterfly from approximately April 6, 2020 to November 2020; admit that she served as Legacy Butterfly/Butterfly's Chief Financial Officer from November 2020 until her February 2022 resignation became effective on approximately April 30, 2022; and otherwise deny the allegations in Paragraph 23.

24.     Defendants admit that Rothberg is the founder of Legacy Butterfly and previously served as Chairman of Legacy Butterfly/Butterfly's Board of Directors from March 2014 to April 2023; admit that Rothberg consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly; and otherwise deny the allegations in Paragraph 24.

25.     Defendants submit that any and all claims against Dawn Carfora ("Carfora") were dismissed by the February 13, 2025 Order, and therefore no response is required.  To the extent a response is required, Defendants admit that Carfora consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly, and otherwise deny the allegations in Paragraph 25.

26.     Defendants submit that any and all claims against John Hammergren ("Hammergren") were dismissed by the February 13, 2025 Order, and therefore no response is required.  To the extent a response is required, Defendants admit that Hammergren consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly, and otherwise deny the allegations in Paragraph 26.

27.     Defendants submit that any and all claims against Gianluca Pettiti ("Pettiti") were dismissed by the February 13, 2025 Order, and therefore no response is required.  To the extent a

response is required, Defendants admit that Pettiti consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly, and otherwise deny the allegations in Paragraph 27.

28.   Defendants submit that any and all claims against S. Louise Phanstiel ("Phanstiel") were dismissed by the February 13, 2025 Order, and therefore no response is required. To the extent a response is required, Defendants admit that Phanstiel consented to be listed in the Merger Proxy as a future member of the board of directors of Butterfly, and otherwise deny the allegations in Paragraph 28.

29.   Defendants admit the allegations in the first sentence of Paragraph 29, admit that Larry Robbins ("Robbins") authorized Mark Horowitz ("Horowitz") to sign on his behalf as "Attorney-in-fact" Longview's Form S-4/A filed with the SEC on January 26, 2021, and otherwise deny the allegations in Paragraph 29.

30.   Defendants admit that John Rodin ("Rodin") was the Chief Executive Officer and a Director of Longview, admit that Rodin signed the Merger Proxy, and otherwise deny the allegations in Paragraph 30.

31.   Defendants admit that Horowitz was the Chief Financial Officer of Longview, admit that Horowitz signed the Merger Proxy, and otherwise deny the allegations in Paragraph 31.

32.   Defendants admit that Westley Moore ("Moore") was a Director of Longview, admit that Moore authorized Horowitz to sign on his behalf as "Attorney-in-fact" Longview's Form S-4/A filed with the SEC on January 26, 2021, and otherwise deny the allegations in Paragraph 32.

33. Defendants admit that Derek Cribbs ("Cribbs") was a Director of Longview, admit that Cribbs authorized Horowitz to sign on his behalf as "Attorney-in-fact" Longview's Form S-4/A filed with the SEC on January 26, 2021, and otherwise deny the allegations in Paragraph 33.

34. Defendants admit that Randy Simpson ("Simpson") was a Director of Longview, admit that Simpson authorized Horowitz to sign on his behalf as "Attorney-in-fact" Longview's Form S-4/A filed with the SEC on January 26, 2021, and otherwise deny the allegations in Paragraph 34.

35. Paragraph 35 of the SAC reflects Plaintiffs' characterization of their own allegations for which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 37.

38. Defendants admit that Fruchterman previously served as an officer and director of Butterfly; admit that Fielding previously served as an officer of Butterfly; admit that Fruchterman and Fielding each on occasion were involved in various SEC filings, press releases, and other public statements; and otherwise deny the allegations in Paragraph 38.

39. Defendants deny the allegations in the first sentence of Paragraph 39. The allegations in the second sentence of Paragraph 39 state legal conclusions to which no response is required.

## C. **Relevant Non-Parties**

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and therefore deny them.

41.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny them.

42.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and therefore deny them.

43.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45.    Defendants admit that David Garner was Vice President, Commercial at Legacy Butterfly within the period 2017 to 2020.

46.    Defendants admit that Brett Jansen was Vice President, Sales, West at Legacy Butterfly/Butterfly within the period from July 2020 to October 2021, and otherwise deny the allegations in Paragraph 46.

47.    Defendants admit that Rhys Gay was Director of Sales, Community Health Systems at Butterfly within the period from March 2021 to July 2023, and Vice President, U.S. Sales at Butterfly within the period from July 2023 to present, and otherwise deny the allegations in Paragraph 47.

48.    Defendants admit that Jan Grimm was Chief Revenue Officer at Legacy Butterfly/Butterfly within the period February 2020 to September 2021, and otherwise deny the allegations in Paragraph 48.

## III.    FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

### A.    Longview Forms SPAC to Acquire a Company with High Growth Potential

49.    Defendants admit that Longview was incorporated in Delaware on February 4, 2020; admit that its executive officers and directors consisted of Larry Robbins as Chairman, John

9

Rodin as Chief Executive Officer, Mark Horowitz as Chief Financial Officer, and Westley Moore, Derek Cribbs, and Randy Simpson as Directors; admit that Longview was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses; and otherwise deny the allegations in Paragraph 49.

50.     Defendants admit that Longview was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses; admit the allegations in the second sentence of Paragraph 50; and otherwise deny the allegations in Paragraph 50.

51.     Defendants refer to the April 8, 2021, statement by John Coates cited in Paragraph 51 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants admit that Longview's sponsor purchased 8.625 million founder shares for $25,000; admit that Longview effected a stock dividend of 1.725 million shares; and otherwise deny the allegations in Paragraph 53.

54.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, including without limitation its use of the phrase "SPAC structure," and therefore deny the allegations in Paragraph 54.

55.     Defendants refer to the cited April 8, 2021, statement by John Coates and the cited testimony of then-SEC Chair Gary Gensler, each as cited in Paragraph 55, for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual

inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 55.

56.     Defendants admit the allegations in the first sentence of Paragraph 56; refer to Longview's Form S-1 filed with the SEC on May 1, 2020, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 56.

57.     Defendants refer to Longview's Form S-1 filed with the SEC on May 1, 2020, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 57.

58.     Defendants refer to Longview's Form S-1/A filed with the SEC on May 18, 2020, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 58.

59.     Defendants admit the allegations in Paragraph 59.

### B. Butterfly Company Background

60.     Defendants admit that Legacy Butterfly was founded in 2011 by Rothberg, admit that Butterfly (including as Legacy Butterfly) develops and sells ultrasound imaging devices that use microchips rather than the traditional piezoelectric crystals to create the images, and otherwise deny the allegations in Paragraph 60.

61.     Defendants admit the allegations in Paragraph 61.

11

62. Defendants admit that Legacy Butterfly entered into a business combination agreement with Longview and Merger Sub on November 19, 2020, and otherwise deny the allegations in Paragraph 62.

63. Defendants admit that Legacy Butterfly announced a proposed business transaction with Longview on November 20, 2020, through which the post-Merger company would be publicly traded; refer to publicly available data regarding Longview's stock price and trading history; and otherwise deny the allegations in Paragraph 63.

64. Defendants refer to publicly available data regarding Longview's stock price and trading history, and otherwise deny the allegations in Paragraph 64.

65. Defendants admit that on January 26, 2021, the Merger Proxy was declared effective; admit that on February 12, 2021, Longview's stockholders voted to approve the proposed business combination between Legacy Butterfly, Merger Sub, and Longview; and otherwise deny the allegations in Paragraph 65.

66. Defendants admit that the Merger was accomplished when Legacy Butterfly merged with Merger Sub; admit that upon the closing of the Merger, Longview amended its certificate of incorporation, which included changing its name to Butterfly Network, Inc., and amended its bylaws; admit that each share of Longview Class B common stock that was issued and outstanding as of immediately prior to the effective time of the Merger was converted, on a one-for-one basis, into a share of Butterfly's Class A common stock; and otherwise deny the allegations in Paragraph 66.

67. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 67.

68.     Defendants admit that, prior to the Merger, Longview was a blank check company formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses; admit that Butterfly has similar operations to those of Legacy Butterfly; admit that Longview changed its name to Butterfly Network, Inc. after the conclusion of the Merger; and otherwise deny the allegations in Paragraph 68.

