**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON,<br><br>     Defendants. | Civ. No. 2:22-cv-00854-MEF-JBC |

**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. Any party to this action and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing containing: (a) trade secrets, competitively sensitive information, or other confidential business information; (b) private or confidential personal information, including personal data requiring protection under applicable foreign data privacy laws; (c) information exchanged in confidence with third parties; and/or (d) information that the producing party believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local

1

Civil Rule 5.3. Any party to this action or non-party covered by this Confidentiality Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential"). If a corresponding slipsheet with a "Confidential" legend is provided with a native file, the native file shall be treated as Confidential.

2.      Any party to this action and any non-party shall have the right to designate as "Outside Counsel Only" and subject to this Confidentiality Order any information, document, or thing, or portion of any document or thing that is confidential and reflects highly sensitive business or personal information (including, without limitation, technical information or analyses of a product or service, proprietary research and development, internal product specifications, highly sensitive financial information, data security information, personal health, medical, or social security information), disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this action or any non-party who is covered by this Confidentiality Order, who produces or discloses any Outside Counsel Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "OUTSIDE COUNSEL ONLY" or "OUTSIDE COUNSEL ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Outside Counsel Only"). If a corresponding slipsheet with a "Outside Counsel Only" legend is provided with a native file, the native file shall be treated as Outside Counsel Only.

3.      All Confidential and Outside Counsel Only material ("Protected Material") shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall

not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 4 and 5 with respect to Confidential material, or set forth in Paragraphs 6 and 7 with respect to Outside Counsel Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not reveal the content of such Protected Material except by prior written agreement of counsel for the parties, or by order of the Court.

4.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

(a)     Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties;

(b)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the non-disclosure agreement in the form attached hereto as Exhibit A;

(c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d)     The Court and court personnel;

(e)     Any deponent (and their counsel) in this action, provided that it appears that the witness (i) authored or received, in the ordinary course and not solely by virtue of this action or preparation therefor, a copy of the Confidential material, (ii) was involved in the subject matter described therein, (iii) is employed, or was employed, by the producing party, or (iv) if the producing party consents to such disclosure; in no event may the witness possess or retain the Confidential material;

(f)     Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their employees whose duties and responsibilities require access to such materials;

(g)     Mock jurors and focus group participants, except that in no event may mock jurors and focus group participants possess or retain the Confidential material;

(h)     Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action, as well as their employees whose duties and responsibilities require access to such materials;

(i)     Representatives of the parties' insurers for this action;

(j)     The parties. In the case of parties that are corporations or other entities, "party" shall mean officers, directors, and employees who are reasonably necessary to participate in decisions with reference to this action or to aid in the prosecution or defense of this action. Confidential material shall not be disclosed to putative class members other than representative Plaintiffs KNS Holdings LLC DBPP UA Jan. 1, 2016, Carl Metzger, and Dan Liu; and

(k)     To other such person as outside counsel for the designating party agrees, provided such person signs the non-disclosure agreement in the form attached hereto as Exhibit A, or as ordered by the Court.

5.     Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6.     Outside Counsel Only material and the contents of Outside Counsel Only material may be disclosed only to the following individuals under the following conditions:

a)     Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in the action);

b)     Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed the non-disclosure agreement in the form attached hereto as Exhibit A;

c)     Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d)     The Court and court personnel;

e)     Any deponent (and their counsel) in this action, provided that it appears that the witness (i) authored or received, in the ordinary course and not solely by virtue of this

action or preparation therefor, a copy of the Outside Counsel Only material or (ii) is employed, or was employed, by the producing party, or (iii) if the producing party consents to such disclosure; in no event may the witness possess or retain Outside Counsel Only material;

f)      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial, and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g)      Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this action, as well as their employees whose duties and responsibilities require access to such materials; and

h)      To such other person as outside counsel for the designating party agrees, provided such person signs the non-disclosure agreement in the form attached hereto as Exhibit A, or as ordered by the Court.