69.     Defendants admit the allegations in Paragraph 69.

70.     Defendants deny the allegations in Paragraph 70.

### 1.      Butterfly's Products

#### a.      Ultrasound Devices

71.     Defendants admit that Legacy Butterfly launched its first commercial product, the Butterfly iQ, in the fourth quarter of 2018; admit that the iQ included a handheld ultrasound probe capable of connecting to a smartphone or tablet that displays the ultrasound images created by the device; admit that the smartphone or tablet also provides a user interface whereby the operator can change the iQ device's settings; and otherwise deny the allegations in Paragraph 71.

72.     Defendants admit the allegations in the first sentence of Paragraph 72; admit that Butterfly's Ultrasound-on-Chip technology can reduce the cost of manufacturing compared to prior ultrasound imaging probes; and otherwise deny the allegations in Paragraph 72.

73.     Defendants admit that the iQ device was priced at less than $2,000 per device at the time of product launch; admit that traditional cart-based ultrasound machines typically range from $45,000 to $60,000 per new device; admit that other handheld ultrasound devices have an average price point of $21,000, based on $5,000 to $7,000 per probe, generally requiring two to three probes to cover a comparable range of cleared indications; and otherwise deny the allegations in Paragraph 73.

74.    Defendants admit the allegations in the first sentence of Paragraph 74; admit that the iQ+ is similar in form and function to the iQ but has a longer battery life, faster frame rates, and two times continuous run-time on select presets, among other advantages; and otherwise deny the allegations in Paragraph 74.

75.    Defendants deny the allegations in Paragraph 75.

76.    Defendants refer to Exhibit 99.2 to Longview's Form 8-K filed with the SEC on November 20, 2020 ("November 2020 Investor Presentation"), Exhibit 99.4 to Longview's Form 8-K filed with the SEC on November 20, 2020 ("November 2020 Webcast Transcript"), and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 76.

77.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 77.

78.    Defendants refer to the Merger Proxy, Butterfly's Form 10-K filed with the SEC on February 28, 2022, as amended on March 28, 2022 and April 19, 2022, Butterfly's Form 10-Q (Q1 2021) filed with the SEC on May 17, 2021, as amended on March 28, 2022, and Butterfly's Form 10-Q (Q1 2022) filed with the SEC on May 6, 2022, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions based on them, and otherwise deny the allegations in Paragraph 78.

### b.    Software Subscriptions

79.    Defendants admit that Butterfly has sold software subscriptions with its devices to provide users with, among other things, HIPAA-compliant cloud storage and AI capabilities; admit that Butterfly's Pro Individual membership plan was priced at $420 per year per user; admit that

Butterfly's probes can be used without internet for several days, during which data is stored locally; lack knowledge or information about the data storage prerequisites for the billing purposes of unnamed insurance companies, and therefore deny the allegations; and otherwise deny the allegations in Paragraph 79.

80. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; lack knowledge or information about any purported statements made by the unidentified CWs as described in the second and third sentences of Paragraph 80, and therefore deny the allegations in those sentences of Paragraph 80; and otherwise deny the allegations in Paragraph 80.

81. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the second sentence of Paragraph 81, and therefore deny the allegations in the second sentence of Paragraph 81; admit that Butterfly currently requires a membership to gain access to a newly-purchased Butterfly iQ+ probe, which some purchasers may choose not to renew after the first year of the membership; and otherwise deny the allegations in Paragraph 81.

### 2. Butterfly's Supplier Contracts Obligated the Company to Purchase Minimum Amounts of Inventory

82. Defendants admit that Butterfly's iQ products currently are built using components supplied by outside manufacturers and vendors located in, among other places, China, Taiwan, and Thailand; admit that, in the past, Butterfly at times obtained chips from Silex, a Swedish company; admit that Butterfly entered into a manufacturing and supplying contract with Taiwan Semiconductor Manufacturing Company Limited ("TSMC"); admit that as of the date of filing of the SAC, many Butterfly probes were manufactured, tested, and shipped by Benchmark

Electronics, Inc. from its facilities in Thailand and New Hampshire; and otherwise deny the allegations in Paragraph 82.

83. Defendants admit that Legacy Butterfly engaged TSMC to manufacture and supply all of the wafers used to create the semiconductor chips in Butterfly's probes; refer to the written agreements between Legacy Butterfly and TSMC for their complete and accurate contents including any minimum purchase requirements thereunder, and deny any paraphrasing, summarizing, or characterization of any such contracts and any factual inferences or legal conclusions made by Plaintiffs based on them; refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 83.

84. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 84.

85. Defendants refer to Exhibit 10.17.1 to Longview's Form S-4/A filed with the SEC on January 6, 2021 (the "TSMC Contract") for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 85.

86. Defendants refer to the TSMC Contract for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 86.

87. Defendants admit that Legacy Butterfly's October 1, 2015 agreement with Benchmark Electronics, Inc. (the "Benchmark Contract") included certain obligations for Butterfly

16

to purchase excess and obsolete components from Benchmark Electronics, Inc.; admit that Butterfly has at times in the past had excess and obsolete inventory charges; and otherwise deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 89, and therefore deny the allegations in Paragraph 89; refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 89.

90. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 90, and therefore deny the allegations in Paragraph 90.

91. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the first, second, and third sentences of Paragraph 91, and therefore deny the allegations in the first, second, and third sentences of Paragraph 91; refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusion made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 91.

92. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations forming Figure E, and therefore deny the allegations; refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusion made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 92.

93.    Defendants deny the allegations in Paragraph 93.

94.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the second sentence of Paragraph 94, and therefore deny the allegations in that sentence of Paragraph 94; admit that in 2019, Legacy Butterfly wrote-down $5.3 million of inventory and recorded a purchase commitment loss of $9.5 million relating to an inventory supply arrangement with a vendor that could not be sold through, and wrote-down $6.9 million of inventory and recorded accrued purchase commitments of $63.4 million relating to expected losses on minimum purchase commitments with a vendor and other inventory supply vendors; lack knowledge or information sufficient to form a belief as to the truth of the allegations forming Figure F, and therefore deny them; and otherwise deny the allegations in Paragraph 94.

95.    Defendants deny the allegations in Paragraph 95.

**3.    Butterfly's Initial Sales Strategy Focuses on Smaller
E-Commerce and "Early Adopter" Customers**

96.    Defendants admit that the iQ was the first ultrasound device that Legacy Butterfly launched, and otherwise deny the allegations in Paragraph 96.

97.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 97, and therefore deny the allegations in Paragraph 97.

98.    Defendants refer to the interview of Gioel Molinari cited in Paragraph 98 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 98.

99.    Defendants refer to the interview of Gioel Molinari cited in Paragraph 99 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any

factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 99.

100.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the second sentence of Paragraph 100, and therefore deny the allegations in the second sentence of Paragraph 100; admit that, as a general matter, Butterfly's e-Commerce sales have been primarily to individuals or small practices; and otherwise deny the allegations in Paragraph 100.

101.    Defendants admit that from the fourth quarter of 2019 to the fourth quarter of 2021, inclusive, product sales contributed to more of Legacy Butterly/Butterfly's revenue than software subscription sales; lack knowledge or information sufficient to form a belief as to the truth of the allegations forming Figure G, and therefore deny the allegations; and otherwise deny the allegations in Paragraph 101.

102.    Defendants admit that in 2019 and 2020, Legacy Butterfly sold and shipped approximately 12,900 devices and 20,200 devices, respectively; admit that in 2019 and 2020, Legacy Butterfly generated total revenues of $27.6 million and $46.3 million, respectively; admit that, as reflected in Butterfly's Form 10-K filed with the SEC on February 28, 2022, in 2021, Butterfly had approximately 23,800 units fulfilled; and otherwise deny the allegations in Paragraph 102.

103.    Defendants admit that Legacy Butterfly's subscription sales in 2019 and 2020 were $7,905,000 and $2,502,000, respectively; admit that those sales comprised approximately 9.1% of Legacy Butterfly's revenue in 2019 and approximately 17.1% of Legacy Butterfly's revenue in 2020; and otherwise deny the allegations in Paragraph 103.

19

104.   Defendants admit that sales to large companies accounted for a minority of Legacy Butterfly's sales prior to the Merger, and otherwise deny the allegations in Paragraph 104.