7.      Outside Counsel Only material shall be used only by individuals permitted access to it under Paragraph 6. Outside Counsel Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8.      The protections conferred by this Confidentiality Order cover not only the Protected Material produced in this action, but also any information copied or extracted from Protected Material.  For the avoidance of doubt, no receiving party shall submit a producing party's Protected Material into any open generative AI tool that is available to the public.

9.      Nothing contained in this Confidentiality Order shall preclude any producing party from use or disclosure of its own Protected Material, without prior consent of any party or the Court.

10.      With respect to any depositions that involve a disclosure of a party or non-party's Protected Material, such party or non-party shall designate the transcript as containing Confidential

5

material or Outside Counsel Only material, or both, during the deposition, or within five (5) days thereafter, and may have until thirty (30) days after receipt of the deposition transcript to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Outside Counsel Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4 (a), (b), (c), (d), (f), (h), and (j) for Confidential material, or Paragraph 6 (a), (b), (c), (d), (f), (g), and (h) for Outside Counsel Only material, and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4 (a), (b), (c), (d), (f), (h), and (j), or Paragraph 6 (a), (b), (c), (d), (f), (g), and (h) for Outside Counsel Only material, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential or Outside Counsel Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively. Documents marked as deposition exhibits that have been previously designated as Confidential or Outside Counsel Only under this Confidentiality Order do not need to be re-designated to maintain their confidentiality designation.

11.    A producing party may add or amend a confidentiality designation to any material at any time. A failure to designate material as Confidential or Outside Counsel Only in the first instance does not waive the producing party's right to secure Confidential or Outside Counsel Only protection under this Confidentiality Order for such material. Upon a producing party's adding or amending of a confidentiality designation as to previously produced material, all parties in receipt of such material must make all reasonable efforts to ensure that the material is treated in accordance

6

with the provisions of this Confidentiality Order. Any producing party that previously produced material without designating it as Confidential or Outside Counsel Only may request destruction of that undesignated material by notifying all receiving parties and providing replacement material that is properly designated. All receiving parties shall, upon receipt of such replacement material, destroy all copies of the previously produced and undesignated material.

12.    If a party receiving documents or information designated as Confidential or Outside Counsel Only under this Confidentiality Order objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or non-party, copying all counsel of record in this action, a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

(b)    Counsel for the designating party or non-party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential or Outside Counsel Only. Counsel for any other party or nonparty whose confidential information is implicated by the objection may also respond in writing to such objection within 14 days and state with particularity the party's grounds for asserting that the document or information is Confidential or Outside Counsel Only.

(c)    If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(d)    If a dispute as to a Confidential or Outside Counsel Only designation of a document or item of information cannot be resolved by agreement, the proponent(s) of the designation being challenged shall present the dispute to the Court by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

13.    Any document designated Confidential or Outside Counsel Only by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

14. A copy of this Confidentiality Order shall be served along with any subpoena or document request served on any non-party in connection with this action. A non-party producing documents in this action may also designate documents as Confidential or Outside Counsel Only material subject to the same protections, obligations, and constraints as the parties to the action. All documents produced by such non-parties, regardless of the presence or absence of any confidentiality designation shall be treated as Outside Counsel Only material for a period of twenty-one (21) days from the date of their receipt, during which period any party may designate such documents as Confidential or Outside Counsel Only pursuant to the terms of this Confidentiality Order. For the avoidance of doubt, non-parties producing documents in this action may avail themselves of all of the available relief and protections afforded by this Confidentiality Order to the parties, including the ability to seek relief from the Court.

15. If the need arises during trial or at any hearing before the Court for any party to disclose Protected Material, it may do so only after giving notice to the producing party (and designating party, if different) and as directed by the Court.

16. Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

17. The inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Protected Material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing

counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Outside Counsel Only within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential or Outside Counsel Only under this Confidentiality Order.

18.    The production of any information, document, or thing in this action shall not constitute a waiver of any attorney-client privilege or work-product protection (including any joint prosecution privilege or joint defense privilege) that may be asserted by the producing party either in this action or in any other federal or state proceeding. This Confidentiality Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

19.    If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Protected Material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not

disclose any Protected Material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

20.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential or Outside Counsel Only under this Confidentiality Order.