**C. Before Butterfly's Ultrasound Devices are Sufficiently Developed and Reliable, and Without the Necessary Sales Force in Place, Butterfly Changes its Sales Strategy to Focus on Larger Enterprise <u>Customers to Justify Inflated 2021 IPO Forecasts to Investors</u>**

105.   Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the second sentence of Paragraph 105, and therefore deny the allegations in the second sentence of Paragraph 105, and otherwise deny the allegations in Paragraph 105.

106.   Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the fourth sentence of Paragraph 106, and therefore deny the allegations in the fourth sentence Paragraph 106, and otherwise deny the allegations in Paragraph 106.

107.   Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 107, and therefore deny the allegations in Paragraph 107.

108.   Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 108, and therefore deny the allegations in Paragraph 108.

109.   Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 109, and therefore deny the allegations in Paragraph 109.

110.   Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 110, and therefore deny the allegations in

Paragraph 110.

111.    Defendants deny the allegations in Paragraph 111.

112.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the second sentence of Paragraph 112, and therefore deny the allegations in the second sentence of Paragraph 112, and otherwise deny the allegations in Paragraph 112.

113.    Defendants admit that Fruchterman and Legacy Butterfly entered into an employment agreement on January 23, 2021, and that Fruchterman began his employment as President and Chief Executive Officer of Legacy Butterfly on approximately February 1, 2021; admit that Fruchterman's employment as CEO of Legacy Butterfly began after Longview filed the Merger Proxy and before the Merger was completed; admit that Stacey Pugh ("Pugh") was appointed Chief Commercial Officer of Butterfly effective March 15, 2021; refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended May 12, 2021, and Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on March 11, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 113.

114.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 114, and therefore deny the allegations in Paragraph 114.

115.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the first sentence of Paragraph 115, and therefore deny those allegations; refer to Butterfly's Q3 2021 Earnings Call dated November 15, 2021 ("Q3 2021

21

Earnings Call"), for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 115.

116.    Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 116.

117.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the first sentence of Paragraph 117, and therefore deny the allegations in the first sentence of Paragraph 117; refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 117.

118.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 118, and therefore deny the allegations in Paragraph 118.

119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations forming Figure D, and therefore deny the allegations; refer to the Merger Proxy, Butterfly's Form 10-K filed with the SEC on February 28, 2022, as amended on March 28, 2022 and April 19, 2022, Butterfly's Form 10-Q (Q1 2021) filed with the SEC on May 17, 2021, as amended on March 28, 2022, and Butterfly's Form 10-Q (Q1 2022), filed with the SEC on May 6, 2022, for their complete and accurate contents and deny any paraphrasing, summarizing, or

22

characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 119.

**D. Butterfly Reports Inflated Forecasts in the Defective Proxy/Registration Statement That Were Unachievable and Lacked Any Reasonable Basis**

120. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 regarding any purported statements made by unidentified former employees, and therefore deny them; and otherwise deny the allegations in Paragraph 120.

121. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the second sentence of Paragraph 121, and therefore deny the allegations in the second sentence of Paragraph 121; and otherwise deny the allegations in Paragraph 121.

122. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 122.

123. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 123.

124. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 124.

125.   Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 125.

126.   Defendants refer to the Merger Proxy, the November 2020 Investor Presentation, Longview's Form 8-K filed with the SEC on November 20, 2020, and Exhibit 99.3 thereto ("November 2020 Webcast Presentation"), for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 126.

127.   Defendants refer to the November 2020 Investor Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 127.

128.   Defendants refer to the November 2020 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 128.

129.   Defendants refer to the November 2020 Webcast Transcript for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 129.

130.   Defendants refer to Exhibit 99.1 to Longview's Form 8-K filed with the SEC on November 20, 2020, for its complete and accurate contents and deny any paraphrasing,

24

summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 130.

131.    Defendants admit that Legacy Butterfly posted the November 20, 2020 Investor Presentation to its website; refer to the websites cited in Paragraph 131 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 131.

132.    Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 132.

133.    Defendants refer to Longview's Form S-4 filed with the SEC on November 27, 2020, Longview's amended Forms S-4 filed with the SEC on January 6, 2021 and January 19, 2021, and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 133.

134.    Defendants refer to Longview's Form 425 filed with the SEC on January 12, 2021 ("January 2021 Webcast Presentation") and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; admit that the January 2021 Webcast Presentation was posted to Butterfly's website; and otherwise deny the allegations in Paragraph 134.

135.    Defendants refer to the Merger Proxy for its complete and accurate contents and

deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 135.

136. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 136.

137. Defendants admit that Butterfly securities began trading publicly on February 16, 2021; refer to Exhibit 99.1 to Butterfly Network, Inc.'s Form 8-K filed with the SEC on March 5, 2021, and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 137.

138. Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on May 13, 2021, and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 138.

139. Defendants refer to Butterfly's Q2 2021 Earnings Call dated August 9, 2021 ("Q2 2021 Earnings Call") for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 139.

140. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 140, and therefore deny the allegations in Paragraph 140.

141. Defendants lack knowledge or information about any purported statements made

by the unidentified CW as described in Paragraph 141, and therefore deny the allegations in Paragraph 141.

142.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 142, and therefore deny the allegations in Paragraph 142.

143.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 143, and therefore deny the allegations in Paragraph 143.

144.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 144, and therefore deny the allegations in Paragraph 144.

145.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 145, and therefore deny the allegations in Paragraph 145.

146.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 146, and therefore deny the allegations in Paragraph 146.

147.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the second and third sentences of Paragraph 147, and therefore deny the allegations in those sentences in Paragraph 147, and otherwise deny the allegations in Paragraph 147.

148.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 148, and therefore deny the allegations in

27

Paragraph 148.

149.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 149, and therefore deny the allegations in Paragraph 149.

150.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 150, and therefore deny the allegations in Paragraph 150.

151.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 151, and therefore deny the allegations in Paragraph 151.

152.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 152, and therefore deny the allegations in Paragraph 152.

153.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 153, and therefore deny the allegations in Paragraph 153.

154.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 154, and therefore deny the allegations in Paragraph 154.

155.    Defendants deny the allegations in Paragraph 155.

**E.  Butterfly's Sales Flounder as Enterprise Customers are Slow or Unwilling to Adopt Butterfly's Probes**

**1.  Enterprise Customers are Slow or Unwilling to Adopt Butterfly's Products Because They Were Still in the Early Stages of Development and Lacked Critical Functionality**

28

156. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 156, and therefore deny the allegations in Paragraph 156.

157. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 157, and therefore deny the allegations in Paragraph 157.

158. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the first sentence of Paragraph 158, and therefore deny the allegations in that sentence in Paragraph 158, and otherwise deny the allegations in Paragraph 158.

159. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 159, and therefore deny the allegations in Paragraph 159.

160. Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 160, and therefore deny the allegations in Paragraph 160.

161. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 161, and therefore deny the allegations in Paragraph 161.

162. Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 162, and therefore deny the allegations in Paragraph 162.

163.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 163, and therefore deny the allegations in Paragraph 163.

**2.    Enterprise Customers are Slow to Adopt Butterfly Products Due to Excessive Pricing**

164.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 164, and therefore deny the allegations in Paragraph 164.

165.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 165, and therefore deny the allegations in Paragraph 165.

166.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 166, and therefore deny the allegations in Paragraph 166.

167.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 167, and therefore deny the allegations in Paragraph 167.

168.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 168, and therefore deny the allegations in Paragraph 168.

**3.    Butterfly's Belated Hiring of a Sales Force with Appropriate Experience Delays Selling to Enterprise Customers**

169.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 169.

30

170.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 170, and therefore deny the allegations in Paragraph 170.

171.    Defendants refer to Butterfly's Q1 2021 Earnings Call dated May 13, 2021 ("Q1 2021 Earnings Call") for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 171.

172.    Defendants refer to Butterfly's Q1 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 172.

173.    Defendants refer to Butterfly's Q1 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 173.

174.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 174, and therefore deny the allegations in Paragraph 174.

175.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 175, and therefore deny the allegations in Paragraph 175.

176.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 176, and therefore deny the allegations in

Paragraph 176.

177.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 177, and therefore deny the allegations in Paragraph 177.

178.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 178, and therefore deny the allegations in Paragraph 178.

179.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 179, and therefore deny the allegations in Paragraph 179.