21.    This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

22.    Any party or non-party whose Protected Material is or may be improperly disclosed may apply to the Court for appropriate relief.

23.    This Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

24.    Upon final conclusion of this action, including the exhaustion of all appeals therefrom and all related proceedings, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Protected Material or to destroy all copies

of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Protected Material; provided, however, that counsel may retain complete copies of all court papers, correspondence, pleadings, deposition and trial transcripts, litigation files (including attorney work product and discovery material containing Protected Material), and court filings, including any exhibits attached thereto, for archival purposes, provided that such counsel maintain the confidentiality thereof in accordance with the provisions of this Confidentiality Order, and shall not disclose such materials to any person except pursuant to a court order, or agreement by the designating party, or as otherwise required by law. To the extent a party requests the return of Protected Material from the Court after the final conclusion of the action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

SO ORDERED.

Dated: 2/2/2026

JAMES B. CLARK, U.S.M.J.

Dated: January 30, 2026

**LEVI & KORSINSKY, LLP**

/s/ Eduard Korsinsky
Eduard Korsinsky
33 Whitehall Street
17th Floor
New York, NY 10004
Tel: (212) 992-4523
ek@zlk.com

Shannon L. Hopkins
(admitted pro hac vice)
Gregory M. Potrepka

**KING & SPALDING LLP**

/s/ Craig Carpenito
Craig Carpenito
Christopher E. Duffy (pro hac vice)
Jackie Fugitt (pro hac vice)
T.J. Scrivo
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
ccarpenito@kslaw.com
cduffy@kslaw.com
jfugitt@kslaw.com

11

(admitted *pro hac vice*)
David C. Jaynes
(admitted *pro hac vice*)
1111 Summer Street, Suite 403
Stamford, CT 06905
Tel: (203) 992-4523
shopkins@zlk.com
gpotrepka@zlk.com
djaynes@zlk.com

*Attorneys for Plaintiffs*

tscrivo@kslaw.com

*Attorneys for Defendants Butterfly Network, Inc. f/k/a Longview Acquisition Corp., Todd M. Fruchterman, Jonathan M. Rothberg, John Rodin, Larry Robbins, Mark Horowitz, Westley Moore, Derek Cribbs, Randy Simpson, Dawn Carfora, John Hammergren, Gianluca Pettiti, and S. Louise Phanstiel*

**WALDEN MACHT HARAN & WILLIAMS LLP**

*/s/ Paula D. Johnson*
Ronald G. White (*pro hac vice*)
Paula D. Johnson
Christopher J. Dioguardi (*pro hac vice*)
250 Vesey Street, 27th Floor
New York, NY 10281
Tel: (212) 335-2030
rwhite@wmhwlaw.com
pjohnson@wmhwlaw.com
cdioguardi@wmhwlaw.com

*Attorneys for Defendant Stephanie Fielding*

12

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CRAIG M. ROSE, Individually and on Behalf of All Others Similarly Situated, | ) ) ) Civ. No. 2:22-cv-00854-MEF-JBC |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| BUTTERFLY NETWORK, INC. F/K/A LONGVIEW ACQUISITION CORP., TODD M. FRUCHTERMAN, STEPHANIE FIELDING, JONATHAN M. ROTHBERG, JOHN RODIN, LARRY ROBBINS, MARK HOROWITZ, WESTLEY MOORE, DEREK CRIBBS, and RANDY SIMPSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I, _____, being duly sworn, state that:

1.    My address is _____.

2.    My present employer is _____ and the address of my present employment is _____.

3.    My present occupation or job description is _____.

4.    I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5.    I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Outside Counsel Only material or any words, summaries, abstracts, or indices of Confidential or Outside Counsel Only material disclosed to me.

6.    I will limit use of Confidential or Outside Counsel Only material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential or Outside Counsel Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated: _____          _____[Name]