180.    Defendants deny the allegations in Paragraph 180.

### 4.    Butterfly is Forced to Hire PwC to Develop a Strategy for Targeting Enterprise Customers to Increase Sales

181.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the first sentence of Paragraph 181, and therefore deny the allegations in that sentence of Paragraph 181; admit that Butterfly has, in the past, engaged PricewaterhouseCoopers to provide input on product and pricing strategy; and otherwise deny the allegations in Paragraph 181.

182.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 182, and therefore deny the allegations in Paragraph 182.

### F.  Butterfly Internally Revises Its 2021 IPO Forecasts Downward While Publicly Reaffirming Guidance

32

183.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 183, and therefore deny the allegations in Paragraph 183.

184.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 184, and therefore deny the allegations in Paragraph 184.

185.    Defendants deny the allegations in Paragraph 185.

**G. Lack of Demand from Enterprise Customers Results in A Build-up of Unusable Inventory and Eventual Inventory Write-offs and Downward Adjustment to the 2021 IPO Forecasts**

186.    Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on May 13, 2021 and Butterfly's Q1 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 186.

187.    Defendants admit that Butterfly's stock price closed at $11.23 per share on May 12, 2021 and closed at $9.45 per share on May 13, 2021; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 187.

188.    Defendants refer to the May 27, 2021 Motley Fool article titled "Wall Street Flies Away from Butterfly Networks after its Second Earnings Report" cited in Paragraph 188 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 188.

33

189. Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on November 15, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 189.

190. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 190.

191. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 191.

192. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 192.

193. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 193.

194. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual

inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 194.

195.    Defendants admit that Butterfly's stock price closed at $8.60 per share on November 12, 2021, and closed at $7.52 per share on November 15, 2021; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 195.

196.    Defendants refer to Butterfly's press release titled "Butterfly Network Introduces Butterfly Blueprint and World's First FDA-Cleared AI Guidance & Interpretation Software to Support the Practical Application of Ultrasound Information" dated February 28, 2022 ("Butterfly's Blueprint Press Release"), for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 196.

197.    Defendants refer to Butterfly's Q4 2021 Earnings Call dated February 28, 2022 ("Q4 2021 Earnings Call"), for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 197.

198.    Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 198.

199.    Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual

inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 199.

200. Defendants refer to the UBS analyst report cited in Paragraph 200 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 200.

201. Defendants refer to the UBS analyst report cited in Paragraph 201 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 201.

202. Defendants admit that Butterfly's stock price closed at $5.15 per share on February 28, 2022; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 202.

203. Defendants refer to Butterfly's Q3 2022 Earnings Call dated November 3, 2022 ("Q3 2022 Earnings Call") for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise the deny the allegations in Paragraph 203.

204. Defendants refer to Q3 2022 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 204.

205. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, and therefore deny the allegations in Paragraph 205.

206.    Defendants admit that Butterfly's stock price closed at $3.94 on November 3, 2022, and closed at $4.79 on November 2, 2022; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 206.

## IV.    ADDITIONAL ALLEGATIONS RELATING TO PLAINTIFFS' CLAIMS UNDER SECTIONS 11 AND 15 OF THE SECURITIES ACT OF 1933

207.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 207.

208.    The allegations in Paragraph 208 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

### A.  Materially False and Misleading Statements in the Defective Proxy/Registration Statement

#### 1.    Butterfly's Software Was "Objectively Lagging" and Not Valued by Healthcare Institutions or Other Potential Enterprise Customers

209.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 209 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 209 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 209.

210.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 210 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 210 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny

37

any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 210.

211. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 211 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 211 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 211, and therefore deny the allegations in subsections (1)–(7) of Paragraph 211; regarding subsections (8)–(10) of Paragraph 211, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 211.

212. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 212 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 212 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 212.

213. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 213 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 213 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by

the unidentified CWs as described in subsections (1)–(7) of Paragraph 213, and therefore deny the allegations in subsections (1)–(7) of Paragraph 213; regarding subsections (8)–(11) of Paragraph 213, refer to the Merger Proxy, Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended May 12, 2021, Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 213.

214.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 214 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 214 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 214.

215.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 215 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 215 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 215, and therefore deny the allegations in subsections (1)–(7) of Paragraph 215; regarding subsections (8)–(10) of Paragraph 215, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal

39

conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 215.

216. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 216 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 216 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 216.

217. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 217 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 217 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 217, and therefore deny the allegations in subsections (1)–(7) of Paragraph 217; regarding subsections (8)–(12) of Paragraph 217, refer to Butterfly's Form 10-K filed with the SEC on the March 29, 2021, as amended May 12, 2021, Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of the them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 217.

218. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 218 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 218 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny

any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 218.

219. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 219 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 219 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 219, and therefore deny the allegations in subsections (1)–(7) of Paragraph 219; regarding subsections (8)–(10) of Paragraph 219, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 219.

220. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 220 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 220 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 220.

221. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 221 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 221 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by

the unidentified CWs as described in subsections (1)–(7) of Paragraph 221, and therefore deny the allegations in subsections (1)–(7) of Paragraph 221; regarding subsections (8)–(10) of Paragraph 221, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 221.

222.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 222 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 222 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 222.

223.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 223 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 223 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 223, and therefore deny the allegations in subsections (1)–(7) of Paragraph 223; regarding subsections (8)–(10) of Paragraph 223, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal

conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 223.

224.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 224 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 224 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 224.

225.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 225 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 225 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 225.

226.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 226 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 226 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 226, and therefore deny the allegations in subsections (1)–(7) of Paragraph 226; regarding subsections (8)–(10) of Paragraph 226, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal

43

conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 226.

## 2. Butterfly's 2021 IPO Forecasts Lacked Any Reasonable Basis

227. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 227 were dismissed by the February 13, 2025 Order, and therefore no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 227.

228. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 228 were dismissed by the February 13, 2025 Order, and therefore no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 228.

229. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 229 were dismissed by the February 13, 2025 Order, and therefore no response is required. To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 229.

230. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 230 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 230 state legal conclusions to which no response is required. To the extent a response

44

is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(14) of Paragraph 230, and therefore deny the allegations in subsections (1)–(14) of Paragraph 230; regarding subsections (10) and (15) of Paragraph 230, refer to the UBS statements cited in Paragraph 230 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 230.

### 3.   The Risks of Excess Inventory Had Already Materialized

231.   Defendants submit that the allegations against the Section 11 Defendants in Paragraph 231 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 231 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 231.

232.   Defendants submit that the allegations against the Section 11 Defendants in Paragraph 232 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 232 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(4) of Paragraph 232, and therefore deny the allegations in subsections (1)–(4) of Paragraph 232; regarding subsections (1), (5), and (6), refer to the Merger Proxy and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 232.

**4.    The Risk of Write-Downs and Purchase Commitment Losses Had Already Materialized and Were Ongoing**

233.    The allegations in Paragraph 233 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 233.

234.    The allegations in Paragraph 234 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(4) of Paragraph 234, and therefore deny the allegations in subsections (1)–(4) of Paragraph 234; regarding subsections (1), (2), (5), and (6), refer to the Merger Proxy, Butterfly's FY 2020 Earnings Call, and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 234.

**5.    The Risk of Obsolete Hardware Had Already Materialized**

235.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 235 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 235 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 235.

236.    Defendants submit that the allegations against the Section 11 Defendants in

Paragraph 236 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 236 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(3) of Paragraph 236, and therefore deny the allegations in subsections (1)–(3) of Paragraph 236; regarding subsections (1), (4), and (5), refer to Butterfly's FY 2020 Earnings Call, the Merger Proxy, and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 236.

    **B.  Materially False and Misleading Statements in the Investor Presentation Materials Incorporated into the Defective Proxy/Registration Statement by Reference**

        **1.  No "Strong Initial Adoption" and "Momentum" at Healthcare Institutions**

237.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 237 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 237 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy and the November 2020 Investor Presentation for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 237.

238.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 238 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 238 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the November 2020 Investor Presentation for its complete and

accurate contents and deny any paraphrasing, summarizing, or characterizations of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 238.

239.   Defendants submit that the allegations against the Section 11 Defendants in Paragraph 239 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 239 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(9), (11), and (13) of Paragraph 239, and therefore deny the allegations in subsections (1)–(9), (11), and (13) of Paragraph 239; regarding subsections (3) and (10) of Paragraph 239, refer to the UBS statements cited in Paragraph 239 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (12) of Paragraph 239, refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 239.

### 2.    Near Term Growth was Not Supported by a Pipeline of Enterprise Bookings

240.   Defendants submit that the allegations against the Section 11 Defendants in Paragraph 240 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 240 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's November 2020 Investor Presentation and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or

characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 240.

241.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 241 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 241 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(6) and (9)–(16) of Paragraph 241, and therefore deny the allegations in subsections (1)–(6) and (9)–(13) of Paragraph 241; regarding subsections (8) and (11) of Paragraph 241, refer to the UBS statements cited in Paragraph 241 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsections (6), (7), and (17) of Paragraph 241, refer to Butterfly's Q1 2021 Earnings Call and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 241.

### 3.    Butterfly's 2021 IPO Forecasts Lacked Any Reasonable Basis

242.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 242 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 242 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the Merger Proxy and the November 2020 Investor Presentation for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 242.

243. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 243 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 243 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(14) of Paragraph 243, and therefore deny the allegations in subsections (1)–(14) of Paragraph 243; regarding subsections (10) and (16) of Paragraph 243, refer to the UBS statements cited in Paragraph 243 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (15) of Paragraph 243, refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 243.

**4.  Butterfly's Gross Margin Forecasts for 2021 Ignored the Company's Minimum Purchase Commitments and the Historical Lack of Demand**

244. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 244 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 244 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the Merger Proxy and the November 2020 Investor Presentation for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 244.

245. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 245 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 245 state legal conclusions to which no response is required. To the extent a response

is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsection (3) of Paragraph 245, and therefore deny the allegations in subsection (3) of Paragraph 245; regarding subsections (1)–(4) of Paragraph 245, refer to the Merger Proxy, Butterfly's FY 2020 Earnings Call, and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 245.

## C. The Section 11 Defendants Violated Items 303 and 105 of Regulation S-K

246.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 246 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 246 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to SEC Release Nos. 33-8056; 34-45321; FR-61 for their complete contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 246.

247.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 247 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 247 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to S.E.C. Release No. 6835, 1989 WL 1092885, for its complete contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 247.

248.    Defendants submit that the allegations against the Section 11 Defendants in Paragraph 248 were dismissed by the February 13, 2025 Order, and further, that the allegations in

51

Paragraph 248 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 248.

249. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 249 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 249 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to 17 C.F.R. § 229.105, S.E.C. Release No. 8501, and Statement of the Comm'n Regarding Disclosure of Year 2000 Issues and Consequences by Pub. Cos., Inv. Advisers, Inv. Cos., & Mun. Sec. Issuers, 1998 WL 425894 (July 29, 1998) for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 249.

250. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 250 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 250 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 250.

251. Defendants submit that the allegations against the Section 11 Defendants in Paragraph 251 were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 251 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 251.

## V. ADDITIONAL ALLEGATIONS RELATING TO PLAINTIFFS' CLAIMS UNDER SECTION 14(a) AND 20(a) OF THE EXCHANGE ACT AND RULE 14a-9.

252. The allegations in Paragraph 252 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 252.

A. **Materially False and Misleading Statements in the Defective Proxy/Registration Statement and <u>Documents Incorporated Therein by Reference</u>**

253.    Defendants incorporate their answers to the Paragraphs contained within Sections IV.A and IV.B, *supra*.

B. <u>**Causation**</u>

254.    Defendants deny the allegations in Paragraph 254.

255.    The allegations in Paragraph 255 state legal conclusions to which no response is required. To the extent a response is required, Defendants incorporate their answers to the Paragraphs contained within Sections VI.H, *infra*, and otherwise deny the allegations in Paragraph 255.

VI.    **ADDITIONAL ALLEGATIONS RELATING TO PLAINTIFFS' CLAIMS UNDER SECTIONS 10(b) AND 20(a) OF THE EXCHANGE ACT AND RULE 10b-5**

A. **Materially False and Misleading Statements in the Defective Proxy/Registration Statement and <u>Documents Incorporated Therein by Reference</u>**

256.    The allegations in Paragraph 256 state legal conclusions to which no response is required. To the extent a response is required, Defendants incorporate their answers to the Paragraphs contained within Sections IV.A and IV.B, *supra*, and otherwise deny the allegations in Paragraph 256.

B. **Materially False and Misleading Statements Published in the 39th Annual <u>J.P. Morgan Healthcare Conference Webcast on January 12, 2021</u>**

257.    Defendants admit that on January 12, 2021, Legacy Butterfly presented at a live webcast at the 39th Annual J.P. Morgan Healthcare Conference; refer to the January 2021 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on

it; admit that the January 2021 Webcast Presentation was posted to Butterfly's website; and otherwise deny the allegations in Paragraph 257.

258.  The allegations in Paragraph 258 state legal conclusions to which no response is required.  To the extent a response is required, Defendants incorporate their answers in the Paragraphs in Section IV.B, *supra*; refer to the November 2020 Investor Presentation and the January 2021 Webcast Presentation for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 258.

### 1.  No "Strong Initial Adoption" and "Momentum" At Healthcare Institutions

259.  The allegations in Paragraph 259 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the January 2021 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 259.

260.  Defendants refer to the January 2021 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 260.

261.  The allegations in Paragraph 261 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(9), (11), and (13) of Paragraph 261, and therefore deny the allegations in subsections (1)–(9), (11), and (13)

54

of Paragraph 261; regarding subsections (3) and (10) of Paragraph 261, refer to the UBS statements cited in Paragraph 261 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (12) in Paragraph 261, refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 261.

### 2. Near Term Growth Was Not Supported By a Pipeline of Enterprise Bookings

262. The allegations in Paragraph 262 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the January 2021 Webcast Presentation for its complete and accurate content, and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 262.

263. The allegations in Paragraph 263 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(5) and (8)–(15) of Paragraph 263, and therefore deny the allegations in subsections (1)–(5) and (8)–(15) of Paragraph 263; regarding subsections (7) and (10) of Paragraph 263, refer to the UBS statements cited in Paragraph 261 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsections (6) and (16) of Paragraph 263, refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or

characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 263.

### 3. Butterfly's 2021 IPO Forecasts Lacked Any Reasonable Basis

264. The allegations in Paragraph 264 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to the January 2021 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 264.

265. The allegations in Paragraph 265 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(14) of Paragraph 265, and therefore deny the allegations in subsections (1)–(14) of Paragraph 265; regarding subsections (10) and (14), refer to the UBS statements cited in Paragraph 265 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 265.

266. The allegations in Paragraph 266 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsection (3) of Paragraph 266, and therefore deny the allegations in subsection (3) of Paragraph 266; regarding subsections (1)–(4) of Paragraph 266, refer to the Merger Proxy, Butterfly's FY 2020 Earnings Call, and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal

conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 266.

267.    The allegations in Paragraph 267 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to the January 2021 Webcast Presentation for its complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 267.

268.    The allegations in Paragraph 268 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 268, and therefore deny the allegations in subsections (1)–(7) of Paragraph 268; regarding subsections (8)–(10) of Paragraph 268, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 268.

C.  **Materially False and Misleading Statements in the Form 10-K for the Year Ended December 31, 2020, Filed with the SEC on March 29, 2021**

269.    The allegations in Paragraph 269 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 269.

**1.    Butterfly's Software Was "Objectively Lagging" and Not Valued by Healthcare Institutions or Other Potential Enterprise Customers**

270.    The allegations in Paragraph 270 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 270.

271.    Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 271.

272.    The allegations in Paragraph 272 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 272, and therefore deny the allegations in subsections (1)–(7) of Paragraph 272; regarding subsections (8)–(10) of Paragraph 272, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 272.

273.    The allegations in Paragraph 273 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate

content, and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 273.

274. The allegations in Paragraph 274 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 274, and therefore deny the allegations in subsections (1)–(7) of Paragraph 274; regarding subsections (8)–(10) of Paragraph 274, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 274.

275. The allegations in Paragraph 275 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 275.

276. The allegations in Paragraph 276 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 276, and therefore deny the allegations in subsections (1)–(7) of Paragraph 276; regarding subsections (8)–(10) of Paragraph 276, refer to Butterfly's Q3 2021 Earnings Call,

Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 276.

277. The allegations in Paragraph 277 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 277.

278. The allegations in Paragraph 278 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 278, and therefore deny the allegations in subsections (1)–(7) of Paragraph 278; regarding subsections (8)–(10) of Paragraph 278, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 278.

279. The allegations in Paragraph 279 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual

inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 279.

280. The allegations in Paragraph 280 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 280, and therefore deny the allegations in subsections (1)–(7) of Paragraph 280; regarding subsections (8)–(10) of Paragraph 280, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 280.

281. The allegations in Paragraph 281 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 281.

282. The allegations in Paragraph 282 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections described as (11)–(17) of Paragraph 282, and therefore deny the allegations in subsections described as (11)–(17) of Paragraph 282; regarding subsections described as (18)–(20) of Paragraph 282, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022

61

Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 282.

283. The allegations in Paragraph 283 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 283.

284. The allegations in Paragraph 284 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 284.

285. The allegations in Paragraph 285 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(7) of Paragraph 285, and therefore deny the allegations in subsections (1)–(7) of Paragraph 285; regarding subsections (8)–(10) of Paragraph 285, refer to Butterfly's Q3 2021 Earnings Call, Butterfly's Blueprint Press Release, and Butterfly's Q3 2022 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the

allegations in Paragraph 285.

### 2.  The Risks of Excess Inventory Had Already Materialized

286.    The allegations in Paragraph 286 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 286.

287.    The allegations in Paragraph 287 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1), (3), and (4) of Paragraph 287, and therefore deny the allegations in subsections (1), (3), and (4) of Paragraph 287; regarding subsections (1), (5) and (6) of Paragraph 287, refer to the Merger Proxy and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 287.

### 3.  The Risk of Obsolete Hardware Had Already Materialized

288.    The allegations in Paragraph 288 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Form 10-K filed with the SEC on March 29, 2021, as amended on May 12, 2021, for their complete and accurate contents, and deny any paraphrasing, summarizing, or characterizations of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 288.

289.    The allegations in Paragraph 289 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(3) of Paragraph 289, and therefore deny the allegations in subsections (1)–(3) of Paragraph 289; regarding subsections (1), (4), and (5) of Paragraph 289, refer to the Merger Proxy, Butterfly's FY 2020 Earnings Call, and Butterfly's Q3 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 289.

### D.  Materially False and Misleading Statements in the March 29, 2021 Earnings Call

290.    Defendants refer to Butterfly's FY 2020 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 290.

291.    Defendants refer to Butterfly's FY 2020 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 291.

292.    The allegations in Paragraph 292 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(14) of Paragraph 292, and therefore deny the allegations in subsections (1)–(14) of Paragraph 292; regarding subsections (5) and (15) of Paragraph 292, refer to the UBS statements cited in

64

Paragraph 292 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (16) of Paragraph 292, refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 292.

### E. Materially False and Misleading Statements in the May 2021 Earnings Call, Presentation, and Press Release

### 1. Butterfly and its CEO and CFO Reaffirm the Company's Previously-Stated, Materially False and Misleading 2021 IPO Forecasts

293.    The allegations in Paragraph 293 state legal conclusions to which no response is required. To the extent a response is required, Defendants refer to Butterfly's Q1 2021 Earnings Call and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 293.

294.    Defendants refer to Butterfly's Q1 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 294.

295.    Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on May 13, 2021, and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 295.

65

296.    The allegations in Paragraph 296 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on May 13, 2021, and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 296.

297.    The allegations in Paragraph 297 state legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (2)–(12) and (14)–(21) of Paragraph 297, and therefore deny the allegations in subsections (2)–(12) and (14)–(21) of Paragraph 297; regarding subsections (13) and (15) of Paragraph 297, refer to the UBS statements cited in Paragraph 297 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (16) of Paragraph 297, refer to Butterfly's Q1 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 297.

298.    Defendants deny the allegations in Paragraph 298.

**F.  Materially False and Misleading Statements in the August 2021 Earnings Call and Presentation**

**1.    There Was No Strong Pipeline or Demand for Butterfly's Products**

299.    The allegations in Paragraph 299 state legal conclusions to which no response is required.  To the extent a response is required, Defendants refer to Butterfly's Q2 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or

66

characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 299.

300. The allegations in Paragraph 300 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (1)–(6) and (7)–(13) of Paragraph 300, and therefore deny the allegations in subsections (1)–( 6) and (7)–(13) of Paragraph 300; regarding subsections (7) and (9) of Paragraph 300, refer to the UBS statements cited in Paragraph 300 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 300.

### 2. Butterfly's CFO Reaffirms the Company's Previously-Stated, Materially False and Misleading 2021 IPO Forecasts

301. Defendants refer to Butterfly's Q2 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterizations of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 301.

302. The allegations in Paragraph 302 state legal conclusions to which no response is required. To the extent a response is required, Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in subsections (2)–(12) and (14)–(22) of Paragraph 302, and therefore deny the allegations in subsections (2)–(12) and (14)–(22) of Paragraph 302; regarding subsections (13) and (15) of Paragraph 302, refer to the UBS statements cited in Paragraph 302 for their complete contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; regarding subsection (16) of Paragraph 302, refer to Butterfly's Q1 2021

Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; and otherwise deny the allegations in Paragraph 302.

### G. The 10(b) Defendants Acted with Scienter

303.    The allegations in Paragraph 303 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 303.

### 1. Defendants Fielding and Fruchterman Disregarded Internal Reports and Data that Directly Contradicted Their Public Statements

304.    Defendants deny the allegations in Paragraph 304.

305.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in the first, second, and third sentences of Paragraph 305, and therefore deny the allegations in the first, second, and third sentences of Paragraph 305.  The allegations in the fourth sentence of Paragraph 305 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the fourth sentence of Paragraph 305.

306.    Defendants lack knowledge or information about any purported statements made by the unidentified CWs as described in Paragraph 306, and therefore deny the allegations in Paragraph 306.

307.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 307, and therefore deny the allegations in Paragraph 307.

308.    Defendants admit that Butterfly used Salesforce.com for certain internal corporate purposes, and otherwise deny the allegations in Paragraph 308.

309.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in the first and second sentences of Paragraph 309, and therefore deny the allegations in the first and second sentences of Paragraph 309, and otherwise deny the allegations in Paragraph 309.

### 2.    Insufficient Demand Was Frequently Discussed at Internal Company Meetings

310.    Defendants Butterfly, Fielding, and Fruchterman admit that customer accounts and sales performance were discussed at internal Butterfly meetings from time to time, including at meetings attended by Fielding and Fruchterman, and otherwise deny the allegations in Paragraph 310. All other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 310, and therefore deny the allegations in Paragraph 310.

311.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 311, and therefore deny the allegations in Paragraph 311.

312.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 312, and therefore deny the allegations in Paragraph 312.

313.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 313, and therefore deny the allegations in Paragraph 313.

314.    Defendants lack knowledge or information about any purported statements made by the unidentified CW as described in Paragraph 314, and therefore deny the allegations in Paragraph 314.

315.    Defendants deny the allegations in Paragraph 315.

### 3.    Laurent Faracci's Departure Supports Scienter

316.    Defendants admit that Faracci joined Legacy Butterfly as CEO in March 2020; refer to Exhibit 99.1 to Longview's Form 8-K filed with the SEC on November 20, 2020, and Longview's Form S-4 filed with the SEC on November 27, 2020, for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them; and otherwise deny the allegations in Paragraph 316.

317.    Defendants admit that Legacy Butterfly was party to a contract with TSMC that was signed in 2019 by Rothberg; admit that Butterfly employees have at times discussed possible amendments to the terms of the TSMC contract that was initially signed in 2019; lack knowledge or information about any purported statements made by the unidentified CW as described in the second sentence of Paragraph 317, and therefore deny the allegations in the second sentence of Paragraph 317; and otherwise deny the allegations in Paragraph 317.

318.    Defendants deny the allegations in Paragraph 318.

319.    Defendants admit that Faracci, in his role as CEO, had access to information about Butterfly's sales team, its customer base, its products, and its financial forecasts, and otherwise deny the allegations in Paragraph 319.

320.    Defendants admit that Faracci departed Legacy Butterfly on approximately January 23, 2021, and otherwise deny the allegations in Paragraph 320.

321.    Defendants deny the allegations in Paragraph 321.

322.    Defendants deny the allegations in Paragraph 322.

### 4.    Defendants Fielding and Fruchterman Were Aware Enterprise Customers Were Slow or Unwilling to Adopt Butterfly's Probes Because It Was Butterfly's Core Business

323.    Defendants refer to Butterfly's Form 10-K filed with the SEC on February 28, 2022, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 323.

324.    Defendants admit that Fruchterman and Fielding had knowledge of elements of Butterfly's business, including revenue from the sale of ultrasound devices, at a level commensurate with their positions and tenures as CEO and CFO, respectively; lack knowledge or information about any purported statements made by the unidentified CWs as described in the second sentence of Paragraph 324, and therefore deny the allegations in the second sentence of Paragraph 324; and otherwise deny the allegations in Paragraph 324.

325.    Defendants deny the allegations in Paragraph 325.

### 5.    Defendants Fielding and Fruchterman Provided Due Diligence Materials on the Specific Subject Matters of the False Statements

326.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 326.

327.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 327.

328.    Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 328.

329. Defendants Fielding and Fruchterman deny the allegations in Paragraph 329. All other Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 329, and therefore deny the allegations in Paragraph 329.

### 6. Chief Operating Officer David Perri Was Motivated to Use Insider Knowledge of Future Losses on Purchase Commitments to Sell Shares and Avoid the Future Losses in Stock Value

330. Defendants refer to the Merger Proxy for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 330.

331. Defendants refer to Exhibit 10.17.2 to Longview's Form S-4/A filed with the SEC on January 6, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 331.

332. Defendants refer to Exhibit 10.10 to Longview's Form S-4/A filed with the SEC on January 6, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 332.

333. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 333, and therefore deny the allegations in Paragraph 333.

334. Defendants refer to Exhibit 10.10 to Longview's Form S-4/A filed with the SEC on January 6, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 334.

335. Defendants refer to the Form 4 for David Perri ("Perri") filed with the SEC on June 10, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or

characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it; admit that on approximately June 18, 2021, Perri stepped down from his position as Chief Operating Officer of Butterfly, effective June 30, 2021; and otherwise deny the allegations in Paragraph 335.

336.    Defendants refer to the Form 4 for Perri filed with the SEC on August 24, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 336.

337.    Defendants refer to the Form 4 for Perri filed with the SEC on August 27, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 337.

338.    Defendants deny the allegations in Paragraph 338.

339.    Defendants deny the allegations in Paragraph 339.

### 7.    High Executive Turnover Supports Scienter

340.    Defendants admit that Faracci was Chief Executive Officer at Legacy Butterfly within the period from April 2020 to January 2021; admit that Perri was Chief Operating Officer at Legacy Butterfly/Butterfly within the period from March 2020 to June 2021; admit that Joao Rodrigues was Chief Marketing Officer at Legacy Butterfly/Butterfly within the period from March 2020 to September 2021; admit that Jan Grimm was Chief Revenue Officer at Legacy Butterfly/Butterfly within the period February 2020 to August 2021; admit that Jill Kalman, MD was Chief Clinical and Scientific Officer at Butterfly within the period from March 2021 to October 2021; admit that Fielding was Chief Financial Officer at Legacy Butterfly/Butterfly within the period from November 2020 to April 2022; admit that Timothy Trodden was Chief Human

73

Resources Officer at Butterfly within the period from April 2021 to January 2022; admit that Pugh was Chief Commercial Officer at Butterfly within the period from March 2021 to November 2022; admit that Holly Spring was Chief Communications Officer at Butterfly within the period from October 2021 to November 2022; admit that Fruchterman was Chief Executive Officer at Butterfly within the period from February 2021 to December 2022; and otherwise deny the allegations in Paragraph 340.

341. Defendants deny the allegations in Paragraph 341.

342. Defendants deny the allegations in Paragraph 342.

343. Defendants deny the allegations in Paragraph 343.

**H. Loss Causation**

344. Defendants deny the allegations in Paragraph 344.

345. Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on May 13, 2021, for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 345.

346. Defendants admit that Butterfly's stock price closed at $11.23 per share on May 12, 2021, and closed at $9.45 per share on May 13, 2021; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 346.

347. Defendants refer to the May 27, 2021 Motley Fool article cited in Paragraph 347 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 347.

348. Defendants refer to Exhibit 99.1 to Butterfly's Form 8-K filed with the SEC on November 15, 2021, Butterfly's Q3 2021 Earnings Call, the Merger Proxy, Butterfly's Q1 2021

Earnings Call, and Butterfly's Q2 2021 Earnings Call for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 348.

349. Defendants refer to Butterfly's Q3 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 349.

350. Defendants deny the allegations in Paragraph 350.

351. Defendants admit that Butterfly's stock price closed at $8.60 per share on November 12, 2021, and closed at $7.52 per share on November 15, 2021; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 351.

352. Defendants deny the allegations in Paragraph 352.

353. Defendants refer to the November 15, 2021 Cowen analyst report cited in Paragraph 353 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 353.

354. Defendants refer to the November 15, 2021 Cowen analyst report cited in Paragraph 354 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 354.

355. Defendants refer to the November 15, 2021 article by Brett Schafer cited in

75

Paragraph 355 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 355.

356. Defendants refer to Butterfly's Blueprint Press Release and the Merger Proxy for their complete and accurate contents and deny any paraphrasing, summarizing, or characterization of them and any factual inferences or legal conclusions made by Plaintiffs based on them, and otherwise deny the allegations in Paragraph 356.

357. Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 357.

358. Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 358.

359. Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 359.

360. Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 360.

361.    Defendants refer to Butterfly's Q4 2021 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 361.

362.    Defendants refer to the UBS Report dated February 28, 2022, cited in Paragraph 362 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 362.

363.    Defendants refer to the UBS Report dated February 28, 2022, cited in Paragraph 363 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in 363.

364.    Defendants admit that Butterfly's stock price closed at $5.15 per share on February 28, 2022; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 364.

365.    Defendants deny the allegations in Paragraph 365.

366.    Defendants refer to Butterfly Network, Inc.'s Q3 2022 Earnings Call for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the allegations in Paragraph 366.

367.    Defendants refer to the Oppenheimer & Co. coverage cited in Paragraph 367 for its complete contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it, and otherwise deny the

allegations in Paragraph 367.

368.    Defendants deny the allegations in Paragraph 368.

369.    Defendants admit that Butterfly's stock price closed at $3.94 on November 3, 2022; refer to publicly available data regarding Butterfly's stock price and trading history; and otherwise deny the allegations in Paragraph 369.

370.    Defendants deny the allegations in Paragraph 370.

371.    Defendants deny the allegations in Paragraph 371.

372.    Defendants deny the allegations in Paragraph 372.

373.    Defendants deny the allegations in Paragraph 373.

374.    Defendants deny the allegations in Paragraph 374.

## I.    **Presumption of Reliance**

375.    The allegations in Paragraph 375 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Butterfly's common stock has been listed on the New York Stock Exchange since February 16, 2021; admit that Butterfly has been followed by securities analysts; admit that Butterfly filed periodic public reports with the SEC; admit that Butterfly communicated with investors; and otherwise deny the allegations in Paragraph 375.

376.    Defendants admit that securities analysts from time to time have published reports on Butterfly, and otherwise deny the allegations in Paragraph 376.

377.    Defendants deny the allegations in the first sentence of Paragraph 377.  The allegations in the second and third sentences of Paragraph 377 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 377.

378.    Defendants deny the allegations in Paragraph 378.

78

379.    The allegations in Paragraph 379 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 379.

380.    Defendants deny the allegations in Paragraph 380.

## X.    NO SAFE HARBOR

381.    The allegations in Paragraph 381 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 381.

382.    The allegations in Paragraph 382 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 382.

383.    The allegations in Paragraph 383 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 383.

## XI.    CLASS ACTION ALLEGATIONS

384.    Defendants submit that the allegations in Paragraph 384 regarding Plaintiffs' claims under Sections 11 and Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and further, that the allegations in Paragraph 384 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring this action as a class action on behalf of classes of persons under Sections 11 and 15 of the Securities Act, Sections 14(a), 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5, and otherwise deny the allegations in Paragraph 384.

385.    The allegations in the first sentence of Paragraph 385 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first sentence of Paragraph 385.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 385, and therefore deny the allegations in the second sentence of Paragraph 385, and otherwise deny the allegations in Paragraph 385.

386.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 386, and therefore deny the allegations in Paragraph 386.

387.    The allegations in Paragraph 387 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 387.

388.    The allegations in Paragraph 388 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 388.

389.    The allegations in Paragraph 389 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 389.

390.    The allegations in Paragraph 390 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations and Paragraph 390.

391.    The allegations in Paragraph 391 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 391.

## COUNT I

**Violation of Section 11 of the Securities Act of 1933**
**Against the Section 11 Defendants**

392.    Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

393.    Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

394.    Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

395. Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

396. Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

397. Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

398. Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

399. Defendants submit that Plaintiffs' claims under Section 11 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 392–399.

## <u>COUNT II</u>

**Violation of Section 15 of the Securities Act of 1933**
**Against Defendant Fruchterman**

400. Defendants submit that Plaintiffs' claims under Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 400–403.

401. Defendants submit that Plaintiffs' claims under Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 400–403.

402.    Defendants submit that Plaintiffs' claims under Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 400–403.

403.    Defendants submit that Plaintiffs' claims under Section 15 of the Securities Act were dismissed by the February 13, 2025 Order, and therefore no response is required to the allegations in Paragraphs 400–403.

## <u>COUNT III</u>

**Violation of Section 14(a) of the Securities Exchange Act of 1934 and Rule 14a-9
Against the Company and the 14(a) Defendants**

404.    Defendants incorporate their answers to Paragraphs 15 through 245 and Paragraphs 252 through 255 as though fully set forth herein.

405.    The allegations in Paragraph 405 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring Count III pursuant to Section 14(a) of the Exchange Act, 15 U.S.C. § 78n, and Rule 14a-9 promulgated thereunder, and do not allege that the 14(a) Defendants acted with scienter or fraudulent intent with respect to Count III; and otherwise deny the allegations in Paragraph 405.

406.    Defendants refer to SEC Rule 14a-9, 17 C.F.R. § 240.14a-9 for its complete and accurate contents and deny any paraphrasing, summarizing, or characterization of it and any factual inferences or legal conclusions made by Plaintiffs based on it.

407.    The allegations in Paragraph 407 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 407.

408.    The allegations in Paragraph 408 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 408.

409.    The allegations in Paragraph 409 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 409.

410.    The allegations in Paragraph 410 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 410.

411.    The allegations in Paragraph 411 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 411.

412.    The allegations in Paragraph 412 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 412.

## COUNT IV

**For Violations of Section 10(b) of the Exchange Act and Rule 10b-5**
**Against the 10(b) Defendants**

413.    Defendants incorporate their answers to Paragraphs 1 through 383 as though fully set forth herein.

414.    The allegations in Paragraph 414 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring Count IV under 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5; and otherwise deny the allegations in Paragraph 414.

415.    The allegations in Paragraph 415 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 415.

416.    The allegations in Paragraph 416 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 416

417.    The allegations in Paragraph 417 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 417.

## COUNT V

### For Violations of Section 20(a) of the Exchange Act
### Against Defendants Fruchterman and Fielding

418.   Defendants incorporate their answers to Paragraphs 1 through 383 as though fully set forth herein.

419.   The allegations in Paragraph 419 state legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiffs purport to bring Count V under § 20(a) of the Exchange Act, 15 U.S.C. § 78t, and otherwise deny the allegations in Paragraph 419.

420.   The allegations in Paragraph 420 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 420.

421.   The allegations in Paragraph 421 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 421.

422.   The allegations in Paragraph 422 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 422.

423.   The allegations in Paragraph 423 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 423.

424.   The allegations in Paragraph 424 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 424.

425.   The allegations in Paragraph 425 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 425.

426.   The allegations in Paragraph 426 state legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 426.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiffs are entitled to relief and respectfully request that the Court dismiss all claims against Defendants with prejudice and order such further relief for Defendants as the Court deems just and proper.  Defendants further deny that this action is appropriate for class action treatment.

**DEMAND FOR JURY TRIAL**

Defendants deny the allegations of Plaintiffs' demand for a jury trial, except admit that Plaintiffs purport to demand a jury trial.  Defendants reserve the right to challenge this demand.

**AFFIRMATIVE DEFENSES**

1.      This action is barred, in whole or in part, because Plaintiffs fail to state a claim upon which relief may be granted.

2.      This action is barred, in whole or in part, because the statements Plaintiffs challenge were not false or misleading and Defendants neither had a duty nor breached a duty to disclose any facts allegedly not disclosed.

3.      This action, in whole or in part, is not maintainable as a class action under Fed. R. Civ. P. 23.

4.      This action is barred, in whole or in part, because Defendants are immune from liability for certain statements complained of in the SAC under the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") 15 U.S.C. § 78u-5, and/or the bespeaks caution doctrine.

5.      The action is barred, in whole or in part, because certain information that Plaintiffs allege to have been omitted or misrepresented was in fact publicly available and/or widely known to the market and to the investing community.

6.      This action is barred, in whole or in part, because certain statements complained of in the SAC are non-actionable statements of opinion.

7.      This action is barred, in whole or in part, because certain statements complained of in the SAC fall within the definition of non-actionable puffery.

8.      This action is barred, in whole or in part, because Defendants conducted adequate due diligence and a reasonable investigation, and had a good-faith basis and reasonable grounds to believe, and did believe at the time the statements were made, that such statements were true and not misleading.

9.      This action is barred, in whole or in part, because Defendants had no duty of disclosure with respect to any alleged misrepresentations or omissions.

10.      This action is barred, in whole or in part, because any alleged misrepresentations or omissions for which Defendants are allegedly responsible for were not material.

11.      This action is barred, in whole or in part, because no one whose intent could be imputed to Defendants acted with scienter.

12.      This action is barred, in whole or in part, because Defendants were not the actual or proximate cause of any injury to Plaintiffs.

13.      This action is barred, in whole or in part, because Plaintiffs cannot prove reliance on any alleged statements or actions of the Defendants and Plaintiffs are not entitled to the fraud on the market presumption of reliance.

14.      This action is barred, in whole or in part, to the extent there are intervening and superseding causes of alleged harm, if any, suffered by Plaintiffs.

15.      This action is barred, in whole or in part, because Plaintiffs' damages, if any, are speculative and thus are not recoverable.

16.     This action is barred, in whole or in part, because Plaintiffs have no compensable damages.

17.     This action is barred, in whole or in part, due to the absence of loss causation.

18.     This action is barred, in whole or in part, because it is not actionable under the *Santa Fe* doctrine.

19.     This action is barred, in whole or in part, because Plaintiffs failed to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

20.     This action is barred, in whole or in part, by the doctrines of contributory negligence, comparative negligence, and/or assumption of risk because Plaintiffs knew, or in the exercise of reasonable care should have known, the risks inherent in investing in the securities at issue and they assumed the risk of a decline in the value of their investments.

21.     This action is barred, in whole or in part, to the extent the doctrines of estoppel, laches, waiver, acquiescence, ratification, and/or the applicable statute of limitations apply.

22.     The action is barred, in whole or in part, because the *Affiliated Ute* presumption does not apply.

23.     Plaintiffs' cause of action under Section 20(a) of the Exchange Act is barred, in whole or in part, because Plaintiffs and the putative class cannot establish the primary liability necessary to assert a claim for control person liability.

*     *     *

Defendants reserve the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

87

WHEREFORE, Defendants, having fully answered Plaintiffs' SAC, respectfully request:

(1) that the SAC be dismissed with prejudice;

(2) that judgment be entered in Defendants' favor;

(3) that all costs of this action be taxed against Plaintiffs and awarded to Defendants; and

(4) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 18, 2025

**KING & SPALDING LLP**

<u>/s/ Craig Carpenito</u>
Craig Carpenito
Christopher E. Duffy (admitted *pro hac vice*)
Jackie Fugitt (admitted *pro hac vice*)
Thomas J. Scrivo
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
ccarpenito@kslaw.com
cduffy@kslaw.com
jfugitt@kslaw.com
tscrivo@kslaw.com

*Attorneys for Defendants Butterfly Network, Inc. f/k/a Longview Acquisition Corp., Todd M. Fruchterman, John Rodin, Larry Robbins, Mark Horowitz, Westley Moore, Derek Cribbs, and Randy Simpson*


**WALDEN MACHT HARAN & WILLIAMS LLP**

<u>/s/ Paula D. Johnson</u>
Ronald G. White (admitted *pro hac vice*)
Paula D. Johnson
Christopher J. Dioguardi (admitted *pro hac vice*)
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
rwhite@wmhwlaw.com
pjohnson@wmhwlaw.com
cdioguardi@wmhwlaw.com

*Attorneys for Defendant Stephanie Fielding*

89